# EXHIBIT 22

Atty. Dkt. No. 080618-2002

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| First Inventor Name: | Leigh Peterson |
| Title: | TREATMENT FOR INTERSTITIAL LUNG DISEASE |
| Appl. No.: | 17/233061 |
| Filing Date: | 4/16/2021 |
| Examiner: | WARD, PAUL V |
| Art Unit: | 1624 |
| Confirmation Number: | 8404 |

## AMENDMENT AND REPLY UNDER 37 CFR § 1.111

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Commissioner:

This paper replies to the outstanding non-final Office Action mailed March 6, 2023.

**Amendments to the Claims** are reflected in the listing of claims that begins on page 2.

**Remarks** begin on page 5.

**Amendments to the Claims:**

This listing of claims will replace all prior versions and listings of claims in the application:

**Listing of Claims:**

1. (Currently Amended) A method of <u>improving exercise capacity in a patient having</u> ~~treating a~~ pulmonary hypertension <u>associated with interstitial lung disease</u> ~~due to a condition which is selected from a chronic lung disease, hypoxia and a combination thereof~~, comprising administering by inhalation to <u>the patient having pulmonary hypertension associated with interstitial lung disease</u> ~~a subject having the pulmonary hypertension due to the condition selected from a chronic lung disease, hypoxia and a combination thereof~~ an effective amount of <u>at least 15 micrograms up to a maximum tolerated dose of</u> treprostinil or a pharmaceutically acceptable salt thereof in <u>a single administration event that comprises</u> ~~an amount of~~ at least 6 micrograms per breath.

2-7. (Canceled)

8. (Currently Amended) The method of claim 1, wherein said administering provides a statistically significant increase of a 6 minute~~s~~ walk distance in the <u>patient</u> ~~subject~~ after 8 weeks, 12 weeks<u>,</u> or 16 weeks of the administering.

9. (Currently Amended) The method of claim 1, wherein said administering increases a 6 minute~~s~~ walk distance <u>of the patient</u> by at least 10 m after 8 weeks, 12 weeks<u>,</u> or 16 weeks of the administering.

10. (Currently Amended) The method of claim 1, wherein said administering provides a statistically significant reduction of a plasma concentration of NT-proBNP in the <u>patient</u> ~~subject~~ after 8 weeks, 12 weeks<u>,</u> or 16 weeks of the administering.

11. (Currently Amended) The method of claim 1, wherein said administering reduces a plasma concentration of NT-proBNP in the <ins>patient</ins> <del>subject</del> by at least 200 pg/ml after 8 weeks, 12 weeks<ins>,</ins> or 16 weeks of the administering.

12. (Currently Amended) The method of claim 1, wherein said administering provides a statistically significant reduction of <del>a number of</del> at least one exacerbation<del>s</del> of the <ins>interstitial lung disease</ins> <del>chronic lung disease</del>.

13. (Currently Amended) The method of claim 1, wherein said administering provides a statistically significant reduction of clinical worsening events due to the <ins>interstitial lung disease</ins> <del>chronic lung disease</del>.

14. (Original) The method of claim 13, wherein the clinical worsening events comprise at least one of hospitalization for cardiopulmonary indication and a decrease in a 6-minute walk distance by more than 15% compared a baseline 6-minute walk distance prior to the administering.

15. (Currently Amended) The method of claim 1, wherein said administering provides a statistically significant improves of forced vital capacity (FVC) in the <ins>patient</ins> <del>subject</del> after 8 weeks, 12<ins>,</ins> weeks or 16 weeks of the administering.

16. (Currently Amended) The method of claim 15, wherein said administering improves the forced vital capacity (FVC) in the <ins>patient</ins> <del>subject</del> by at least 20 ml after 8 weeks, 12 weeks<ins>,</ins> or 16 weeks of the administering.

17. (Canceled)

18. (Previously Presented) The method of claim 1, wherein said administering is performed by a pulsed inhalation device.

19. (Original) The method of claim 18, wherein the pulsed inhalation device contains an inhalation solution comprising treprostinil or a pharmaceutically acceptable salt thereof.

20.     (Original) The method of claim 18, wherein the pulsed inhalation device is a nebulizer.

21.     (Original) The method of claim 18, wherein the pulsed inhalation device is a dry powder inhaler comprising a dry powder comprising treprostinil or a pharmaceutically acceptable salt thereof.

22.     (Currently Amended) The method of claim 1, wherein the effective amount of treprostinil or a pharmaceutically acceptable salt administered to the patient ~~subject~~ in a single inhalation administration event is from 15 µg to 100 µg.

23.     (Currently Amended) The method of claim 22, wherein the single inhalation administration event does not exceed 15 breaths by the patient ~~subject~~.

24.     (Currently Amended) The method of claim 1, wherein said administering ~~increase~~ increases a 6 minute~~s~~ walk distance of [[in]] the patient ~~subject~~ by at least 10 m after 8 weeks of the administering.

25.     (Currently Amended) The method of claim 1, wherein said administering ~~increase~~ increases a 6 minute~~s~~ walk distance of [[in]] the patient ~~subject~~ by at least 15 m after 12 weeks of the administering.

26.     (Currently Amended) The method of claim 1, wherein said administering ~~increase~~ increases a 6 minute~~s~~ walk distance of [[in]] the patient ~~subject~~ by at least 15 m after 16 weeks of the administering.

## REMARKS

Applicant respectfully requests reconsideration and allowance of the present application.

**Status of Claims**

Claims 1, 8-13, 15-16 and 22-26 are currently amended, without prejudice or disclaimer, to advance the prosecution and to present the claimed subject matter in a clearer manner. Claims 2-7 are canceled. Support for the amended claims may be found throughout the specification as filed, including for amended claim 1 on pages 10, 33-34, 40 and 52 as well in original, now-canceled claim 4. No new matter is added.

After the amendment, claims 1, 8-16, and 18-26 remain pending.

**Rejections Under 35 U.S.C. § 102**

The Office Action contains five anticipation rejections. Specifically, claims 1-16 and 18-26 stand rejected as allegedly anticipated by each of (i) Malinin (WO2015/138423), (ii) Zhang (WO2016/205202), (iii) Morgans (WO2012/009097), (iv) Wade (WO2008/098196), and (v) Bosc (WO2016/176399). Applicant respectfully traverses each of the five rejections.

(1) Malinin

Malinin does not teach or suggest elements of claim 1:

(i) "administering by inhalation to the patient having pulmonary hypertension associated with interstitial lung disease an effective amount of at least 15 micrograms up to a maximum tolerated dose of treprostinil or a pharmaceutically acceptable salt thereof"; and

(ii) "a single administration event that comprises at least 6 micrograms per breath".

Malinin teaches nothing regarding either treprostinil doses for inhalation or an amount of treprostinil administered per breath. Thus, Malinin is not an anticipatory reference because Malinin does not teach all the elements of amended claim 1. Accordingly, Applicant requests withdrawal of the rejection.

(2) Wang

Wang does not teach or suggest several elements of claim 1:

(i) "administering by inhalation to the patient having pulmonary hypertension associated with interstitial lung disease an effective amount of <u>at least 15 micrograms up to a maximum tolerated dose of</u> treprostinil or a pharmaceutically acceptable salt thereof";

(ii) "<u>a single administration event that comprises at least 6 micrograms per breath</u>"

(iii) "<u>improv[es] exercise capacity</u> in a patient having pulmonary hypertension associated with interstitial lung disease."

Wang teaches nothing regarding either treprostinil doses for inhalation or an amount of treprostinil administered per breath. Furthermore, Wang teaches nothing regarding improving exercise capacity in any patient. In sum, Wang is not an anticipatory reference because Wang does not teach all the elements of amended claim 1. Accordingly, Applicant requests withdrawal of the rejection.

(3) Morgans

Morgans does not teach or suggest elements of claim 1:

(i) "administering by <u>inhalation</u> … <u>treprostinil</u> or a pharmaceutically acceptable salt thereof";

(ii) "administering by inhalation to the patient having pulmonary hypertension associated with interstitial lung disease an effective amount of <u>at least 15 micrograms up to a maximum tolerated dose of</u> treprostinil or a pharmaceutically acceptable salt thereof";

(iii) "<u>a single administration event that comprises at least 6 micrograms per breath</u>"; and

(iv) "<u>improv[es] exercise capacity</u> in a patient having pulmonary hypertension <u>associated with interstitial lung disease</u>".

Morgans teaches nothing regarding administering treprostinil by inhalation. Applicant's computerized search revealed that Morgans mentions a word staring with "inhal" only once in paragraph [0147], when Morgans states that "the mitotic kinesin inhibitor is administered intrapulmonarily by inhalation." However, treprostinil is not the mitotic kinesin inhibitor administered in Morgans by inhalation, so this statement is not relevant to the instant claims.

Because Morgans teaches nothing regarding administering treprostinil by <u>inhalation</u>, Morgans teaches nothing about treprostinil doses for inhalation or an amount of treprostinil administered per breath. Furthermore, Morgans teaches nothing regarding improving exercise capacity in any patient.

In sum, Morgans is not an anticipatory reference because Morgans does not teach all the elements of amended claim 1. Accordingly, Applicant requests withdrawal of the rejection.

(4) <u>Wade</u>

Wade does not teach or suggest "<u>a single administration event that comprises at least 6 micrograms per breath</u>" as amended claim 1 recites. Accordingly, Applicant requests withdrawal of the rejection.

(5) <u>Bosc</u>

Bosc does not teach or suggest elements of claim 1:

(i) "administering by <u>inhalation</u> ... <u>treprostinil</u> or a pharmaceutically acceptable salt thereof";

(ii) "administering by inhalation to the patient having pulmonary hypertension associated with interstitial lung disease an effective amount of <u>at least 15 micrograms up to a maximum tolerated dose of</u> treprostinil or a pharmaceutically acceptable salt thereof";

(iii) "<u>a single administration event that comprises at least 6 micrograms per breath</u>"; and

(iv) "<u>improv[es] exercise capacity in a patient having pulmonary hypertension associated with interstitial lung disease</u>".

Bosc teaches nothing regarding administering treprostinil by <u>inhalation</u>. Bosc mentions treprostinil in paragraph [0009] as a second therapeutic to be used together with Bosc's retinoic acid receptor-related orphan nuclear receptor (ROR) inhibitor. However, Bosc does not teach or suggest that the second therapeutic, such as treprostinil, is administered by <u>inhalation</u>.

Because Bosc teaches nothing regarding administering treprostinil by <u>inhalation</u>, Bosc also teaches nothing about either treprostinil doses for inhalation or an amount of treprostinil administered per breath. Furthermore, Bosc teaches nothing regarding improving exercise capacity in any patient.

In sum, Bosc is not an anticipatory reference because Bosc does not teach all the elements of amended claim 1. Accordingly, Applicant requests withdrawal of the rejection.

### Deficiencies of the Office Action Regarding Dependent Claims

Although the Office rejected each of the dependent claims as anticipated by each of the cited references, the Office did not provide any explanation relating to how the cited references

teach the separate limitations of the dependent claims. If the Office intends to reject any of the dependent claims in the next Office Action, Applicant requests a reasoned explanation regarding how the prior art teaches or suggests specific elements of the dependent claims, so Applicant can adequately respond.

**Concluding Remarks**

Applicant believes that the application is in condition for allowance. Favorable reconsideration is respectfully requested. The Examiner is invited to contact the undersigned by telephone if it is felt that a telephone interview would advance prosecution.

The Commissioner is hereby authorized to charge any additional fees which may be required for this application to Deposit Account No. 19-0741. If any extensions of time are needed for timely acceptance of papers submitted herewith, applicant hereby petitions for such extensions under 37 CFR § 1.136 and authorizes payment of any such extension fees to Deposit Account No. 19-0741.

Respectfully submitted,

Date <u>May 10, 2023</u>  By <u>/Stephen B. Maebius/</u>

FOLEY & LARDNER LLP  Stephen B. Maebius
Customer Number: 166905  Attorney for Applicant
Telephone: (202) 672-5569  Registration No. 35,264
Facsimile: (202) 672-5399