IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) | C.A. No. 23-975 (RGA) |
| v. | ) ) | |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff United Therapeutics Corporation ("UTC") hereby moves the Court for an Order permitting it to file Plaintiff's Brief In Support of Its Motion for Preliminary Injunction and accompanying declarations and attachments thereto (collectively, "the Brief") under seal. Pursuant to D. Del. LR 7.1.1, counsel for UTC has conferred with counsel for Defendant Liquidia Technologies, Inc. ("Liquidia"), and Liquidia does not oppose this motion. The grounds for this motion are as follows:

1. The Brief contains non-public information regarding Liquidia's proposed YUTREPIA, a dry powder formulation of treprostinil that is subject to New Drug Application No. 213005 that the parties in good faith consider to be confidential, proprietary, or commercially sensitive information, the disclosure of which would cause substantial competitive harm. *See* Ex. A, Declaration of Shaun R. Snader in Support of Plaintiff's Motion to Seal ("Snader Decl.") at ¶ 6.

2. The Brief also contains non-public information regarding New Drug Application No. 022387 for UTC's treprostinil inhalation solution product TYVASO that the parties in good faith consider to be confidential, proprietary, or commercially sensitive information, the disclosure of which would cause substantial competitive harm. *See id.* at ¶¶ 3-5.

3. The Brief also contains non-public information related to UTC's business and marketing plans, financial analyses, and market forecasts that the parties in good faith consider to be confidential, proprietary, or commercially sensitive information, the disclosure of which would cause substantial competitive harm. *See id.*

4. There is not yet a protective order entered that would permit the filing of papers under seal.

5. Federal Rule of Civil Procedure 26(c)(1)(G) gives courts the authority to protect "trade secret or other confidential research, development, or commercial information." This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)); *see also In re Avandia*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted) ("The presumption of access is just that, and thus may be rebutted."). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure."). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing

disclosures of its non-public, confidential business and financial information. *See LEAP Sys.,* 638 F.3d at 222.

6. Here, good cause exists because the Brief contains details of, discussion of, and/or reference to Liquidia's proposed YUTREPIA, a dry powder formulation of treprostinil that is subject to New Drug Application No. 213005, as amended and New Drug Application No. 022387 for UTC's treprostinil inhalation solution product TYVASO. *See* Snader Decl. at ¶¶ 3, 6. The Brief also contains details of, discussion of, and/or reference to UTC's business and marketing plans, financial analyses, and market forecasts. *Id.* Disclosure of the type of information UTC seeks to seal would cause a clearly defined and serious injury to UTC or Liquidia because the information could be used by competitors to potentially compromise the parties' competitive standing. *Id.* at ¶¶ 4-5. Thus, these interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of the parties' confidential information.

7. The parties will endeavor to file a public version of the Brief that contains limited redactions of highly sensitive and confidential information that will allow the public to understand the reasoning behind the Court's resolution of the underlying motion.

WHEREFORE, UTC respectfully requests that the Court grant this motion and enter the attached [Proposed] Order.

|  |  |
|---|---|
| OF COUNSEL:<br><br>William C. Jackson<br>GOODWIN PROCTER LLP<br>1200 19th Street NW<br>Washington, DC  20036<br>(202) 346-4000<br><br>Douglas Carsten<br>MCDERMOTT WILL & EMERY LLP<br>18565 Jamboree Road, Suite 250<br>Irvine, CA  92615<br>(949) 851-0633<br><br>February 26, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Michael J. Flynn*<br><br>Jack B. Blumenfeld (#1014)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mflynn@morrisnichols.com<br><br>*Attorneys for Plaintiff*<br>*United Therapeutics Corporation* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff | ) ) C.A. No. 23-975 (RGA) |
| v. | ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

This ___ day of _____ 2024, the Court having considered Plaintiff's Motion to Seal, and the Court having determined good cause exists for the requested sealing, now therefore,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Seal is GRANTED; and

2. Plaintiff shall file redacted versions of the documents by no later than March 4, 2024.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 26, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Adam Pivovar, Esquire<br>Brittany Cazakoff, Esquire<br>Rachel Preston, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Kyung Taeck Minn, Esquire<br>Lauren Strosnick, Esquire<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)