IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, <br><br> Plaintiff <br><br> v. <br><br> LIQUIDIA TECHNOLOGIES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 23-975 (RGA) |

**PLAINTIFF/COUNTERCLAIM DEFENDANT UNITED THERAPEUTICS CORPORATION'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant United Therapeutics Corporation ("UTC" or "Plaintiff"), through counsel, hereby responds to the counterclaims contained in Defendant/Counterclaimant Liquidia Technologies, Inc.'s ("Liquidia" or "Defendant") Answer to First Amended Complaint and Counterclaims, dated January 8, 2024 (D.I. 12) ("Counterclaims").

Except as otherwise expressly set forth below, Plaintiff denies each and every allegation contained in the Counterclaims. The headings below track those used in the Counterclaims, and UTC reproduces Liquidia's allegations for convenience only, and neither the headings nor the reproduced allegations constitute any part of UTC's Answer or any admission by UTC as to the truth of the matters asserted. In connection with the foregoing, UTC responds to the Counterclaims as follows:

**PARTIES**

1. UTC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore responds as follows: Denied.

2. UTC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore responds as follows: Denied.

3. Denied.

4. UTC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore responds as follows: Denied.

5. UTC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore responds as follows: Denied.

6. Upon information and belief, and as alleged by Liquidia in its Counterclaims, UTC responds as follows: Admitted.

7. Admitted.

**JURISDICTION**

8. UTC incorporates by reference its responses to paragraphs 1–7 as if fully set forth herein.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, UTC does not contest subject matter jurisdiction for the limited purposes of this action only. Otherwise denied.

10. UTC admits that it has consented to personal jurisdiction for the limited purposes of this action only. Otherwise denied.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, UTC does not contest venue for the limited purposes of this action only. Otherwise denied.

**COUNT I – [VALIDITY] OF THE '327 PATENT**

12. UTC incorporates by reference the foregoing answers to paragraphs 1–11 as if fully set forth herein.

13. Admitted.

14. The documents cited Paragraph 14, including the Orange Book and UTC's Complaints against Liquidia, speak for themselves. UTC admits that Liquidia's Notice Letter

regarding U.S. Patent No. 11,826,327 (the "'327 patent") purported to include an Offer of Confidential access, but that Offer was unreasonably and unduly narrow. Paragraph 14 contains statements of opinion and legal conclusions to which no response is required. Otherwise denied.

15. Admitted.

16. Denied.

17. Denied.

18. The documents cited in Paragraph 18 speak for themselves. Otherwise denied.

19. The document cited in Paragraph 19 speaks for itself. Otherwise denied.

20. The document cited in Paragraph 20 speaks for itself. Otherwise denied.

21. Denied.

22. Denied.

23. Denied.

24. UTC admits that Liquidia's allegation requests a declaration by the Court but UTC denies that Liquidia is entitled to any such declaration. Otherwise denied.

## COUNT II – [INFRINGEMENT] OF THE '327 PATENT

25. UTC incorporates by reference the foregoing answers to paragraphs 1–24 as if fully set forth herein.

26. Denied.

27. The documents cited in Paragraph 27 speak for themselves. UTC is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore responds as follows: Denied.

28. Paragraph 28 contains opinion and legal conclusions to which no response is required. To the extent a response is required, the document cited in Paragraph 28 speaks for itself. Otherwise denied.

29. Denied.

30. Denied.

31. Denied.

32. UTC admits that Liquidia's allegation requests a declaration by the Court but UTC denies that Liquidia is entitled to any such declaration. Otherwise denied.

### COUNT III – [ENFORCEABILITY] OF THE '327 PATENT

33. UTC incorporates by reference the foregoing answers to paragraphs 1–32 as if fully set forth herein.

34. Admitted.

35. The document cited in Paragraph 35 speaks for itself. Otherwise denied.

36. Denied.

### Pulmonary Hypertension

37. UTC admits that pulmonary hypertension refers to high blood pressure in the blood vessels leading to the heart from the lungs, and that some literature describes five so-called WHO Groups of pulmonary hypertension. Otherwise denied.

38. UTC admits that interstitial lung disease (ILD) is a group of lung diseases with particular characteristics. Otherwise denied.

### The '327 Patent

39. The document cited in Paragraph 39 speaks for itself. Otherwise denied.

40. The document cited in Paragraph 40 speaks for itself. Otherwise denied.

41. The document cited in Paragraph 41 speaks for itself. Otherwise denied.

42. The document cited in Paragraph 42 speaks for itself. Otherwise denied.

43. The document cited in Paragraph 43 speaks for itself. Otherwise denied.

### Overview of the Prosecution History of the '327 Patent

44. The document cited in Paragraph 44 speaks for itself. Otherwise denied.

45. The document cited in Paragraph 45 speaks for itself. Otherwise denied.

46. The document cited in Paragraph 46 speaks for itself. UTC admits that Exhibit 16 bears a facsimile of the signature of Shaun Snader. Otherwise denied.

47. The document cited in Paragraph 47 speaks for itself. Otherwise denied.

48. The document cited in Paragraph 48 speaks for itself. Otherwise denied.

49. The document cited in Paragraph 49 speaks for itself. Otherwise denied.

50. Denied.

51. The document cited in Paragraph 51 speaks for itself. Otherwise denied.

52. The document cited in Paragraph 52 speaks for itself. Otherwise denied.

53. The document cited in Paragraph 53 speaks for itself. Otherwise denied.

54. The document cited in Paragraph 54 speaks for itself. Otherwise denied.

55. The document cited in Paragraph 55 speaks for itself. Otherwise denied.

56. The document cited in Paragraph 56 speaks for itself. Otherwise denied.

57. The documents cited in Paragraph 57 speak for themselves. Otherwise denied.

### The '793 Patent

58. Admitted.

59. The document cited in Paragraph 59 speaks for itself. Otherwise denied.

60. The document cited in Paragraph 60 speaks for itself. Otherwise denied.

61. The document cited in Paragraph 61 speaks for itself. Otherwise denied.

62. The document cited in Paragraph 62 speaks for itself. Otherwise denied.

63. The document cited in Paragraph 63 speaks for itself. Otherwise denied.

64. The document cited in Paragraph 64 speaks for itself. Otherwise denied.

65. The document cited in Paragraph 65 speaks for itself. Otherwise denied.

## The '793 Patent IPR

66. The documents cited in Paragraph 66 speak for themselves. Otherwise denied.

67. Admitted.

68. Admitted.

69. Paragraph 69 contains statements of opinion and legal conclusions to which no response is required. To the extent a response is required, the document quoted in Paragraph 69 speaks for itself. Otherwise denied.

70. The document quoted in Paragraph 70 speaks for itself. Otherwise denied.

71. The documents cited in Paragraph 71 speak for themselves. Otherwise denied.

72. Denied.

73. UTC admits that the PTAB issued a "Final Written Decision," dated July 19, 2022. UTC admits that as part of the prosecution of U.S. Patent Application No. 17/233,061 (the "'061 Application"), an "Amendment and Reply Under 37 CFR § 1.111" was submitted on May 10, 2023. Otherwise denied.

74. The document quoted in Paragraph 74 speaks for itself. UTC admits Messrs. Maebius and Snader have received a copy of the PTAB's FWD. Otherwise denied.

75. The document cited in Paragraph 75 speaks for itself. Otherwise denied.

76. The documents cited in Paragraph 76 speaks for themselves. Otherwise denied.

77. The document identified in Paragraph 77 speaks for itself. Otherwise denied.

78. The document identified in Paragraph 78 speaks for itself. Otherwise denied.

79. The document identified in Paragraph 79 speaks for itself. Otherwise denied.

80. UTC denies each and every allegation contained in Paragraph 80.

6

## The District Court Proceedings

81. UTC admits that it filed a complaint in the case captioned *United Therapeutics Corp. v. Liquidia Techs., Inc.*, C.A. No. 1:20-cv-00755-RGA (D. Del.) on June 4, 2020. Otherwise denied.

82. UTC admits that it filed an amended complaint in the case captioned *United Therapeutics Corp. v. Liquidia Techs, Inc.*, C.A. No. 1:20-cv-00755-RGA (D. Del.) on September 9, 2022. Otherwise denied.

83. The document identified in Paragraph 83 speaks for itself. Otherwise denied.

84. The document identified in Paragraph 84 speaks for itself. Otherwise denied.

85. The document identified in Paragraph 85 speaks for itself. Otherwise denied.

86. UTC admits that a bench trial was held from March 28, 2022 through March 31, 2022 ("District Court Trial") in the case captioned *United Therapeutics Corp. v. Liquidia Techs., Inc.*, C.A. No. 1:20-cv-00755-RGA (D. Del.). Shaun R. Snader was physically present for portions of the District Court Trial. Otherwise denied.

87. Paragraph 87 contains statements of opinion and legal conclusions to which no response is required. Further, the documents cited in Paragraph 87 speak for themselves. UTC admits that as part of an *inter partes* review for the '793 patent, a document entitled "Ex 2097 – Gonda Deposition (D. Del.)" was submitted by the Patent Owner. Otherwise denied.

88. UTC admits that in the case captioned *Liquidia Techs., Inc. v. United Therapeutics Corp.*, IPR2021-00406 (P.T.A.B.), UTC submitted documents entitled "Ex 2096 – Hill Deposition (D. Del.)," "Ex 2097 – Gonda Deposition (D. Del.)," and "Ex 2091 – Expert Report of Dr. Igor Gonda (D. Del.) (excerpts)". UTC admits that an oral hearing was held on May 13, 2022 ("'793 Patent IPR Hearing"). UTC admits that Stephen B. Maebius was physically present for portions of the '793 Patent IPR Hearing. Otherwise denied.

89. The documents identified in Paragraph 89 speak for themselves. Otherwise denied.

90. The documents identified in Paragraph 90 speak for themselves. Otherwise denied.

91. The documents quoted in Paragraph 91 speak for themselves. Otherwise denied.

92. Paragraph 92 contains statements of opinion and legal conclusions to which no response is required. Otherwise denied.

### The Parikh 2016 Article

93. The document identified in Paragraph 93 speaks for itself. Otherwise denied.

94. The document identified in Paragraph 94 speaks for itself. Otherwise denied.

95. UTC admits that the face of Exhibit 10 to Liquidia's Counterclaims includes United Therapeutics in the "disclosures" section. Otherwise denied.

96. UTC admits that the face of Exhibit 10 to Liquidia's Counterclaims includes United Therapeutics in the "disclosures" section. Otherwise denied.

97. Paragraph 97 contains statements of opinion and legal conclusions to which no response is required. Otherwise denied.

98. Liquidia failed to attach a copy of Shapiro 2021, and therefore UTC is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 98, and therefore responds as follows: Denied.

99. UTC admits that it provides authorization of certain UTC papers prior to submission for publication, which may include UTC's legal department and/or Shaun R. Snader. Otherwise denied.

100. The document cited in Paragraph 100 speaks for itself. Otherwise denied.

101. The document cited in Paragraph 101 speaks for itself. Otherwise denied.

102. The document cited in Paragraph 102 speaks for itself. Otherwise denied.

103. Denied.

### [No One Breached] a Duty of Candor to The Patent Office During Prosecution of the '327 Patent

104. Paragraph 104 contains statements of opinion and legal conclusions to which no response is required. To the extent a response is required, denied.

105. The documents identified in Paragraph 105 speak for themselves. The remaining allegations of Paragraph 105 contain statements of opinion and legal conclusions to which no response is required. Except as expressly admitted, to the extent a response is required, denied.

### The '793 Patent, UTC's Submissions During the '793 IPR, the District Court's '793 Patent Trial Opinion and the Federal Circuit's Affirmance Thereof and Parikh 2016 Are [Not] Material to the Patentability of the '327 Patent

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, denied.

107. The documents cited in Paragraph 107 speak for themselves. UTC further notes that the '793 patent is discussed in the specification of the '327 patent, cited on the face of the '327 patent, and was considered by the examiner. Otherwise denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied. Indeed, the Examiner was aware of Parikh 2016 and its teachings during prosecution of the '061 Application. *See* Ex. A, U.S. Patent & Trademark Office Supplemental Content for U.S. Patent Application No. 17/233,061 (identifying the document labeled, "20220823-17233061-txt.docx") (retrieved from "Search Results (1)" tab on https://patentcenter.uspto.gov/applications/17233061/supplementalContent?application=); Ex. B, Supplemental Search Results for U.S. Patent Application No. 17/233,061 (20220823-17233061-txt.docx). Moreover, the Examiner also considered Agarwal et al., "Inhaled Treprostinil in Group-3 Pulmonary Hypertension," J. Heart Lung Transplant., 2015 34 (Suppl S343) 959, abstract

("Agarwal 2015"); Bajwa et al. "The safety and tolerability of inhaled treprostinil in patients with pulmonary and chronic obstructive pulmonary disease," Pulmonary Circulation, 2017, 7(1):82-88 ("Bajwa 2017"); and Faria-Urbina et al., "Inhaled Treprostinil in Pulmonary Hypertension Associated with Lung Disease," Lung, 2018, 196:139-146 ("Faria-Urbina 2018"). *See* Ex. C, References Cited by Applicant and Considered by Examiner (IDS submitted May 12, 2021; signed by Examiner Feb. 27, 2023) at 4 (Examiner considering Agarwal 2015, Bajwa 2017, and Faria-Urbina 2018); Ex. G, Agarwal 2015; Ex. H, Bajwa 2017; Ex. I, Faria-Urbina 2018; *see also* Ex. D, July 7, 2023 Examiner Changes to References Cited by Applicant and Considered by Examiner (IDS submitted May 12, 2021; signed by Examiner Feb. 27, 2023); Ex. E, References Cited by Applicant and Considered by Examiner (IDS submitted Sept. 21, 2021; signed by Examiner Feb. 27, 2023); Ex. F, References Cited by Applicant and Considered by Examiner (IDS submitted Feb. 16, 2022; signed by Examiner Feb. 27, 2023).

### [No One Deceived the USPTO]

112. Denied.

113. The document cited in Paragraph 113 speaks for itself. Otherwise denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

### The Claims of the '327 Patent are [Enforceable]

118. Paragraph 118 contains legal conclusions to which no response is required. Further, the document cited in Paragraph 118 speaks for itself. Otherwise denied.

119. The '327 patent speaks for itself. Otherwise denied.

120. Denied.

10

121. Denied.

122. Denied.

123. Denied.

124. UTC admits that Liquidia's allegation requests a declaration by the Court but UTC denies that Liquidia is entitled to any such declaration. Otherwise denied.

## [LIQUIDIA'S] PRAYER FOR RELIEF

UTC denies that Liquidia is entitled to any relief from UTC, including the relief Liquidia seeks in its Prayer for Relief, Paragraphs A-I. Liquidia's Prayer for Relief should be denied in its entirety and with prejudice, and Liquidia should be awarded nothing. UTC further denies each and every allegation in Liquidia's Prayer for Relief.

## PRAYER FOR RELIEF ON LIQUIDIA'S COUNTERCLAIMS

**WHEREFORE**, UTC denies that Liquidia is entitled to the judgment and relief requested in the Counterclaims, and respectfully requests that this Court enter judgment in UTC's favor and against Liquidia on the Counterclaims set forth above and respectfully request that this Court:

1. dismiss Liquidia's Counterclaims with prejudice;

2. deny any of the relief that Liquidia seeks in its Counterclaims;

3. grant UTC the relief requested in its First Amended Complaint;

4. declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4)(D), and award UTC costs, expenses, and disbursements in this action, including reasonable attorneys' fees under applicable statutes, including, but not limited to, 35 U.S.C. § 285; and

5. award UTC such further and additional relief as this Court may deem just and proper.

11

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Michael J. Flynn* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Michael J. Flynn (#5333) |
| William C. Jackson | 1201 North Market Street |
| Eric Levi | P.O. Box 1347 |
| GOODWIN PROCTER LLP | Wilmington, DE 19899 |
| 1200 19th Street NW | (302) 658-9200 |
| Washington, DC 20036 | jblumenfeld@morrisnichols.com |
| (202) 346-4000 | mflynn@morrisnichols.com |
| | |
| Huiya Wu | *Attorneys for Plaintiff* |
| GOODWIN PROCTER LLP | *United Therapeutics Corporation* |
| 620 Eighth Avenue | |
| New York, NY 10018 | |
| (212) 813-8800 | |
| | |
| Douglas Carsten | |
| Art Dykhuis | |
| MCDERMOTT WILL & EMERY LLP | |
| 18565 Jamboree Road, Suite 250 | |
| Irvine, CA 92615 | |
| (949) 851-0633 | |
| | |
| Adam W. Burrowbridge | |
| MCDERMOTT WILL & EMERY LLP | |
| The McDermott Building | |
| 500 North Capitol Street | |
| Washington, DC 20001 | |
| (202) 756-8797 | |

February 28, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 28, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Adam Pivovar, Esquire<br>Brittany Cazakoff, Esquire<br>Rachel Preston, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Kyung Taeck Minn, Esquire<br>Lauren Strosnick, Esquire<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)