IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 23-975 (RGA) |
| v. | ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | |

## SCHEDULING ORDER

This  15th  day of March 2024, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **14 days** of the date of this Order.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **April 4, 2024.**

3. Discovery.

    a. Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **November 13, 2024**.

    b. Document Production. Document production shall be substantially complete by **August 12, 2024**.

    c.  <u>Requests for Admission</u>.  A maximum of 25 requests for admission are permitted for each side, excluding requests solely for the purpose of authentication.

    d.  <u>Interrogatories</u>.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    e.  <u>Depositions</u>.

      i.  <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of 85 hours of taking testimony by deposition upon oral examination.  This limitation does not include depositions of expert witnesses.

      ii.  <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition.  A party should include with its letter a proposed order with a detailed issue-by-issue

ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order.  Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    g.    <u>Miscellaneous Discovery Matters</u>.

        i.    <u>Disclosures under the Delaware Default Standard for Discovery</u>:

1. The parties shall serve their disclosures pursuant to Paragraph 3 within **21 days** of the entry of this Order.
2. Plaintiff shall serve its disclosures pursuant to Paragraph 4(a) by **March 21, 2024**.
3. Defendant shall produce its core technical documents pursuant to Paragraph 4(b) by **April 8, 2024**.
4. Plaintiff shall serve its disclosure of asserted claims and initial infringement contentions pursuant to Paragraph 4(c) by **May 2, 2024**.
5. Defendant shall serve its initial invalidity contentions and produce all prior art references pursuant to Paragraph 4(d) by **June 3, 2024.**

        ii.    There is no pending or completed litigation regarding the patent currently asserted in this litigation, U.S. Patent No. 11,826,327.  At this time, Plaintiff has no

expectation of instituting additional litigation in this district against Defendant within the next year. Defendant does not expect to file an IPR challenging the claims of the asserted '327 patent.

           iii.      <u>Narrowing of Asserted Claims and Invalidity References and Final Contentions</u>.

    1. Within 7 days of the Court's Claim Construction decision the parties shall meet and confer in a good faith attempt at reducing the number of asserted claims and invalidity references. Within 3 days thereafter, Plaintiff shall serve its amended disclosure of asserted claims and Defendant shall serve its amended disclosure of prior references.

    2. Within 7 days of the meet and confer in the preceding paragraph, Plaintiff shall serve its final infringement contentions and Defendant shall serve its final invalidity contentions.

           iv.      Plaintiff avers that it has not licensed the asserted '327 patent nor is the '327 patent subject to any settlement agreement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

    4.     <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **ten days** from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

4

<blockquote>

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

</blockquote>

5.  Papers Filed Under Seal. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.  Claim Construction Issue Identification. On or before **May 9, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s)[1]. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 23, 2024**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

---

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

5

7. <u>Claim Construction Briefing</u>[2]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **June 13, 2024**. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **July 18, 2024**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **August 15, 2024**. Defendant shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **August 22, 2024**. No later than **August 29, 2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A. [TERM 1][3]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiff's Reply Position
        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff's Opening Position

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

6

    2. Defendant's Answering Position
    3. Plaintiff's Reply Position
    4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    8.    <u>Hearing on Claim Construction</u>. Beginning at <u>9:00</u> a.m. on **September 30, 2024**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

    9.    <u>Disclosure of Expert Testimony</u>.

        a.    <u>Expert Reports</u>.[4] For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **December 13, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 16, 2025**. Reply expert reports from the party with the initial burden of proof are due on or before **February 14, 2025**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure

---

[4] In the event that the Court does not enter its Claim Construction Order at least two weeks before the date for Opening Expert Reports, the parties agree to meet and confer on revising the schedule for expert discovery and the deadlines that follow.

or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **March 7, 2025**.

      b.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **March 28, 2025**. Oppositions shall be filed no later than **April 17, 2025** and replies shall be filed no later than **May 1, 2025**, unless otherwise ordered by the Court.

10.    <u>Case Dispositive Motions</u>. No case dispositive motions shall be filed without leave of Court.

11.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.    <u>Pretrial Conference</u>. On **June** 13, **2025**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at <u>9:00</u> a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

8

13.     *Motions in Limine*.  No later than **May 2, 2025**, the parties shall meet and confer regarding proposed motions *in limine* and the briefing schedule for the motions.  Motions *in limine* shall be separately filed no later than the date on which the Pretrial Order is due, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14.     Trial.  This matter is scheduled for a three (3) day bench trial beginning at 8:30 a.m. on **June 23, 2025**, with the subsequent trial days beginning at 8:30 a.m. and ending at 5:00. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15.     Discovery Referral.  This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.

/s/ Richard G. Andrews
_____
UNITED STATES DISTRICT JUDGE