IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) | C.A. No. 23-975 (RGA) |
| v. | ) ) | |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS Plaintiff, United Therapeutics Corporation ("UTC"), and Defendant,

Liquidia Technologies, Inc. ("Liquidia") (collectively "the Parties"), believe that certain

information that is or will be encompassed by discovery demands by the Parties may involve the

production of trade secrets or other confidential research, development, or proprietary business

information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and

protected health information subject to state or federal privacy laws (e.g., the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA")) or other applicable personal information

protection laws;

WHEREAS such confidential information must be protected in order to preserve the

legitimate business interests of the Parties;

WHEREAS the parties, through counsel, have stipulated to the entry of this Protective

Order for the purpose of advancing the progress of this action and to prevent unnecessary

dissemination or disclosure of their respective confidential information; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of

this Protective Order pursuant to Rule 26(c) and, with respect to any individually identifiable or

otherwise protected health information subject to HIPAA, a HIPAA "qualified protective order"

in accordance with 45 C.F.R. §164.512(e)(1)(ii)(B) & (v) that authorizes the Parties to produce

responsive health information in discovery subject to the limitations set forth herein, to safeguard

against improper disclosure or use of confidential information produced in this action;

It is hereby ORDERED that the following provisions shall govern the conduct of further

proceedings in this action:

Definitions

1.      The term "Protected Information" shall include all information that the

designating party believes constitutes, discloses or relates to confidential and proprietary

business information, processes, operations, research, technical or developmental information,

testing, and studies relating to drug products, competitively sensitive financial and strategic

information, any approved or unapproved (whether pending or not yet filed) NDA, 505(b)(2)

application, or ANDA that purports to cover a Treprostinil product ("Treprostinil Application"),

including, but not limited to, NDA No. 213005 or NDA No. 022387, and any amendments

thereto, any correspondence with the Food and Drug Administration ("FDA") regarding any

Treprostinil Application, production, marketing, sales, shipments, or other proprietary data or

information of commercial value, including, but not limited to, trade secrets. The information

contained therein and all copies, abstracts, excerpts, analyses or other writings that contain,

reflect, reveal, suggest or otherwise disclose such Protected Information shall also be deemed

Protected Information. Each party shall act in good faith in designating Protected Information as

either Confidential or Highly Confidential in accordance with the provisions set forth below:

a)      The designation of Protected Information as "Confidential" by the

producing party constitutes its reasonable, good faith representation that the material constitutes

or discloses sensitive and confidential financial, business, marketing, customer, regulatory (other

2

than those included in paragraph 1(b)), or other confidential information or know-how within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Identification of types of documents in this paragraph shall not be an admission by either party that such documents are relevant or admissible in this Proceeding.

   b)  The designation of Protected Information material as "Highly Confidential" by the producing party constitutes its reasonable, good faith representation that the material constitutes or discloses highly sensitive, confidential information the disclosure of which could reasonably place the producing party at a competitive disadvantage. Examples of categories of such Highly Confidential information include, but are not limited to, documents and things relating to, constituting or reflecting the research and development (including the discovery and development of a party's product(s), product formulation, manufacturing, trials, testing, and related materials) of any product, non-public patent applications, and projected future sales, pricing, customer/vendor agreements, revenue, cost, or profit information for its products. Identification of types of documents in this paragraph shall not be an admission by either party that such documents are relevant or admissible in this Proceeding.

   <u>Designation and Treatment of Confidential and Highly Confidential Information</u>

   2.  Any party or third party may designate as Confidential or Highly Confidential, all or any part of any discovery or other materials produced or served in this proceeding, or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to requests for admission, which contain sensitive proprietary, business, financial, technical, or other confidential information or know-how protectable under Federal Rule of Civil Procedure 26(c)(l)(G). A party or third party shall designate a document or thing as Confidential or Highly Confidential by marking it

prominently on its face with the legend "CONFIDENTIAL," "CONFIDENTIAL — SUBJECT

TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL —

SUBJECT TO PROTECTIVE ORDER," as appropriate, when it is produced to the party seeking

discovery. Anything that cannot be so marked on its face shall be marked by placing the

appropriate legend on a container or package in which the thing is produced or on a tag attached

thereto. If an entire multi-page document is to be treated as Confidential or Highly Confidential,

each page of such document should be marked.

3.     Nothing contained in this Order shall preclude any party from using its own

Confidential or Highly Confidential information in any manner it sees fit, without prior consent

of any party or the Court. Nothing in this Order shall restrict any party's counsel from rendering

advice to its clients with respect to this action and, in the course thereof, relying upon

information designated as Confidential or Highly Confidential, provided that in rendering such

advice counsel shall not disclose any other party's Confidential or Highly Confidential

information other than in a manner provided for in this Order.

4.     Any document or other tangible thing labeled Confidential or Highly Confidential

and the information that it contains or reveals shall be treated in accordance with the provisions

of this Protective Order. Any Protected Information not reduced to documentary or physical form

or that cannot be conveniently labeled shall be so designated by a party by serving a written

notification on the receiving party.

5.     Any individually identifiable or otherwise protected health information that is

subject to limitations on its use or disclosure pursuant to federal or state health privacy laws

(e.g., HIPAA) or by contract and is disclosed in discovery by a party to this Action shall not be

used or disclosed in open court unless in accordance with a further order of the Court, such as an

order of the Court sealing the courtroom. Furthermore, such individually identifiable or otherwise protected health information obtained via discovery shall not be used or disclosed for any purpose other than the litigation of the Action; and the producing party further agrees it is required to return to the disclosing entity, or destroy, such information (including all copies made) at the conclusion of the litigation. Subject to these limitations and those otherwise set forth herein, the Court AUTHORIZES and ORDERS the parties to use or disclose individually identifiable or otherwise protected health information in response to any and all requests for records, information, materials, or other requests to which no objection has been timely made in this Action. The Court will enter further orders as necessary to control the conduct of hearings and trial as it relates to the use of such Protected Material. In compliance with both HIPAA regulations and any applicable state law not preempted by HIPAA, this authorization and order expressly includes protected health information concerning psychological and mental health records, disability status, substance abuse and treatment history, and other specially protected records (e.g., sexually transmitted diseases, HIV).

6.      When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing information designated as Highly Confidential. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

7.      Only the deponent and Highly Confidential Qualified Persons and Confidential Qualified Persons, as defined in paragraphs 11 and 12 (collectively "Qualified Persons"), shall

be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent, consistent with the category of the Protective Information.

8.      A party may designate a deposition transcript or any portion of a deposition transcript as Confidential or Highly Confidential Information at the time the deposition is conducted or within ten (10) days thereafter. If a party has not designated a deposition transcript or portion thereof as Confidential or Highly Confidential at the deposition, then the parties will treat the entire transcript as Highly Confidential for ten (10) days following the deposition. The parties agree that if any pages of the deposition contain a Confidential or Highly Confidential designation, the first page of the deposition transcript will be so marked, but the designation will only apply to those specific portions of the deposition that the party designates as Confidential or Highly Confidential. Any disputes concerning a party's objections to the designation of deposition testimony as Confidential or Highly Confidential will be handled as set forth in Paragraph 24 herein.

9.      If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed Protected Information, that party shall advise in advance the party or parties seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a Confidential or Highly Confidential basis and that the material discovered shall be treated accordingly. Nothing contained in this Protective Order shall be deemed a waiver of any requirements for showing of good cause under the Court rules or of any right of the Producing Party to seek an order from the Court regarding further conditions for any inspection of its premises.

10.     All correspondence, legal memoranda, motion papers, pleadings, and other written materials that quote or refer to the substance of any Protected Information shall also be treated as Confidential or Highly Confidential in accordance with the provisions of this Protective Order and shall be marked in accordance with paragraph 2 of this Protective Order.

<u>Access to Confidential and Highly Confidential Information</u>

11.     Any party may only disclose information and materials designated as Highly Confidential by another party to the following "Highly Confidential Qualified Persons":

a.     Outside Counsel, defined as the individual attorneys and staff from the law firms of Goodwin Procter LLP; McDermott Will & Emery LLP; Morris, Nichols, Arsht & Tunnell LLP; Cooley LLP; and Shaw Keller LLP, who have worked or are working on this proceeding, and contract attorneys employed or retained by such law firms for the purpose of this litigation, provided that such Outside Counsel:

(i)     are not engaged in the drafting or prosecution of patent applications or patents concerning treprostinil, however such counsel may be consulted with regard to advice concerning prior art or other issues not related to claim scope. Nothing in this paragraph precludes Outside Counsel from participating in other litigations or adversarial administrative proceedings, including *inter partes* reviews and post grant reviews, involving treprostinil; and

(ii)     agree not to be engaged in the drafting or prosecution of patent applications or patents concerning treprostinil for one (1) year after the non-appealable termination of this action, however such counsel may be consulted with regard to advice concerning prior art or other issues not related to claim scope. Nothing in this paragraph

precludes Outside Counsel from participating in other litigations or adversarial administrative proceedings, including *inter partes* reviews and post grant reviews, involving treprostinil;

b.      Independent litigation support service personnel including copy or document processing vendors, litigation or jury consultants, outside exhibit or demonstrative preparation companies, or litigation study groups retained by a party for litigation support in connection with this action, provided that such persons or entities agree to maintain the confidentiality of Confidential or Highly Confidential information, and provided that such personnel are not engaged in the research, development, manufacture, marketing, or sale of treprostinil pharmaceutical products;

c.      Independent consultants or experts assisting Outside Counsel, provided that such consultants or experts are not current employees of any of the parties in the litigation, and before such access is given, such consultants or experts each agree to comply with the requirements of this Stipulated Protective Order, and sign a copy of Exhibit A to this Stipulated Protective Order;

d.      The Court and any members of its staff to whom it is necessary to disclose Confidential or Highly Confidential information for the purpose of assisting the Court in this action, as well as court reporters or typists for the sole purpose of recording, or transcribing testimony, documents, or information relating to this action;

e.      Independent interpreters and translators for the sole purpose of recording, transcribing, or translating testimony or documents relating to this action;

f.      Any other person who is designated as a Highly Confidential Qualified Person permitted to have access to Highly Confidential information by order of the Court or by written agreement of the parties;

g.      Inside Counsel designated in paragraph 12(b) shall be permitted to have access to motion papers, pleadings and served expert reports that contain(s) Highly Confidential Information for the purpose of assisting Outside Counsel in this Action, including attachments and exhibits to such motion papers, pleadings and served expert reports that have been designated Highly Confidential.

12.     A party may only disclose information designated as Confidential by another party to the following Confidential Qualified Persons:

a)      any individual falling within the scope of paragraph 11(a) through 11(f), above;

b)      two in-house counsel for the receiving party, listed below, who meet each of the following qualifications: (i) are responsible for monitoring and/or supervising this action, (ii) do not engage formally or informally, or directly or indirectly, the preparation or prosecution of patent applications or patents concerning treprostinil (excluding participation in post grant review, *inter partes* review before the United States Patent and Trademark Office or any corresponding foreign patent authority);  and will not during the duration of the litigation (including any appeals) and for one (1) year after a judgment is entered in this action or a settlement, not including a judgment, is executed, and (iii) does not contribute in any way to any business decision making (except to the extent that involvement in litigation or advice about litigation can be said to relate to business decision making) concerning the formulation, manufacture, administration, or use of treprostinil:

- for UTC: _____[1]

---

[1] UTC will identify the relevant in-house counsel(s) to Liquidia at a later date.

- for Liquidia: _____ [2]

Nothing herein shall preclude in-house counsel from purely legal decision-making responsibilities relating to products containing treprostinil, including without limitation: (i) having responsibilities for negotiating or executing an agreement settling litigation, including responsibilities related to any financial terms of such an agreement and responsibilities relating to advising about launch dates; (ii) providing advice as to whether a particular product design is legally permissible, including whether a particular product design would infringe intellectual property rights (for example, a "freedom to operate" opinion); (iii) providing legal advice regarding product launch; or (iv) attend meetings and receiving or reading documents that address business decisions concerning the formulation, manufacture, administration, or use of treprostinil.

c)      any other person who is designated as a Confidential Qualified Person permitted to have access to Confidential Information by order of the Court or by written agreement of the parties.

<u>Use of Protected Information Designated as Confidential and Highly Confidential Information</u>

13.      Protected Information designated as Confidential and Highly Confidential will be used solely for the purpose of prosecuting or defending this action, including trial and any appeals therefrom. Nothing herein shall be interpreted as precluding either party from: (a) seeking to amend the pleadings in this action to assert any other claims including any claim for the infringement of any other patent; or (b) bringing post-grant proceedings, including *Inter Partes* Review proceedings, or any other litigation or proceedings for patent infringement or otherwise.

---

[2] Liquidia will identify the relevant in-house counsel(s) to UTC at a later date.

14.    Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Confidential or Highly Confidential information if such information:

a)    was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

b)    was or becomes available to the public through no fault of a receiving party;

c)    was or is obtained from a source not under an obligation of secrecy to the designating party; or

d)    is exempted from the operation of this Protective Order by written consent of the designating party.

15.    If any person disputes or challenges the designation of any information as Confidential or Highly Confidential, such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the designating party.

Disclosure of Protected Information Designated as Confidential or Highly Confidential

16.    Protected Information shall not be made available to anyone other than either a Qualified Person authorized to be given access to such information or the party who produced such Protected Information, except as otherwise provided in this Protective Order or as agreed by the designating party.

17.    A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

18.     Protected Information may be disclosed to a witness testifying under oath if, at the time of such testimony, the witness is an officer, director, or employee of the party who produced such Protected Information.

19.     Protected Information may be disclosed to a witness testifying under oath if (a) the witness was formerly an officer, director, or employee of the party who produced such Protected Information; and (b) the Protected Information was in existence during the period of his or her service or employment.

20.     Nothing in this Protective Order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

21.     Counsel for a party desiring to disclose Protected Information of the other party or of a nonparty to an individual pursuant to subparagraph 11(c), 11(f), 12(b) and 12(c) shall first obtain a signed declaration in the form shown in attached Exhibit A from that individual. For any individual gaining access to Protected Information pursuant to subparagraph 11(c), 11(f), or 12(c), at least ten (10) business days in advance of the proposed disclosure of any Protected Information designated Confidential or Highly Confidential, to that person, counsel shall serve that person's signed declaration and curriculum vitae or resume by facsimile or electronic mail on every other party. A party may object for cause to the proposed disclosure by serving a written objection on every other party within ten (10) business days after receiving the copy of the signed declaration. Failure to timely object shall operate as a waiver of the objection. If an objection is made, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have seven (7) business days from the date of the written objection or, in the event particular Protected Information is

requested subsequent to the designation of the expert or consultant, seven (7) business days from

service of the request to move the Court for an order denying the disputed person access to

Protected Information. The objecting party shall have the burden of demonstrating that

disclosure to the disputed person would expose the objecting party to the risk of serious harm.

Upon the timely filing of such a motion, no disclosure of Protected Information shall be made to

the disputed person unless and until the Court enters an order preserving the designation.

22.     If a party intends to reveal Protected Information of another party during a trial,

court appearance, or hearing which is open to the public, the party intending to reveal such

Protected Information shall provide reasonable notice and opportunity to object, unless consent

from the designating party is previously obtained.

Inadvertent Failure to Designate

23.     The inadvertent failure by a producing party to designate specific documents or

materials as containing Protected Information shall not be deemed a waiver in whole or in part of

a claim of confidentiality as to such documents or materials. Upon notice to the receiving party

of such failure to designate, the receiving party shall cooperate to restore the confidentiality of

the inadvertently undesignated information. No showing of error, inadvertence, or excusable

neglect shall be required for redesignation.

Inadvertent Production of Privileged or Protected Documents

24.     The inadvertent production of documents or materials subject to the attorney-

client privilege or work-product immunity (collectively "Privileged" material) shall not

constitute a waiver of privilege or immunity. Pursuant to Fed. R. Evid. 502(b) and Fed. R. Civ.

P. 26(5)(B), after receiving notice from the producing party that Privileged documents or

materials have been inadvertently produced, the receiving party must within five (5) return, or

13

destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may approach the Court under seal to obtain a ruling regarding whether the material is properly subject to the attorney-client privilege or work-product immunity. The producing party must preserve the information until the claim is resolved. In any subsequent motion to compel production of the inadvertently produced document, the receiving party shall not rely upon in any manner or assert as a ground for ordering production the fact, circumstances, or contents of the inadvertent production.

25. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product immunity, or other privilege designation, or from presenting the information to the Court under seal for a determination of the privilege claim through a written challenge to the Court. The receiving party must preserve the confidentiality of the document or information until the claim is resolved.

## Challenges to Protected Information Designation

26. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any time with a Protected Information designation made by another party, the parties shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from the Court, and the designating party shall have the burden of proving that its Protected Information designation is proper.

<u>Filing of Protected Information</u>

27.     If any party files with the Court any document that contains information having been designated pursuant to this Order as Confidential or Highly Confidential, whether or not such information is so designated on the document to be filed, the party filing such a document shall move to seal the information in accordance with D. Del. LR 5.1.3 (or any other applicable Rule) and the procedures of this Court. Such Confidential or Highly Confidential material shall not become part of the public record, but shall be part of the record considered by the Court on the issue or issues to which it may be relevant. The burden of establishing the criteria for sealing materials contained in D. Del. LR 5.1.3 (or any other applicable Rule) in conjunction with any filing made in accordance with this paragraph remains with the party having designated information as Confidential or Highly Confidential, whether or not the same party is filing the Protected Information.

28.     If a party intends to reveal Protected Information of another party during a trial, court appearance, or hearing which is open to the public, the party intending to reveal such Protected Information shall provide reasonable notice and an opportunity to object, unless consent from the designating party is obtained.

<u>Advice to Clients</u>

29.     Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, relying upon his or her examination of Protected Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

<u>Discoverability of Expert Materials</u>

30.     Discovery of communications between counsel and any independent testifying or non-testifying expert or consultant retained or specially employed by that counsel shall be limited to factual information, analyses, documents, and data relied on by the expert in rendering the opinions expressed in an expert report or at trial. Except as otherwise provided herein, all other communications between counsel and the testifying or non-testifying expert or consultant relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers, notes, and communications relating thereto, shall be deemed exempt from discovery and use at trial.

<u>Third-Party Requests</u>

31.     If any third party requests the production of any Protected Information, including but not limited to a request by subpoena, the receiving party in possession of such Protected Information must:

- notify the producing party within 7 days of receiving the request; and

- take all lawful steps necessary to assert (or permit the Producing Party to assert) all applicable protections, including but not limited to:

- permit the Producing Party a reasonable opportunity to intervene and be heard, and

- cooperate with the Producing Party in all reasonable efforts to protect the asserted rights, privileges, and immunities if the producing party cannot be heard.

<u>Miscellaneous</u>

32.     <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

33.     Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

34.     Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order.

35.     Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Protected Information.

36.     The designation of information as Confidential or Highly Confidential made pursuant to this Protective Order shall not be construed as a concession by any party that such information is relevant or material to any issues or is otherwise discoverable.

37.     Notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party to challenge the proprietary of discovery on grounds of privilege, relevance, materiality, etc., and nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility at trial of any evidentiary material.

38.     In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, along with the corresponding

obligations on the new party to maintain the confidentiality of the Protected Information, subject to the right of the new party to seek relief from or modification of this Protective Order.

39.     Nonparties who produce information in this action may avail themselves of the provisions of this Protective Order.

40.     Within ninety (90) days after the termination of this action (including any appeals), each document and each other tangible thing that contains or reveals Protected Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information shall be (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Notwithstanding the foregoing, outside counsel for a receiving party may retain Protected Information contained in outside counsel's work product, correspondence between outside counsel, depositions, discovery responses or in copies of pleadings and materials filed with the Court.

41.     The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this action (including any appeals).

42.     This Protective Order may be amended as need may arise by written agreement of the parties, subject to court approval.


The foregoing Protective Order is agreed to and accepted as to both form and substance.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Michael J. Flynn
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff*

March 15, 2024

SHAW KELLER LLP

/s/ Karen E. Keller
_____
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
Emily S. DiBenedetto (#6779)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

*Attorneys for Defendant*

**SO ORDERED** this _____ day of March, 2024.

_____
United States District Court Judge

19

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) | C.A. No. 23-975 (RGA) |
| v. | ) ) | |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

### DECLARATION AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1.  My address is _____.

2.  My present employer is _____ and the address of my present employer is _____.

3.  My present occupation or job description is _____.

4.  I have received a copy of the Stipulated Protective Order in this action, which order was entered on _____.

5.  I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6.  I will comply with all of the provisions of the Stipulated Protective Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Protected Information that is supplied to me.

8.  I will return or destroy each document and each other tangible thing that discloses or reveals any Protected Information to the attorney who provided such document or other tangible

1

thing to me. Moreover, I will destroy or deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information to the attorney who provided such Protected Information to me.

9.   I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

10. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.


Date: _____


Signature: _____