IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 23-975-RGA-SRF |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S NOTICE OF SUBPOENAS TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS DIRECTED TO KISHAN PARIKH**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Defendant Liquidia Technologies, Inc. will issue and serve a copy

of the attached subpoenas upon Kishan Parikh.


OF COUNSEL:
Sanya Sukduang
Phillip E. Morton
Jonathan Davies
Adam Pivovar
Rachel Preston
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 842-7800

Lauren Strosnick
Kyung Taeck Minn
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated: July 17, 2024

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Defendant*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| United Therapeutics Corporation, | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Liquidia Technologies, Inc., | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.  1:23-cv-00975-RGA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Kishan Parikh
9211 Duncanshire Ct, Raleigh, NC 27613

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A.

| Place: Veritext, LLC<br>811 Ninth Street, Suite 260<br>Durham, NC 27705 | Date and Time:<br><br>08/05/2024 9:00 am |
|---|---|

❒ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/17/2024

CLERK OF COURT

OR

_____          /s/  Sanya Sukduang
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Liquidia Technologies, Inc. _____, who issues or requests this subpoena, are:
Sanya Sukduang, Cooley LLP, 1299 Pennsylvania Ave. NW, Suite 700, Washington DC 20004
Tel: (202) 776-2982  -  ssukduang@cooley.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:23-cv-00975-RGA

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| United Therapeutics Corporation, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:23-cv-00975-RGA |
| Liquidia Technologies, Inc., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                 Kishan Parikh
                        9211 Duncanshire Ct, Raleigh, NC 27613
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Exhibit B.

| Place:  Veritext, LLC | Date and Time: |
|---|---|
| 811 Ninth Street, Suite 260 | |
| Durham, NC 27705 | 08/12/2024 9:00 am |

The deposition will be recorded by this method:    videographic, stenographic and audiovisual means

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/17/2024

                        *CLERK OF COURT*

                                                        OR

_____                    /s/  Sanya Sukduang
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Liquidia Technologies, Inc. _____ , who issues or requests this subpoena, are:
Sanya Sukduang, Cooley LLP, 1299 Pennsylvania Ave. NW, Suite 700, Washington DC 20004
Tel: (202) 776-2982  -  ssukduang@cooley.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:23-cv-00975-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____  .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____  ; or

❏  I returned the subpoena unexecuted because: _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____             _____
                                         *Server's signature*

                                    _____
                                         *Printed name and title*

                                    _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.      The term "You" and "Yours" refers to the person to whom this subpoena is issued.

B.      The terms "UTC" and "Plaintiff" refer to United Therapeutics Corporation, as well as all agents, servants, employees, representatives (including attorneys), and other persons or entities directly or indirectly subject to Plaintiff's control and any predecessor, partner, affiliate, or subsidiary organization.

C.      The terms "Defendant" or "Liquidia" refer to Defendant Liquidia Technologies, Inc.

D.      The terms "Third Party" or "Third Parties" means any entity other than Plaintiffs or Liquidia.

E.      The term "Present Action" refers to the above-captioned case pending in the United States District Court for the District of Delaware, styled *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Civil Action No. 23-975-RGA.

F.      The term "Asserted Patent" refers to U.S. Patent No. 11,826,327 (the "'327 patent").

G.      The term "PH-ILD" refers to pulmonary hypertension associated with interstitial lung disease.

H.      The term "Prior Art," for the purposes of these Requests, means all things, patents, patent applications, patent publications, publications, journal articles, abstracts,

presentations, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103.

   I.  The term "Priority Date" means March 12, 2021.

   J.  The term "Person(s)" means any natural person in any capacity and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, businesses, joint ventures, corporations, trusts and estates, governmental units, and all divisions, departments, and other such units.

   K.  The term "Document" as used herein should be construed as having the broadest possible meaning under the Federal Rules of Civil Procedure and shall encompass by way of illustration but not limitation: storage media; notes; correspondence; Communications of any nature; email Communications; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips; reports; test and/or analysis reports and notebooks; laboratory notebooks; investigations; publications; invoices; specifications; shipping papers; purchase orders; shop drawings; charts; plans; drawings; photographs; artist's drawings; sketches; blueprints; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; forecasts; reports of patent, trademark, service mark, trade name, or copyright searches; patent, trademark, service mark, trade name, or copyright appraisals; reports and/or summaries of negotiations; court papers; brochures; pamphlets; advertisements; advertising layouts; circulars; trade letters; press releases; drafts and revisions of, and translations of, any Document; and any and all other medium, including electronically stored information, from which information can be obtained whether claimed to be privileged or otherwise excluded from discovery.

L. The term "Thing" as used herein should be given its broadest possible construction under the Federal Rules of Civil Procedure.

M. The term "Communication" refers to any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including, but not limited to, conversations; correspondence; emails; facsimile transmissions; telecopies; recordings in any medium or oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

N. The term "Date" means the exact day, month, and year if ascertainable, or, if not, the best approximation thereto.

O. The term "each" means each and every.

## <u>INSTRUCTIONS</u>

The following instructions supplement those contained in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, both of which are incorporated herein by reference.

1. These Document Requests relate not only to Documents in Your possession and/or custody, but also to Documents over which You have control by agreement, prior conduct, in fact, or otherwise.

2. If no Documents are responsive to any Request herein, state in Your response that no responsive Documents exist.

3. If You object to any portion of any Request herein, produce the Document(s) and Thing(s) relating to any portion of that Request to which You have no objection

and identify which Document(s) and Thing(s) are being withheld and the reason for such refusal to produce. *See* Fed. R. Civ. P. 26(b)(5).

        4.      In the event that You assert either attorney-client privilege or work product doctrine, or both, as to any Document or Thing being requested herein, then as to each such Document and Thing subject to such assertion, You are requested to serve with Your response to these requests a written list containing an identification of the Document or Thing, which shall include:

      a.   the nature of the Document;

      b.   the sender;

      c.   the author(s);

      d.   the recipient(s);

      e.   the recipient of each copy;

      f.   the date;

      g.   the names appearing on any circulation list associated with such document;

      h.   a summary statement of the subject matter of such Document in sufficient detail to permit the Court to make a determination in the event of such a motion under Rule 37 of the Federal Rules of Civil Procedure; and

      i.   an indication of the basis for assertion of privilege or the like.

        5.      If, in answering any Request, You encounter any ambiguity concerning either the Request or the Definition or Instruction relevant to the inquiry contained within the

Request, set forth the matter deemed ambiguous and the construction selected for use in answering the Request.

6.      In the event You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response, as well as the factual basis for Your contention that the Request is overbroad.

7.      If a Document or Thing requested was, but is no longer, in Your possession, custody, or control, state whether the Document or Thing: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has been otherwise disposed. For each such instance, explain the circumstances surrounding such disposition, the date or approximate date of such disposition, and the names and last names and residence, and business address of those persons with knowledge of such circumstances.

8.      Produce each draft or each responsive Document, as well as each copy of any responsive Document bearing, on any sheet or side thereof, any marks, such as initials, stamped indicia, comment, notations, or characters that are not a part of the original Document or photographic reproduction thereof.

9.      Produce any keys, codes, explanations, manuals, or other Documents necessary for the interpretation or understanding of the Documents produced in response to these Requests.

10.     You are obligated to respond to these Requests to the full extent required by the Federal Rules of Civil Procedure. If You cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, answer to the best of

Your ability and specify the portion of each Request that cannot be responded to fully and completely. State what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely; and state what knowledge, information, or belief You have concerning the unanswered portion of any such Request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Prior Art, dated or created before Mar. 12, 2021 concerning administration of treprostinil to subjects with PH-ILD.  For clarity, this includes, without limitation, publications, journal articles, abstracts, presentations, PowerPoint presentations, slide decks, or other documents or things presented or communicated to a Third Party.

**REQUEST NO. 2:**

Documents sufficient to show administration of inhaled treprostinil, including Tyvaso®, to subjects before Mar. 12, 2021.  For clarity, the Request does not seek individual patient records or documents with personally identifiable information of patients.

**REQUEST NO. 3:**

Documents concerning improvements in forced vital capacity in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021.  For clarity, the Request does not seek individual patient records or documents with personally identifiable information of patients.

**REQUEST NO. 4:**

Documents concerning reductions of exacerbations in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021.  For clarity, the Request does not seek individual patient records or documents with personally identifiable information of patients.

**REQUEST NO. 5:**

Documents concerning reductions of clinical worsening in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021.  For clarity, the Request does not seek individual patient records or documents with personally identifiable information of patients.

**REQUEST NO. 6:**

Documents concerning measurements of N-terminal pro b-type natriuretic peptide (NT-proBNP) in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021. For clarity, the Request does not seek individual patient records or documents with personally identifiable information of patients.

**REQUEST NO. 7:**

Documents concerning pulsed inhalation devices used to administer inhaled therapies for PH-ILD patients before Mar. 12, 2021.  For clarity, the Request does not seek individual patient records or documents with personally identifiable information of patients.

**REQUEST NO. 8:**

All Communications with UTC referring or relating to the publication K. Parikh., et al., Safety and Tolerability of High-dose Inhaled Treprostinil in Pulmonary Hypertension, J. CARDIOVASC PHARMACOL. 67(4); 322–25 (2016).

# EXHIBIT B

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.      The term "You" and "Yours" refers to the person to whom this subpoena is issued.

B.      The terms "UTC" and "Plaintiff" refer to United Therapeutics Corporation, as well as all agents, servants, employees, representatives (including attorneys), and other persons or entities directly or indirectly subject to Plaintiff's control and any predecessor, partner, affiliate, or subsidiary organization.

C.      The terms "Defendant" or "Liquidia" refer to Defendant Liquidia Technologies, Inc.

D.      The terms "Third Party" or "Third Parties" means any entity other than Plaintiffs or Liquidia.

E.      The term "Present Action" refers to the above-captioned case pending in the United States District Court for the District of Delaware, styled *United Therapeutics Corporation v. Liquidia Technologies, Inc.*, Civil Action No. 23-975-RGA.

F.      The term "Asserted Patent" refers to U.S. Patent No. 11,826,327 (the "'327 patent").

G.      The term "PH-ILD" refers to pulmonary hypertension associated with interstitial lung disease.

H.      The term "Prior Art," for the purposes of these Requests, means all things, patents, patent applications, patent publications, publications, journal articles, abstracts,

presentations, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103.

      I.        The term "Priority Date" means March 12, 2021.

      J.       The term "Person(s)" means any natural person in any capacity and all entities of every description including, but not limited to, associations, organizations, companies, partnerships, businesses, joint ventures, corporations, trusts and estates, governmental units, and all divisions, departments, and other such units.

      K.     The term "Thing" as used herein should be given its broadest possible construction under the Federal Rules of Civil Procedure.

      L.     The term "Communication" refers to any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including, but not limited to, conversations; correspondence; emails; facsimile transmissions; telecopies; recordings in any medium or oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

      M.     The term "Date" means the exact day, month, and year if ascertainable, or, if not, the best approximation thereto.

      N.     The term "each" means each and every.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

Prior Art, dated or created before Mar. 12, 2021 concerning administration of treprostinil to subjects with PH-ILD.  For clarity, this Topic includes, without limitation, publications, journal articles, abstracts, presentations, PowerPoint presentations, slide decks, or other documents or things presented or communicated to a Third Party.

**TOPIC NO. 2:**

The administration of inhaled treprostinil, including Tyvaso®, to subjects before Mar. 12, 2021.  For clarity, this Topic does not seek information on individual patient records or personally identifiable information of patients.

**TOPIC NO. 3:**

Improvements in forced vital capacity in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021.  For clarity, this Topic does not seek information on individual patient records or personally identifiable information of patients.

**TOPIC NO. 4:**

Reductions of exacerbations in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021.  For clarity, this Topic does not seek information on individual patient records or personally identifiable information of patients.

**TOPIC NO. 5:**

Reductions of clinical worsening in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021.  For clarity, this Topic does not seek information on individual patient records or personally identifiable information of patients.

**TOPIC NO. 6:**

Measurements of N-terminal pro b-type natriuretic peptide (NT-proBNP) in subjects with PH-ILD following administration of treprostinil before Mar. 12, 2021.  For clarity, this Topic does not seek information on individual patient records or personally identifiable information of patients.

**TOPIC NO. 7:**

Pulsed inhalation devices used to administer inhaled therapies for PH-ILD patients before Mar. 12, 2021.  For clarity, this Topic does not seek information on individual patient records or personally identifiable information of patients.

**TOPIC NO. 8:**

All Communications with UTC referring or relating to the publication K. Parikh., et al., Safety and Tolerability of High-dose Inhaled Treprostinil in Pulmonary Hypertension, J. CARDIOVASC PHARMACOL. 67(4); 322–25 (2016).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, ) ) ) | |
| Plaintiff ) | |
| ) | C.A. No. 23-975 (RGA) |
| v. ) | |
| ) | |
| LIQUIDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS Plaintiff, United Therapeutics Corporation ("UTC"), and Defendant,

Liquidia Technologies, Inc. ("Liquidia") (collectively "the Parties"), believe that certain

information that is or will be encompassed by discovery demands by the Parties may involve the

production of trade secrets or other confidential research, development, or proprietary business

information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and

protected health information subject to state or federal privacy laws (e.g., the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA")) or other applicable personal information

protection laws;

WHEREAS such confidential information must be protected in order to preserve the

legitimate business interests of the Parties;

WHEREAS the parties, through counsel, have stipulated to the entry of this Protective

Order for the purpose of advancing the progress of this action and to prevent unnecessary

dissemination or disclosure of their respective confidential information; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of

this Protective Order pursuant to Rule 26(c) and, with respect to any individually identifiable or

otherwise protected health information subject to HIPAA, a HIPAA "qualified protective order"

in accordance with 45 C.F.R. §164.512(e)(1)(ii)(B) & (v) that authorizes the Parties to produce

responsive health information in discovery subject to the limitations set forth herein, to safeguard

against improper disclosure or use of confidential information produced in this action;

It is hereby ORDERED that the following provisions shall govern the conduct of further

proceedings in this action:

<u>Definitions</u>

1.      The term "Protected Information" shall include all information that the

designating party believes constitutes, discloses or relates to confidential and proprietary

business information, processes, operations, research, technical or developmental information,

testing, and studies relating to drug products, competitively sensitive financial and strategic

information, any approved or unapproved (whether pending or not yet filed) NDA, 505(b)(2)

application, or ANDA that purports to cover a Treprostinil product ("Treprostinil Application"),

including, but not limited to, NDA No. 213005 or NDA No. 022387, and any amendments

thereto, any correspondence with the Food and Drug Administration ("FDA") regarding any

Treprostinil Application, production, marketing, sales, shipments, or other proprietary data or

information of commercial value, including, but not limited to, trade secrets. The information

contained therein and all copies, abstracts, excerpts, analyses or other writings that contain,

reflect, reveal, suggest or otherwise disclose such Protected Information shall also be deemed

Protected Information. Each party shall act in good faith in designating Protected Information as

either Confidential or Highly Confidential in accordance with the provisions set forth below:

a)      The designation of Protected Information as "Confidential" by the

producing party constitutes its reasonable, good faith representation that the material constitutes

or discloses sensitive and confidential financial, business, marketing, customer, regulatory (other

than those included in paragraph 1(b)), or other confidential information or know-how within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). Identification of types of documents in this paragraph shall not be an admission by either party that such documents are relevant or admissible in this Proceeding.

b)      The designation of Protected Information material as "Highly Confidential" by the producing party constitutes its reasonable, good faith representation that the material constitutes or discloses highly sensitive, confidential information the disclosure of which could reasonably place the producing party at a competitive disadvantage. Examples of categories of such Highly Confidential information include, but are not limited to, documents and things relating to, constituting or reflecting the research and development (including the discovery and development of a party's product(s), product formulation, manufacturing, trials, testing, and related materials) of any product, non-public patent applications, and projected future sales, pricing, customer/vendor agreements, revenue, cost, or profit information for its products. Identification of types of documents in this paragraph shall not be an admission by either party that such documents are relevant or admissible in this Proceeding.

<u>Designation and Treatment of Confidential and Highly Confidential Information</u>

2.      Any party or third party may designate as Confidential or Highly Confidential, all or any part of any discovery or other materials produced or served in this proceeding, or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to requests for admission, which contain sensitive proprietary, business, financial, technical, or other confidential information or know-how protectable under Federal Rule of Civil Procedure 26(c)(l)(G). A party or third party shall designate a document or thing as Confidential or Highly Confidential by marking it

prominently on its face with the legend "CONFIDENTIAL," "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," as appropriate, when it is produced to the party seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. If an entire multi-page document is to be treated as Confidential or Highly Confidential, each page of such document should be marked.

3.     Nothing contained in this Order shall preclude any party from using its own Confidential or Highly Confidential information in any manner it sees fit, without prior consent of any party or the Court. Nothing in this Order shall restrict any party's counsel from rendering advice to its clients with respect to this action and, in the course thereof, relying upon information designated as Confidential or Highly Confidential, provided that in rendering such advice counsel shall not disclose any other party's Confidential or Highly Confidential information other than in a manner provided for in this Order.

4.     Any document or other tangible thing labeled Confidential or Highly Confidential and the information that it contains or reveals shall be treated in accordance with the provisions of this Protective Order. Any Protected Information not reduced to documentary or physical form or that cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party.

5.     Any individually identifiable or otherwise protected health information that is subject to limitations on its use or disclosure pursuant to federal or state health privacy laws (e.g., HIPAA) or by contract and is disclosed in discovery by a party to this Action shall not be used or disclosed in open court unless in accordance with a further order of the Court, such as an

order of the Court sealing the courtroom. Furthermore, such individually identifiable or otherwise protected health information obtained via discovery shall not be used or disclosed for any purpose other than the litigation of the Action; and the producing party further agrees it is required to return to the disclosing entity, or destroy, such information (including all copies made) at the conclusion of the litigation. Subject to these limitations and those otherwise set forth herein, the Court AUTHORIZES and ORDERS the parties to use or disclose individually identifiable or otherwise protected health information in response to any and all requests for records, information, materials, or other requests to which no objection has been timely made in this Action. The Court will enter further orders as necessary to control the conduct of hearings and trial as it relates to the use of such Protected Material. In compliance with both HIPAA regulations and any applicable state law not preempted by HIPAA, this authorization and order expressly includes protected health information concerning psychological and mental health records, disability status, substance abuse and treatment history, and other specially protected records (e.g., sexually transmitted diseases, HIV).

6.      When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing information designated as Highly Confidential. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

7.      Only the deponent and Highly Confidential Qualified Persons and Confidential Qualified Persons, as defined in paragraphs 11 and 12 (collectively "Qualified Persons"), shall

be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent, consistent with the category of the Protective Information.

8.     A party may designate a deposition transcript or any portion of a deposition transcript as Confidential or Highly Confidential Information at the time the deposition is conducted or within ten (10) days thereafter. If a party has not designated a deposition transcript or portion thereof as Confidential or Highly Confidential at the deposition, then the parties will treat the entire transcript as Highly Confidential for ten (10) days following the deposition. The parties agree that if any pages of the deposition contain a Confidential or Highly Confidential designation, the first page of the deposition transcript will be so marked, but the designation will only apply to those specific portions of the deposition that the party designates as Confidential or Highly Confidential. Any disputes concerning a party's objections to the designation of deposition testimony as Confidential or Highly Confidential will be handled as set forth in Paragraph 24 herein.

9.     If a party believes that inspection, measuring, testing, sampling, or photographing of that party's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed Protected Information, that party shall advise in advance the party or parties seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a Confidential or Highly Confidential basis and that the material discovered shall be treated accordingly. Nothing contained in this Protective Order shall be deemed a waiver of any requirements for showing of good cause under the Court rules or of any right of the Producing Party to seek an order from the Court regarding further conditions for any inspection of its premises.

10.     All correspondence, legal memoranda, motion papers, pleadings, and other written materials that quote or refer to the substance of any Protected Information shall also be treated as Confidential or Highly Confidential in accordance with the provisions of this Protective Order and shall be marked in accordance with paragraph 2 of this Protective Order.

<u>Access to Confidential and Highly Confidential Information</u>

11.     Any party may only disclose information and materials designated as Highly Confidential by another party to the following "Highly Confidential Qualified Persons":

a.      Outside Counsel, defined as the individual attorneys and staff from the law firms of Goodwin Procter LLP; McDermott Will & Emery LLP; Morris, Nichols, Arsht & Tunnell LLP; Cooley LLP; and Shaw Keller LLP, who have worked or are working on this proceeding, and contract attorneys employed or retained by such law firms for the purpose of this litigation, provided that such Outside Counsel:

(i)     are not engaged in the drafting or prosecution of patent applications or patents concerning treprostinil, however such counsel may be consulted with regard to advice concerning prior art or other issues not related to claim scope. Nothing in this paragraph precludes Outside Counsel from participating in other litigations or adversarial administrative proceedings, including *inter partes* reviews and post grant reviews, involving treprostinil; and

(ii)    agree not to be engaged in the drafting or prosecution of patent applications or patents concerning treprostinil for one (1) year after the non-appealable termination of this action, however such counsel may be consulted with regard to advice concerning prior art or other issues not related to claim scope. Nothing in this paragraph

7

precludes Outside Counsel from participating in other litigations or adversarial administrative proceedings, including *inter partes* reviews and post grant reviews, involving treprostinil;

        b.     Independent litigation support service personnel including copy or document processing vendors, litigation or jury consultants, outside exhibit or demonstrative preparation companies, or litigation study groups retained by a party for litigation support in connection with this action, provided that such persons or entities agree to maintain the confidentiality of Confidential or Highly Confidential information, and provided that such personnel are not engaged in the research, development, manufacture, marketing, or sale of treprostinil pharmaceutical products;

        c.     Independent consultants or experts assisting Outside Counsel, provided that such consultants or experts are not current employees of any of the parties in the litigation, and before such access is given, such consultants or experts each agree to comply with the requirements of this Stipulated Protective Order, and sign a copy of Exhibit A to this Stipulated Protective Order;

        d.     The Court and any members of its staff to whom it is necessary to disclose Confidential or Highly Confidential information for the purpose of assisting the Court in this action, as well as court reporters or typists for the sole purpose of recording, or transcribing testimony, documents, or information relating to this action;

        e.     Independent interpreters and translators for the sole purpose of recording, transcribing, or translating testimony or documents relating to this action;

        f.     Any other person who is designated as a Highly Confidential Qualified Person permitted to have access to Highly Confidential information by order of the Court or by written agreement of the parties;

g.      Inside Counsel designated in paragraph 12(b) shall be permitted to have access to motion papers, pleadings and served expert reports that contain(s) Highly Confidential Information for the purpose of assisting Outside Counsel in this Action, including attachments and exhibits to such motion papers, pleadings and served expert reports that have been designated Highly Confidential.

12.      A party may only disclose information designated as Confidential by another party to the following Confidential Qualified Persons:

a)      any individual falling within the scope of paragraph 11(a) through 11(f), above;

b)      two in-house counsel for the receiving party, listed below, who meet each of the following qualifications: (i) are responsible for monitoring and/or supervising this action, (ii) do not engage formally or informally, or directly or indirectly, the preparation or prosecution of patent applications or patents concerning treprostinil (excluding participation in post grant review, *inter partes* review before the United States Patent and Trademark Office or any corresponding foreign patent authority);  and will not during the duration of the litigation (including any appeals) and for one (1) year after a judgment is entered in this action or a settlement, not including a judgment, is executed, and (iii) does not contribute in any way to any business decision making (except to the extent that involvement in litigation or advice about litigation can be said to relate to business decision making) concerning the formulation, manufacture, administration, or use of treprostinil:

- for UTC: _____[1]

---

[1] UTC will identify the relevant in-house counsel(s) to Liquidia at a later date.

- for Liquidia: _____ [2]

Nothing herein shall preclude in-house counsel from purely legal decision-making responsibilities relating to products containing treprostinil, including without limitation: (i) having responsibilities for negotiating or executing an agreement settling litigation, including responsibilities related to any financial terms of such an agreement and responsibilities relating to advising about launch dates; (ii) providing advice as to whether a particular product design is legally permissible, including whether a particular product design would infringe intellectual property rights (for example, a "freedom to operate" opinion); (iii) providing legal advice regarding product launch; or (iv) attend meetings and receiving or reading documents that address business decisions concerning the formulation, manufacture, administration, or use of treprostinil.

c)      any other person who is designated as a Confidential Qualified Person permitted to have access to Confidential Information by order of the Court or by written agreement of the parties.

Use of Protected Information Designated as Confidential and Highly Confidential Information

13.      Protected Information designated as Confidential and Highly Confidential will be used solely for the purpose of prosecuting or defending this action, including trial and any appeals therefrom. Nothing herein shall be interpreted as precluding either party from: (a) seeking to amend the pleadings in this action to assert any other claims including any claim for the infringement of any other patent; or (b) bringing post-grant proceedings, including *Inter Partes* Review proceedings, or any other litigation or proceedings for patent infringement or otherwise.

_____

[2] Liquidia will identify the relevant in-house counsel(s) to UTC at a later date.

14.   Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Confidential or Highly Confidential information if such information:

a)   was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

b)   was or becomes available to the public through no fault of a receiving party;

c)   was or is obtained from a source not under an obligation of secrecy to the designating party; or

d)   is exempted from the operation of this Protective Order by written consent of the designating party.

15.   If any person disputes or challenges the designation of any information as Confidential or Highly Confidential, such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the designating party.

Disclosure of Protected Information Designated as Confidential or Highly Confidential

16.   Protected Information shall not be made available to anyone other than either a Qualified Person authorized to be given access to such information or the party who produced such Protected Information, except as otherwise provided in this Protective Order or as agreed by the designating party.

17.   A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

18.     Protected Information may be disclosed to a witness testifying under oath if, at the time of such testimony, the witness is an officer, director, or employee of the party who produced such Protected Information.

19.     Protected Information may be disclosed to a witness testifying under oath if (a) the witness was formerly an officer, director, or employee of the party who produced such Protected Information; and (b) the Protected Information was in existence during the period of his or her service or employment.

20.     Nothing in this Protective Order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

21.     Counsel for a party desiring to disclose Protected Information of the other party or of a nonparty to an individual pursuant to subparagraph 11(c), 11(f), 12(b) and 12(c) shall first obtain a signed declaration in the form shown in attached Exhibit A from that individual. For any individual gaining access to Protected Information pursuant to subparagraph 11(c), 11(f), or 12(c), at least ten (10) business days in advance of the proposed disclosure of any Protected Information designated Confidential or Highly Confidential, to that person, counsel shall serve that person's signed declaration and curriculum vitae or resume by facsimile or electronic mail on every other party. A party may object for cause to the proposed disclosure by serving a written objection on every other party within ten (10) business days after receiving the copy of the signed declaration. Failure to timely object shall operate as a waiver of the objection. If an objection is made, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have seven (7) business days from the date of the written objection or, in the event particular Protected Information is

12

requested subsequent to the designation of the expert or consultant, seven (7) business days from service of the request to move the Court for an order denying the disputed person access to Protected Information. The objecting party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Protected Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

22.     If a party intends to reveal Protected Information of another party during a trial, court appearance, or hearing which is open to the public, the party intending to reveal such Protected Information shall provide reasonable notice and opportunity to object, unless consent from the designating party is previously obtained.

Inadvertent Failure to Designate

23.     The inadvertent failure by a producing party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently undesignated information. No showing of error, inadvertence, or excusable neglect shall be required for redesignation.

Inadvertent Production of Privileged or Protected Documents

24.     The inadvertent production of documents or materials subject to the attorney-client privilege or work-product immunity (collectively "Privileged" material) shall not constitute a waiver of privilege or immunity. Pursuant to Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(5)(B), after receiving notice from the producing party that Privileged documents or materials have been inadvertently produced, the receiving party must within five (5) return, or

destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may approach the Court under seal to obtain a ruling regarding whether the material is properly subject to the attorney-client privilege or work-product immunity. The producing party must preserve the information until the claim is resolved. In any subsequent motion to compel production of the inadvertently produced document, the receiving party shall not rely upon in any manner or assert as a ground for ordering production the fact, circumstances, or contents of the inadvertent production.

25.     Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product immunity, or other privilege designation, or from presenting the information to the Court under seal for a determination of the privilege claim through a written challenge to the Court.  The receiving party must preserve the confidentiality of the document or information until the claim is resolved.

<u>Challenges to Protected Information Designation</u>

26.     A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any time with a Protected Information designation made by another party, the parties shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from the Court, and the designating party shall have the burden of proving that its Protected Information designation is proper.

### Filing of Protected Information

27.     If any party files with the Court any document that contains information having been designated pursuant to this Order as Confidential or Highly Confidential, whether or not such information is so designated on the document to be filed, the party filing such a document shall move to seal the information in accordance with D. Del. LR 5.1.3 (or any other applicable Rule) and the procedures of this Court. Such Confidential or Highly Confidential material shall not become part of the public record, but shall be part of the record considered by the Court on the issue or issues to which it may be relevant. The burden of establishing the criteria for sealing materials contained in D. Del. LR 5.1.3 (or any other applicable Rule) in conjunction with any filing made in accordance with this paragraph remains with the party having designated information as Confidential or Highly Confidential, whether or not the same party is filing the Protected Information.

28.     If a party intends to reveal Protected Information of another party during a trial, court appearance, or hearing which is open to the public, the party intending to reveal such Protected Information shall provide reasonable notice and an opportunity to object, unless consent from the designating party is obtained.

### Advice to Clients

29.     Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, relying upon his or her examination of Protected Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

## Discoverability of Expert Materials

30.     Discovery of communications between counsel and any independent testifying or non-testifying expert or consultant retained or specially employed by that counsel shall be limited to factual information, analyses, documents, and data relied on by the expert in rendering the opinions expressed in an expert report or at trial. Except as otherwise provided herein, all other communications between counsel and the testifying or non-testifying expert or consultant relating to the process of preparing an expert report or developing opinions for trial, including all preliminary or draft reports, expert working papers, notes, and communications relating thereto, shall be deemed exempt from discovery and use at trial.

## Third-Party Requests

31.     If any third party requests the production of any Protected Information, including but not limited to a request by subpoena, the receiving party in possession of such Protected Information must:

- notify the producing party within 7 days of receiving the request; and

- take all lawful steps necessary to assert (or permit the Producing Party to assert) all applicable protections, including but not limited to:

- permit the Producing Party a reasonable opportunity to intervene and be heard, and

- cooperate with the Producing Party in all reasonable efforts to protect the asserted rights, privileges, and immunities if the producing party cannot be heard.

## Miscellaneous

32.     Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

33.     Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

34.     Nothing in this Protective Order shall prejudice the right of any party to seek at any time a further order modifying this Protective Order.

35.     Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Protected Information.

36.     The designation of information as Confidential or Highly Confidential made pursuant to this Protective Order shall not be construed as a concession by any party that such information is relevant or material to any issues or is otherwise discoverable.

37.     Notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party to challenge the proprietary of discovery on grounds of privilege, relevance, materiality, etc., and nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility at trial of any evidentiary material.

38.     In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, along with the corresponding

obligations on the new party to maintain the confidentiality of the Protected Information, subject to the right of the new party to seek relief from or modification of this Protective Order.

39. Nonparties who produce information in this action may avail themselves of the provisions of this Protective Order.

40. Within ninety (90) days after the termination of this action (including any appeals), each document and each other tangible thing that contains or reveals Protected Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information shall be (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Notwithstanding the foregoing, outside counsel for a receiving party may retain Protected Information contained in outside counsel's work product, correspondence between outside counsel, depositions, discovery responses or in copies of pleadings and materials filed with the Court.

41. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this action (including any appeals).

42. This Protective Order may be amended as need may arise by written agreement of the parties, subject to court approval.

The foregoing Protective Order is agreed to and accepted as to both form and substance.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

SHAW KELLER LLP

/s/ Michael J. Flynn
_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Plaintiff*

March 15, 2024

/s/ Karen E. Keller
_____
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
Emily S. DiBenedetto (#6779)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

*Attorneys for Defendant*

**SO ORDERED** this _____15th_____ day of March, 2024.

_____
/s/ Richard G. Andrews
United States District Court Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) ) | C.A. No. 23-975 (RGA) |
| v. | ) ) | |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**DECLARATION AND AGREEMENT TO BE BOUND**

I, _____, declare and state under penalty of perjury that:

1.  My address is _____.

2.  My present employer is _____ and the address of my present employer is _____.

3.  My present occupation or job description is _____.

4.  I have received a copy of the Stipulated Protective Order in this action, which order was entered on _____.

5.  I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6.  I will comply with all of the provisions of the Stipulated Protective Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Protected Information that is supplied to me.

8.  I will return or destroy each document and each other tangible thing that discloses or reveals any Protected Information to the attorney who provided such document or other tangible

1

thing to me. Moreover, I will destroy or deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information to the attorney who provided such Protected Information to me.

9.   I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

10. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____

Signature: _____