IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )     Civil Action No. 23-975-RGA-SRF <br> ) |
| LIQUIDA TECHNOLOGIES, INC., | ) <br> ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this **26th** day of **November, 2024**, the court having considered the parties' letter submissions and associated filings (D.I. 200; D.I. 203), IT IS ORDERED that Defendant Liquida Technologies, Inc.'s ("Defendant") motion to compel the production of documents responsive to Request for Production Nos. 20, 21, 26-28, 40, 43, and 44 (D.I. 189) is DENIED without prejudice for the following reasons:

**1. Background.** Plaintiff United Therapeutics Corporation ("Plaintiff") served its responses and objections to Defendant's first set of requests for production on June 17, 2024. (D.I. 200, Ex. 1) Under the operative scheduling order in this case, the deadline for the substantial completion of document production expired on August 12, 2024, and fact discovery closed on November 13, 2024. (D.I. 45 at ¶ 2(a)-(b)) Since the substantial completion of document production, the parties have filed four motions requesting a discovery dispute teleconference. (D.I. 131; D.I. 151; D.I. 189; D.I. 204) Among the issues raised are Defendant's challenges to the sufficiency of Plaintiff's responses to written discovery requests and Defendant's request for an extension of the fact and expert discovery deadlines. (D.I. 151; D.I. 189; D.I. 204)

**2.** In a Memorandum Order dated November 12, 2024, the court denied Defendant's motion for a one-month extension of the fact and expert discovery deadlines. (D.I. 193 at 2) The court reasoned that the production of custodial documents after the deadline for substantial completion of document production did not warrant an extension of the scheduling order deadlines to accommodate the remaining fact discovery. (*Id.*) Moreover, Plaintiff's allegedly incomplete production of communications involving Drs. Rajan and Rajeev Saggar did not justify an extension because Defendant had access to their communications through Dr. Rajeev Saggar's role as Defendant's CMO and Defendant's representation of Dr. Rajan Saggar in connection with a subpoena for documents. (*Id.* at 3)

**3.** Despite the court's November 12, 2024 Memorandum Order explaining that Defendant had access to communications involving Drs. Rajan and Rajeev Saggar, Defendant now moves to compel the production of documents and communications concerning: (a) the use of Tyvaso® in PH-ILD patients prior to the drug's approval for this indication; and (b) prior art studies and literature about the use of Tyvaso® in PH-ILD patients.[1] (D.I. 200 at 1) Defendant indicates that Drs. Rajan and Rajeev Saggar, along with other witnesses, alluded to these communications during their depositions in September and October of 2024. (*Id.* at 1-2) Accordingly, Defendant seeks the production of these "communications between either Dr. Rajeev or Rajan Saggar concerning the use of treprostinil in PH-ILD" from seven employees of Plaintiff: Michael Wade, Martine Rothblatt, Kevin Laliberte, David Zaccardelli, Leigh Peterson, Gil Golden, and Chunqin Deng. (*Id.* at 3)

---

[1] Defendant's moving submission also provides a status update on Plaintiff's allegedly improper confidentiality designations. Defendant acknowledges that this dispute is not ripe for resolution by the court. (D.I. 200 at 3)

2

**4. Legal standard.** A party may generally obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case[.]" Fed. R. Civ. P. 26(b)(1). Courts generally construe Rule 26 to allow for "broad" and "liberal" discovery. *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN-SRF, 2018 WL 9578196, at *2 (D. Del. Dec. 11, 2018). When a party objects to discovery requests, "the burden falls on the party seeking the discovery to show the relevance of the information requested." *Tessera, Inc. v. Broadcom Corp.*, C.A. No. 16-380-LPS-CJB, 2017 WL 4876215, at *2 (D. Del. Oct. 24, 2017) (internal quotation marks and citation omitted).

**5. Analysis.** As a preliminary matter, the court reminds the parties of the importance of engaging in a meaningful meet and confer process. Defendant's motion for a teleconference to resolve discovery disputes indicates that the parties participated in verbal meet and confers on October 1 and 23, 2024 to address Plaintiff's alleged failure to produce documents responsive to Request for Production Nos. 20, 21, 26 to 28, 40, 43, and 44. (D.I. 189 at 1) Yet Defendant's moving submission states that it emailed Plaintiff on October 18 and 31, 2024, asking Plaintiff to produce documents and communications responsive to these requests. (D.I. 200 at 2) Defendant's motion for a teleconference, which was filed on November 8, 2024, does not identify any meet and confers after Defendant's October 31 email to Plaintiff about this dispute. (D.I. 189)

**6.** After Defendant's motion for a teleconference was filed on November 8, 2024, the court ordered the parties to engage in another meet and confer on this issue on November 13, 2024. (D.I. 190) Defendant's moving submission confirms that the parties conferred on November 13. (D.I. 200 at 1) Nonetheless, Defendant's moving submission fails to anticipate

3

and address Plaintiff's responsive arguments, suggesting that the meet and confer efforts were lacking or incomplete. (D.I. 200; D.I. 203)

7. For the following reasons, Defendant's motion to compel the production of an additional round of documents from seven custodians after the close of fact discovery is DENIED without prejudice. (D.I. 200, Ex. 6 at 1) Defendant seeks the production of documents and communications concerning: (a) the use of Tyvaso® in PH-ILD patients prior to the drug's approval for this indication; and (b) prior art studies and literature about the use of Tyvaso® in PH-ILD patients. (*Id.* at 1) The court addresses each of these categories in turn.

8. *Use of Tyvaso® in PH-ILD patients prior to approval for this indication.* Plaintiff contends that Defendant lacked diligence in seeking additional communications involving Drs. Rajan and Rajeev Saggar which are specific to the treatment of PH-ILD with Tyvaso® prior to the drug's approval for this indication. (D.I. 203 at 1-2) In support of its position, and consistent with the court's November 12 Memorandum Order, Plaintiff notes that Dr. Rajeev Saggar is Defendant's employee, and Dr. Rajan Saggar is represented by Defendant's counsel in connection with a subpoena issued in this case. (*Id.* at 2; D.I. 193 at 3)

9. Defendant does not address Plaintiff's diligence argument. Plaintiff served its responses and objections to the requests for production at issue in the present dispute in June of 2024. (D.I. 200, Ex. 1) Defendant's relationship with Drs. Rajan and Rajeev Saggar suggests that Defendant could have identified and pursued the production of the communications at issue prior to the recent depositions in this case. Defendant cites to recent deposition transcripts without identifying any specific communications or disclosures that it could not have pursued earlier. (D.I. 200, Ex. 2 at 92:8-107:25; Ex. 3 at 222:13-242:10) Plaintiff's position that

4

Defendant lacked diligence is persuasive where, as here, it appears Defendant delayed until fact depositions to test the sufficiency of Plaintiff's document production.

**10.** Defendant also fails to address the proportionality of the requested discovery to the needs of the case in accordance with the standard under Rule 26(b). Plaintiff confirms that it has produced "all responsive communications to/from/cc either Saggar brother within the files of the custodians we collected from," and Defendant already has "documents Dr. Rajan Saggar provided to [Defendant] pursuant to its subpoena." (D.I. 200, Ex. 15 at 1; Ex. 16 at 1) Plaintiff further confirms that it has "already produced all communications located after its diligent search of Leigh Peterson's and Chunqin Deng's files[,]" and it "produced hundreds of documents that included Mr. Laliberte, a former employee," and made him available for deposition on November 8. (D.I. 203 at 2 n.3, 3) Defendant does not refute these representations. Under these circumstances, compelling a search and production of additional custodial files after the close of fact discovery is likely to delay the case and result in the production of largely cumulative information.

**11.** *Prior art studies and literature about the use of Tyvaso® in PH-ILD patients.* Defendant also fails to show how it exercised diligence in seeking drug safety reports and an Investigational New Drug Application ("IND") during fact discovery. According to Plaintiff, Defendant "did not even ask to meet and confer about drug safety reports until after filing its Letter motion." (D.I. 203 at 1) Defendant maintains that these documents are responsive to Request for Production No. 38, "among others[,]" but Request for Production No. 38 was not raised in Defendant's motion for a discovery dispute teleconference and was not included among the discovery requests attached as Exhibit 1 to Defendant's moving submission. (D.I. 189 at 1; D.I. 200 at 2; Ex. 1)

**12.** The drug safety reports of adverse events in patients are purportedly relevant to prior use and sales and were referenced during the 30(b)(6) deposition of Plaintiff's corporate witness, Dean Bunce, and the deposition of Dr. Rajeev Saggar, respectively. (D.I. 200, Ex. 3 at 241:6-245:3) But Plaintiff explains that the requested relief would require a search of all drug safety forms for all patients that have taken Tyvaso® to locate the subset of reports showing the use of Tyvaso® for the off-label use of treating PH-ILD. (D.I. 203 at 4) Defendant fails to address the scope of the requested production.

**13.** Moreover, the production would require extensive redactions of personal patient information. (*Id.*) In this regard, Defendant's motion to compel represents an about-face from its position in July of 2024, when it represented to Plaintiff that it only sought documents responsive to Request for Production No. 38 "that do not include privileged patient information." (*Id.*, Ex. A at 6-7) Defendant does not acknowledge the burdensome nature of the necessary redactions or otherwise speak to the proportionality of the requested information.

**14.** Plaintiff also represents that Defendant is seeking or has already obtained deposition testimony on the drug safety forms and prior use defense from Drs. Rajeev and Rajan Saggar, all three named inventors, and at least five non-parties (Dr. Faria-Urbina, Dr. Tapson, Kevin Laliberte, Kiernan DeAngelis, and Dr. Waxman). (D.I. 203 at 4) Defendant does not address the deposition testimony already taken on this subject or explain how the production of the drug safety reports would not be cumulative of information already obtained through depositions.

**15.** Moreover, Defendant has not established the relevance of a draft, non-public IND to the asserted claims and defenses. Defendant's motion to compel the production of the IND is further undermined by its failure to question Bunce about it as a follow-up to Dr. Rajeev

6

Saggar's testimony on it. (D.I. 200, Exs. 3-4)  For these reasons, the production of the requested discovery is not proportional to the needs of the case.

**16. Conclusion.** For the foregoing reasons, IT IS ORDERED that Defendant's motion to compel the production of documents responsive to Request for Production Nos. 20, 21, 26-28, 40, 43, and 44 (D.I. 189) is DENIED without prejudice.

17. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **December 3, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

18. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**19.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon<br>
United States Magistrate Judge