IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 23-975-RGA-SRF |
| v. | ) ) ) | |
| LIQUIDA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

At Wilmington this **28th** day of **January, 2025**, the court having considered the parties' letter submissions (D.I. 241; D.I. 242), and the arguments presented during the discovery dispute motion hearing on January 27, 2025, IT IS ORDERED that the pending motion at D.I. 234 is addressed as follows:

1. **Plaintiff's motion to strike Defendant's final invalidity contentions served on December 3, 2024 and the supplemental interrogatory responses served on November 22 and December 2, 2024 is DENIED without prejudice.** As an initial matter, the parties dispute the appropriate legal standard applicable to Plaintiff's motion to strike. Plaintiff argues for application of the good cause standard governing modifications to the scheduling order under Federal Rule of Civil Procedure 16(b)(4). (D.I. 241 at 1) In support, Plaintiff reasons that Defendant's final invalidity contentions were served on December 3, 2024, after the October 30 deadline.[1] (D.I. 45 at ¶ 3) Defendant responds that it satisfied the scheduling order deadline by

---

[1] Plaintiff also moved to strike Defendant's supplemental interrogatory responses served on November 22 and December 2, 2024, after the fact discovery cutoff of November 13, 2024. However, Plaintiff did not pursue this argument during the hearing on January 27, 2025. (1/27/2025 Tr.) Although the fact discovery deadline expired on November 13, 2024, Plaintiff does not dispute that certain fact discovery extended beyond that date or that Defendant had a

serving amended invalidity contentions on October 30, 2024. (D.I. 242) Consequently, Defendant argues that the *Pennypack* factors should govern the court's analysis of Plaintiff's motion to strike. (*Id.*)

**2.** Plaintiff has not shown that Defendant failed to satisfy the scheduling order deadlines. Defendant sought an extension of the October 30 deadline for final contentions in a meet and confer held on October 23 because fact discovery had not yet concluded. (D.I. 242, Ex. 1 at 1) When Plaintiff failed to respond before the deadline, Defendant timely served its "Second Amended Invalidity Contentions" on October 30, 2024. (D.I. 173) Plaintiff did not reject Defendant's request for an extension until November 2, 2024, following the passage of the deadline for final contentions. (D.I. 242, Ex. 1 at 1) Defendant satisfied the deadline for final invalidity contentions by serving its Second Amended Invalidity Contentions on October 30, 2024. Consequently, the court will evaluate Plaintiff's motion to strike under the *Pennypack* factors.

**3.** Information that is not timely disclosed under Rule 26 may be excluded unless the failure to produce the information was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). However, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). The court must balance the *Pennypack* factors in the exercise of its discretion:

---

duty to supplement its discovery responses under Rule 26(e) in response to any new information. (D.I. 242, Ex. 10 at 1-2); *see* Fed. R. Civ. P. 26(e). The record also suggests that Plaintiff failed to raise specific complaints about the supplemental interrogatory responses in the meet and confer process. (D.I. 242, Ex. G at 3) Consequently, Plaintiff's motion to strike the November 22 and December 2, 2024 supplemental interrogatory responses is DENIED without prejudice.

(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the likelihood of curing the prejudice; (3) the potential disruption of an orderly and efficient trial; (4) the presence of bad faith or willfulness in failing to disclose the evidence; and (5) the importance of the information withheld. *Id.*

4. According to Plaintiff, the December 3 final invalidity contentions assert seven new theories based on facts that were known to Defendant well before the October 30 deadline for final contentions. (D.I. 241 at 2) Plaintiff argues that the timing of the contentions deprived it of the opportunity to discover and develop facts in rebuttal to the late contentions, ask different or additional questions at depositions, and pursue different or additional discovery strategies. (*Id.* at 2-3) However, Plaintiff provides no substantive arguments on whether Defendant's supplemental contentions significantly change the invalidity theories in this case and/or Plaintiff's ability to counter such theories.

5. In response, Defendant goes through each purportedly "newly asserted" contention and describes where it was previously disclosed on or before the October 30, 2024 deadline for final contentions. The court's assessment of the record as cited by Defendant is set forth below:

| CONTENTION | PRIOR DISCLOSURE | ADDITIONAL EVIDENCE |
|---|---|---|
| Improper inventorship (D.I. 241, Ex. A at § II.C) | October 30, 2024 invalidity contentions (D.I. 242, Ex. 2 at 2): "Liquidia anticipates further supplementation of . . . improper inventorship of the '327 patent[.]" | Deposition testimony of Dr. Smith taken on November 13, 2024. (D.I. 242, Ex. 3 at 10-11; Ex. 4 at 48:5-49:16, 89:9-90:24, 118:5-119:6, 129:17-131:5, 151:9-152:7) |
| Anticipation by 2020 press release (D.I. 241, Ex. A at § II.B.1) | October 30, 2024 invalidity contentions (D.I. 242, Ex. 2 at 7): "Because the '327 patent is not entitled to an April 17, 2020 priority date, additional prior art renders the asserted Claims invalid for anticipation [], including [the] 2020 press release[.]" | Plaintiff's supplemental interrogatory response regarding priority on November 19, 2024, and depositions of Drs. Smith, Peterson, and Deng occurred after October 30, 2024. (D.I. 242, Ex. 3 at 7-9 & n.3; Ex. 11) |

3

| Anticipation by prior public use (D.I. 241, Ex. A at § III) | June 3, 2024 initial invalidity contentions (D.I. 242, Ex. 7 at 10-13): "Long Before April 2020, Physicians Were Using Inhaled Treprostinil to Treat PH-ILD." October 30, 2024 invalidity contentions incorporating testimony and exhibits occurring prior to October 30. (D.I. 242, Ex. 2 at 11-14) | Deposition testimony of Drs. Smith, Peterson. (D.I. 242, Ex. 3 at 12-19) |
|---|---|---|
| Anticipation by Faria-Urbina 2018 (D.I. 241, Ex. A at § VI.E) | June 3, 2024 initial invalidity contentions. (D.I. 242, Ex. 7 at 23-24) October 30, 2024 invalidity contentions. (D.I. 242, Ex. 2 at 24-26) | None cited. |
| Obviousness by Faria-Urbina 2018 (D.I. 241, Ex. A at § VII.D) | October 30, 2024 invalidity contentions. (D.I. 242, Ex. 2 at 95-108) | None cited. |
| Obviousness by 2017 INCREASE study description in combination with Faria-Urbina 2017 or Agarwal 2015 and Saggar 2014 (D.I. 241, Ex. A at § VII.G) | June 3, 2024 initial invalidity contentions (D.I. 242, Ex. 7 at 126-38): "Asserted Claims 1-11 and 15-19 of the '327 patent are Rendered Obvious by the 2017 INCREASE Study Description in Combination with Agarwal 2015 and Saggar 2014." October 30, 2024 invalidity contentions identifying 2017 INCREASE Study Description and Faria-Urbina 2018 as prior art. (D.I. 242, Ex. 2 at 21-22, 24-26) | None cited. |
| Inequitable conduct by Peter Smith (D.I. 241, Ex. A at § IX.I-M) | Withdrawn by Defendant | Withdrawn by Defendant |

6. As indicated in the chart above, the first three disputed contentions were disclosed at least as of October 30, 2024, and the December 3 final contentions primarily incorporated new evidence that was disclosed after the deadline for final contentions. These disclosures undermine

4

any suggestion of surprise, and Plaintiff articulates no specific prejudice arising from the newly cited evidence. Plaintiff asserts that it "could have asked different or additional questions at depositions" without specifying what types of questions it would have asked. (D.I. 241 at 2) The deposition of Dr. Aaron Waxman, a co-author of several prior art references, occurred more than a week after Defendant served the December 3 final invalidity contentions. (D.I. 242, Ex. 5) Yet there is no indication on the present record that Plaintiff took the opportunity to ask questions about the allegedly newly disclosed invalidity theories. (1/27/2025 Tr.)

7. The following three disputed contentions were also at least partially disclosed in timely contentions. For example, the June 3, 2024 initial invalidity contentions disclosed an obviousness theory based on the 2017 INCREASE study description in combination with Agarwal 2015 and Saggar 2014. (D.I. 242, Ex. 7 at 126-38) The June 3 and October 30 contentions do not expressly address an obviousness combination of the 2017 INCREASE study description and Faria-Urbina 2018, but both references are disclosed in timely contentions and Plaintiff cites no prejudice arising specifically from this combination of references. Defendant offered to cure any prejudice resulting from the December 3, 2024 final contentions by granting Plaintiff additional time to serve its responsive expert report, and Plaintiff declined to accept the offer. (D.I. 242, Ex. 9 at 1-2)

8. As to the remaining *Pennypack* factors, the information in Defendant's final invalidity contentions is important to achieving a resolution on the merits. *See Magna Donnelly Corp. v. 3M Co.*, 2012 WL 12930956, at *4 (E.D. Mich. Feb. 1, 2012) ("The purpose of infringement and invalidity contentions is to 'hasten resolution on the merits[.]'" (quoting *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010)). Neither party has suggested that the trial schedule would be disrupted by allowing the December

3 final invalidity contentions and the supplemental interrogatory responses to remain in the case. Moreover, Defendant's timely disclosure of the invalidity theories at issue weighs against a suggestion of bad faith. On balance, the *Pennypack* factors weigh against granting Plaintiff's motion to strike.

**9. Plaintiff's motion to preclude Defendant from offering any argument based on inequitable conduct contentions that were not pled in Defendant's answer and counterclaim is DENIED as moot.** Plaintiff raised two objections to the inequitable conduct theories presented in Defendant's final invalidity contentions. (D.I. 241 at 3-4) First, Plaintiff objected to the inequitable conduct theories premised on a 2018 UTC Earning Call transcript. (*Id.*, Ex. A at § IX.F) Plaintiff acknowledges that Defendant "has already withdrawn all inequitable conduct allegations involving the Earnings Call transcript and Dr. Rothblatt." (*Id.* at 4; D.I. 232) Plaintiff also objects to alleged conduct by Peter Smith. (D.I. 241, Ex. A at §IX.I-L) In Defendant's responsive letter submission, Defendant confirms that it "agrees to withdraw its inequitable conduct allegations concerning Dr. Smith." (D.I. 242 at 3) Therefore, Plaintiff's motion is DENIED as moot.

**10. Conclusion.** For the foregoing reasons, IT IS ORDERED that: (1) Plaintiff's motion to strike Defendant's final invalidity contentions served on December 3, 2024 and the supplemental interrogatory responses served on November 22 and December 2, 2024 is DENIED without prejudice; and (2) Plaintiff's motion to preclude Defendant from offering any argument based on inequitable conduct contentions that were not pled in Defendant's answer and counterclaim is DENIED as moot. IT IS FURTHER ORDERED that, on or before **January 31, 2025,** the parties shall meet and confer to discuss the consequences of this ruling on the balance

of the case schedule. Further adjustments to the case schedule shall be made only with leave of court.[2]

11. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **February 4, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

12. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

---

[2] Going forward, if a party proposes extensions of deadlines and is met with silence by the opposing party, the party seeking an extension must obtain leave of court for the extension. The court will not view the silence of opposing counsel as consent to the extension, and the party requesting the extension should not interpret the opposing party's silence as an opportunity to make a filing out-of-time without first seeking leave of court.

13. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge