IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LIQUIDIA TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 23-975-RGA |

ORDER

UTC moved "for leave to file motion for summary judgment." (D.I. 238). The parties have filed nearly the equivalent of full briefing on the topic of whether I should permit a summary judgment motion that there is no inequitable conduct. (D.I. 239, 243, 253). Presumably, if I were to allow the summary judgment motion, I would then get full briefing on the merits of the motion. Liquidia opposes. Liquidia thinks it only fair that, if I permit UTC to file such a motion, it too should get an as-yet-unidentified summary judgment motion.

After reviewing the papers that have been submitted, I am dubious that permitting a summary judgment motion of no inequitable conduct will result in me granting it in UTC's favor. I think it would be more efficient to have an inequitable conduct trial and make whatever credibility and other judgments I need to make based on live testimony. Liquidia will have a limited amount of time to make its best arguments at the trial. Maybe inequitable conduct will fall by the wayside before then.[1]

---

[1] It seems as though at least one strand of the inequitable conduct argument fell by the wayside while this motion was being briefed. (D.I. 253 at 3 n.5; *see* D.I. 248 at 4). I don't know how many arguments Liquidia has, but a recent discovery letter (D.I. 242 at 2-3) referenced improper inventorship, three different anticipation theories, and two obviousness theories, and those are just the ones UTC argued Liquidia disclosed late.

I do not consider the possibility that Liquidia may launch and give UTC a right to a jury trial on some issues as having any impact on what is a bench issue.

UTC's motion (D.I. 238) is DENIED.

IT IS SO ORDERED this 31st day of January 2025.

/s/ Richard G. Andrews
United States District Judge