IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff | ) ) C.A. No. 23-975 (RGA) (SRF) |
| v. | ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

**JOINT MOTION TO RESOLVE DISCOVERY DISPUTE**

On December 18, 2024, UTC filed its Motion to Strike Liquidia's invalidity contentions served after October 30, 2024. D.I. 234. On January 27, 2025, the Court heard argument concerning UTC's Motion to Strike Liquidia's invalidity contentions served after October 30, 2024 (D.I. 234). At the conclusion of oral argument, the Court denied UTC's motion without prejudice, "provide[d] some further guidance to the parties to try and head off anything that might result as a consequence of my ruling," and ordered the parties "to meet and confer and make [a] road map" "to the extent this decision has consequences on the balance of the schedule." Hearing Tr. (Jan. 27, 2025) ("1/27/25 Hearing Tr.") at 34:14-17, 37:1-18, 39:16-40:5. The Court further stated its attention to promptly resolve any further discovery disputes regarding, for example, the "reopening of discovery" or "supplementation of expert reports." *Id.* at 40:11-13. On January 28, 2025, the Court issued its Memorandum and Order, memorializing its denial without prejudice and ordering the parties to "meet and confer to discuss the consequences of this ruling on the balance of the case schedule." D.I. 248. The parties met-and-conferred on January 31, 2025; UTC provided its proposal on February 4, 2025; Liquidia responded on February 6, 2025, indicating that it could accept Provision 1 of UTC's proposal while rejecting Provision 2; UTC further responded on February 19, 2025;

Liquidia provided its counter proposal to UTC on February 20, 2025; and UTC rejected Liquidia's counter proposal on March 7, 2025. Ex. 1 at 4-13. The parties are at an impasse.

To facilitate the Court's review and limit the quantity of briefing, the parties present these remaining issues in this joint submission containing both UTC's and Liquidia's positions, each limited to 750 words instead of four pages. The parties are available at the Court's earliest convenience for a conference.

**UTC's Proposal**:

- [**Provision 1**] UTC seeks an order confirming Liquidia abides by its agreement not to seek leave to move for summary judgment on any of its late-disclosed invalidity theories identified in Attachment A to UTC's motion to strike (D.I. 241). *See* D.I. 260-4 at 6.

- [**Provision 2**] UTC seeks an order that, if Liquidia chooses to present testimony from any third-party witness at trial concerning any of its late-disclosed invalidity theories identified in Attachment A to UTC's motion to strike (D.I. 241), UTC shall have the option to demand that such third-party witnesses testify in person at trial. Additional details are provided below.
    A.  Liquidia shall identify any such third parties by **April 3, 2025**; UTC shall notify Liquidia whether it intends to exercise its option to call that witness in person by **April 10, 2025**.
    B.  Should UTC <u>decline</u> its option to call an identified third-party witness in person, both parties shall be permitted to designate deposition testimony for that witness in the ordinary course.
    C.  Should UTC <u>exercise</u> its option to call an identified third-party witness in person, the following additional conditions shall apply to that witness:
        1. Two weeks after exercising its option (i.e., by **April 24, 2025**), UTC shall notify Liquidia whether it intends to affirmatively call the witness as part of UTC's case-in-chief. To the extent the witness is not called in UTC's case-in-chief, Liquidia shall call the witness as part of its case-in-chief.
        2. For third-party witnesses that UTC counsel represents but does not control (e.g., Mariana Faria-Urbina, Aaron Waxman, Victor Tapson, Kiernan DeAngelis, Kevin Laliberte, Michael Wade), UTC counsel shall make reasonable efforts to facilitate the witness' attendance at trial and shall not dissuade or otherwise prevent the witness from attending trial.
        3. For third-party witnesses that Liquidia counsel represents but does not control (e.g., Rajan Saggar), Liquidia counsel shall make reasonable efforts to facilitate the witness' attendance at trial and shall not dissuade or otherwise prevent the witness from attending trial.
        4. For third-party witnesses not represented by either party (e.g.,

Kishan Parikh), the parties will cooperate in good faith to facilitate the witness' attendance at trial; neither party shall attempt to dissuade or otherwise prevent the witness from attending trial.

5. If an identified third-party witness represented by either party's counsel declines to attend or is unable to attend trial, notice shall be provided to opposing counsel no later than **May 5, 2025.**

6. If an identified third-party witness declines to attend or is unable to attend trial, Liquidia shall not be permitted to rely on deposition designations from that witness to support any of its late-disclosed invalidity theories identified in Attachment A to UTC's motion to strike (D.I. 241). However, Liquidia may rely on deposition designations from that witness to support any invalidity theories that were properly disclosed in Liquidia's October 30, 2024 Second Amended Invalidity Contentions and are not identified in Attachment A to UTC's motion to strike (D.I. 241), provided that at the time of its designation Liquidia identifies where in its October 30, 2024 Second Amended Invalidity Contentions the corresponding invalidity theory was properly disclosed.

7. Both parties reserve the right to make any and all appropriate objections to third-party witness testimony, whether offered live or by designation.

**Liquidia's Proposal:**

1. Liquidia agrees not to seek leave to move for summary judgment on any of its invalidity theories identified in Attachment A to UTC's motion to strike (D.I. 241.)
2. UTC can depose third-party witnesses Dr. Tapson, Kevin Laliberte, Mike Wade, Kieran DeAngelis and Dr. Saggar for 1.5 hrs each to address invalidity theories identified in Attachment A to UTC's motion to strike (D.I. 241). Liquidia would be entitled to 30 minutes of cross for each witness.
3. The depositions can occur live or by Zoom.
4. To the extent UTC deems it necessary, it can submit a 5 page supplemental report of Dr. Nathan, or one of UTC's other experts, applying the testimony to UTC's rebuttal positions.
5. UTC's 5 page supplemental report would be due no later than May 23, 2025.
6. Liquidia would be permitted to file a 5 page response, due no later than June 9, 2025.
7. No depositions pertaining to the 5 page supplemental reports will be permitted.
8. The parties can use the deposition testimony of any third-party witness at trial.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer by telephone on January 31, 2025. The parties have since exchanged correspondence confirming that they are at an impasse.

- Plaintiff:

3

> Delaware Counsel: Michael Flynn (Morris, Nichols, Arsht & Tunnell LLP)
> Lead Counsel: Eric Romeo (Goodwin Procter)

- Defendant:
  Delaware Counsel: Karen Keller (Shaw Keller LLP)
  Lead Counsel: Sanya Sukduang (Cooley LLP)

The parties' respective positions are as follows:

**UTC's Position:**

Liquidia's post-October 30 service of contentions triggered this dispute ("Post-October 30 Theories"). UTC's previous motion focused on Liquidia's lack of diligence and failure to demonstrate good cause. 1/27/25 Hearing Tr., 4:23-26, 39:16-21; *see also id.*, 35:16 ("Pennypack analysis wasn't really addressed here"); *id.*, 36:7-14 ("the consequences or the disadvantage or the prejudice to UTC needs to be elaborated on"); *id.*, 35:17-22 ("the Court is focused on how this is going to effect the balance of the deadlines in the case and what additional discovery it opens up"). Thus, following the Court's instruction to "map" the "domino effect" and "consequences" (1/27/25 Hearing Tr. at 11:6-16, 39:16-40:5), and to remediate consequences and prejudice to UTC, UTC proposed two provisions relating to the presentation of witnesses at trial.

In particular, UTC proposed:

(a) Liquidia designate deposition testimony from witnesses that support its Post-October 30 Theories; and

(b) UTC have the opportunity to examine live the witnesses providing testimony on Liquidia's Post-October 30 Theories.

UTC also requested that Liquidia "identif[y] where in its October 30, 2024 Second Amended Invalidity Contentions the corresponding invalidity theory was properly disclosed." UTC's proposal would cure prejudice to UTC by allowing UTC to examine witnesses on subject matter that was not disclosed when their depositions were initially taken, while also avoiding additional depositions outside of expert discovery and compromising the parties' trial preparations.

4

Liquidia declined, arguing that "UTC's original proposal runs afoul of the FRCP and presentation of evidence." Those assertions are incorrect.

First, UTC's proposal does not run afoul of the FRCP. The Court may exercise discretion to decline admission of deposition testimony in lieu of live testimony. *VIIV Healthcare Co. v. Mylan Inc.*, C.A. 12-cv-1065-RGA, 2014 WL 2195082 at *1 (D. Del. May 23, 2014). UTC did not have the opportunity to examine witnesses deposed between October 30 and December 3 on the Post-October 30 Theories. The proposal allows Liquidia to designate the deposition testimony of witnesses, and permits UTC the option of requiring Liquidia to call the post-October 30 deponents live. UTC's proposal further offers to facilitate all third-party witnesses' attendance at trial. Taken together, the provisions require Liquidia to use reasonable diligence to secure attendance consistent with the Federal Rules and identify the scope of testimony to avoid any prejudice or surprise to UTC. *Id.* at *1-2. Liquidia declined.

Second, UTC's proposal does not run afoul of evidentiary presentations at trial. The consequences of this Court's ruling pertain to *Liquidia's* theories of invalidity. UTC's remediation depends upon Liquidia's presentation of theories and witnesses; requiring UTC to anticipate which witnesses both Liquidia *and* UTC will present in their case-in-chief is premature. Similarly, UTC's proposal should not cabin when and how UTC is permitted to use third-party witnesses. For example, Kevin Laliberte and Kiernan DeAngelis possess information related to INCREASE's "[r]esearch and development," which is traditionally presented in Plaintiff's case-in-chief. Ex. 2 at 2, 4. Other witnesses were deposed at Liquidia's request and thus, Liquidia's case law is inapposite because there can be no unfair surprise or "ambush" from their testimony, (Ex. 2; Ex. 3), which Liquidia could ***again*** examine live. Indeed, Liquidia has already deposed the challenged witnesses on all its theories – including Post-October 30 Theories.

UTC's proposal cures the unfair surprise and prejudice of Liquidia's Post-October 30

Theories, and ensures a complete factual record at trial, despite expert reports and depositions on an incomplete record to date. The proposal also fairly and reasonably attempts to reconcile both the Federal Rules and standard practice at trial.

By contrast, Liquidia's proposal, which calls for supplemental fact depositions, expert reports, and expert depositions,[1] requires significant and unnecessary changes to the schedule. The parties served their expert reports, and depositions will be complete within a week (by March 28). Further, Liquidia failed to account for how all its proposed supplemental depositions and expert reports impact every other deadline in the lead-up to trial, much less how any resulting changes to the schedule will further prejudice UTC. Liquidia's proposal therefore risks upending the schedule and requires a significant expenditure of the parties' time and resources, all without providing any additional clarity as to what theories Liquidia will present at trial.

UTC respectfully requests that the Court adopt its proposal and reject Liquidia's counter proposal.

**Liquidia's Position:**

UTC asserts its proposal cures "unfair surprise and prejudice." This is a false starting premise because the Court denied UTC's motion, finding UTC was not "surprised," and to the extent UTC suffered any prejudice—UTC articulated none and Liquidia believes none exists—Liquidia offered to cure it. D.I. 248 at 5, ¶7; 1/27/25 Tr. at 36:15-22, 38:2-39:8. UTC's proposal circumvents the Court's Order, as foreshadowed by Liquidia, by preventing Liquidia from using deposition testimony at trial from witnesses that meet the "unavailability" standard under FRCP 32(a)(4)(B). Ex. 1 at 8-10; 1/27/25 Tr. at 25:14-21. It should be rejected.

Liquidia's proposal provides UTC the relief it requested. 1/27/25 Tr. at 6:1-10, 17:15-18:18. UTC can depose the third-party witnesses on the limited issues it agreed to (1/27/25 Tr.

---

[1] *See* D.I. 260-4 at 3–4.

6

18:12-18), and serve limited supplemental expert reports.[2] Despite UTC's delay (Ex. 1 at 4), there is sufficient time in the schedule for these tasks. And Liquidia's proposal does not "upend" the schedule (D.I. 45; 225), as they can be completed simultaneously given the substantial resources the parties have committed to this case.

Liquidia's proposal also prevents UTC's trial-by-surprise. UTC clearly intends to spring upon Liquidia, at trial and in its ***infringement*** case-in-chief, new ***validity*** testimony after it has prepared these witnesses. *See* Ex. 1 at 9-10 (UTC Proposal 2(c)(1-3)). UTC cannot call these witnesses in its case-in-chief because it did not identify many of these individuals in its Initial Disclosures as having evidence relevant to infringement, they are not identified as experts, and they are not authors of the prior art. Ex. 1 at 1-2; FRCP 26(a)(1)(A)(i); *MED-EL Elektromedizinische Geräte Ges.m.b.H. v. Advanced Bionics LLC*, C.A. No. 18-1530-JDW (D. Del. Oct. 30, 2023) (D.I. 402 at 6-10) (precluding testimony of witnesses not disclosed in the initial disclosures); *Abraham v. Danberg*, 832 F.Supp.2d 368, 374-375 (D. Del. 2011) (finding that statements from unidentified witnesses "would promote 'trial by ambush'"). That Liquidia deposed these individuals does not cure UTC's failure to identify these witnesses as having information relevant to infringement, which would permit them to testify in UTC's case-in-chief, or validity. Ex. 2. UTC contends it is premature to identify when third-party witnesses should be called, but that contradicts its proposal, which requires identification well in advance. Indeed, UTC's proposal allows UTC to pre-emptively rebut issues that Liquidia will not have yet presented at trial. Further, UTC's purposefully prejudicial proposal contrasts with the fact that, well in advance of trial, UTC obtained Liquidia's contentions, either deposed or represented all of the third-party witnesses, prepared expert reports in response, deposed the experts, and can prepare for trial. Liquidia's proposal prevents any prejudice and trial-by-surprise.

---

[2] Liquidia offered this compromise despite the fact that UTC could not articulate to Liquidia, or the Court, what it needed to ask these individuals. *See* 1/27/25 Tr. at 35:24-37:18.

In contrast, UTC's proposal deprives Liquidia of its rights under FRCP 32. The parties' correspondence explains the third-party witness cannot be compelled to appear because they are outside the Court's subpoena power and, as UTC's proposal notes, are not controlled by any party. Ex. 1 at 9-10. UTC's proposals 2(C)(2 and 6) gates Liquidia's access to third-party witness testimony behind UTC's "reasonable efforts" to summon those witnesses and unilaterally prevents Liquidia from using the testimony if those witnesses don't appear even after exercising "reasonable efforts," which runs afoul of FRCP 32. UTC provides no coherent reasoning regarding how its proposal cures prejudice or why Liquidia should be prevented from using testimony from unavailable witnesses. Ex. 1 at 6-8. *VIIV Healthcare Co. v. Mylan Inc.* is inapplicable here because *VIIV* involved 30(b)(6) witnesses, under the parties' complete control, whereas this case involves 30(b)(1) fact witnesses not controlled by a party, as UTC admitted.

UTC's proposal also improperly includes Drs. Faria-Urbina and Waxman, who were deposed before October 30 and after December 3, respectively, and thus UTC has no basis to exclude their deposition testimony based on Liquidia's contentions. 1/27/25 Tr. at 22:11-24:19, 25:22-27. The Court already found that UTC did not ask Dr. Waxman any questions despite receiving Liquidia's latest Invalidity Contentions. D.I. 248 at 4-5.

Finally, UTC's proposal 2(c)(6) additionally requires Liquidia to identify how the third-party testimony corresponds to its October 30 contentions. But UTC never complained of Liquidia's October 30th contentions, no such requirement exists in the FRCP or local rules, and most importantly, it will necessarily result in ancillary disputes during trial. It is another attempt to improperly prevent Liquidia from using deposition testimony. UTC's purposefully limiting proposal should be rejected.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
|---|---|
| /s/ *Michael J. Flynn* | /s/ *Nathan R. Hoeschen* |
| Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>mflynn@morrisnichols.com | Karen E. Keller (#4489)<br>Nathan R. Hoeschen (#6232)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>nhoeschen@shawkeller.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

March 21, 2025