# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 23-975-RGA-SRF |
| v. ) ) | |
| LIQUIDA TECHNOLOGIES, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington this **29th** day of **April, 2025,** the court having considered the parties' letter submissions on plaintiff United Therapeutics Corporation's ("Plaintiff") motion to strike portions of the reply expert reports of Dr. Nicholas Hill and Dr. Stephan Ogenstad, (D.I. 295; D.I. 297), and defendant Liquidia Technologies, Inc.'s ("Defendant") motion to strike portions of the reply expert report of Dr. Ronald A. Thisted, (D.I. 296; D.I. 298), IT IS ORDERED that the pending motion at D.I. 276 is addressed as follows:

1. **Plaintiff's motion to strike portions of the reply expert report of Dr. Nicholas Hill is DENIED without prejudice.** Plaintiff moves to strike paragraphs 16 to 17, 77 to 81, 94 to 96, 106, 110 to 112, and 148 to 179 of Dr. Hill's reply expert report and to preclude Dr. Hill from testifying at trial regarding the opinions in those paragraphs of the report. Plaintiff has also filed a motion to exclude Dr. Hill's opinion pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). (D.I. 284; D.I. 295 at 1 n.1) For purposes of this discovery dispute, the court focuses only on whether the identified paragraphs in Dr. Hill's reply report untimely offer new opinions on invalidity and inequitable conduct, without reaching the substantive merits of

Dr. Hill's reply report and any issues that are briefed and pending decision before the District Judge.

**2.** Plaintiff first contends that Dr. Hill's opening expert report on inequitable conduct failed to address the cumulativeness of the allegedly withheld references over information the patent examiner already possessed. (D.I. 295 at 2) Plaintiff also raises this argument in its *Daubert* motion to exclude Dr. Hill's opinions. (D.I. 285 at 2, 13-14) ("[T]he relevant caselaw provides that the withheld references must be non-cumulative to the material already before the Examiner, but Dr. Hill's Opening Report contains no analysis of cumulativeness."). It is wasteful of judicial resources to seek relief from two judicial officers on the same issue. The court declines to consider Dr. Hill's alleged failure to address the cumulativeness of the withheld references for purposes of inequitable conduct because this issue is currently pending before the District Judge.

**3.** Next, Plaintiff contends that Dr. Hill's opening expert report on prior sale and public use fails to describe whether the claimed invention worked for its intended purpose or whether it was put in the possession of the public by disclosure in enabling documents or drawings. (D.I. 295 at 2) But a review of Dr. Hill's opening expert report confirms that he opined on enabling documents and drawings, including Agarwal 2015, Faria-Urbina 2018, and Parikh 2016, and he described the prior use of Tyvaso® to treat pulmonary hypertension and interstitial lung disease ("PH-ILD"). (D.I. 297, Ex. E at ¶¶ 131-93) Because Dr. Hill's opinions on prior sale and public use were timely disclosed in his opening expert report, the court need not engage in a *Pennypack* analysis. *See ARM Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146-MN, 2024 WL 5504800, at *2 (D. Del. Dec. 10, 2024) (declining to evaluate the *Pennypack* factors where reply expert opinions were directly responsive to rebuttal report and were therefore timely).

2

4. **Plaintiff's conditional motion to strike portions of the reply expert report of Stephan Ogenstad, Ph.D., is DENIED without prejudice.** Plaintiff conditionally moves to strike paragraphs 47 to 54 and 95 to 289 of Dr. Ogenstad's reply expert report and to preclude Dr. Ogenstad from testifying at trial regarding the opinions in those paragraphs. Plaintiff's motion to strike Dr. Ognstad's reply report is conditioned on whether the court grants Defendant's motion to strike portions of Dr. Thisted's reply report. (D.I. 295 at 4) Plaintiff admits its argument on this issue is a fallback position reflexive to Defendant's motion to strike Dr. Thisted's reply opinions. (*Id.*) Plaintiff further admits the issue of whether both sides' biostatistician experts should be stricken is the subject of parallel *Daubert* motions. (*Id.*; D.I. 278; 286) The court will not address this motion to strike due to the parallel *Daubert* motions pending before the District Judge, and the outcome of this issue is subject to the District Judge's ruling on the *Daubert* motions.

5. **Defendant's motion to strike portions of the reply expert report of Dr. Ronald A. Thisted is DENIED without prejudice.** Defendant moves to strike as untimely paragraphs 17, 88, 106, 109, 138, 139, 141, 227, 228, 229, 235, 237, 250, 251, 252, 257, 264, 268, 273, 279, 280, 284, 285, 289, 293, 307, 308, 314 and 320 of Dr. Thisted's reply expert report. According to Defendant, these paragraphs disclose affirmative opinions regarding infringement that exceed the scope of permissible reply expert testimony. (D.I. 296 at 1) Plaintiff argues in opposition that Dr. Thisted's reply opinions are proper because they respond to issues raised for the first time by Defendant's expert, Dr. Channick, in rebuttal. (D.I. 298 at 1) However, Plaintiff's responsive submission fails to draw a connection for the court between the specific portions of Dr. Channick's allegedly new opinions and the paragraphs of Dr. Thisted's report which are the subject of the pending motion to strike. (*Id.* at 2-3)

6. In its moving submission, Defendant does not confront the issue of whether Dr. Channick's rebuttal report injected new issues in the case that would arguably open the door for Dr. Thisted's reply in opposition. In its responsive letter brief, Plaintiff summarizes the opinions raised in Dr. Channick's rebuttal report without meaningfully addressing the timeliness of that disclosure or giving the court a baseline reference for determining whether such opinions are actually new. (D.I. 298) Moreover, Plaintiff does not cross-reference the specific paragraphs in Dr. Channick's report that allegedly correspond to the challenged paragraphs in Dr. Thisted's reply report. Thus, the court is left to compare on its own which of Dr. Thisted's opinions Plaintiff contends respond to the "new" opinions expressed in Dr. Channick's rebuttal report. (D.I. 298, Exs. 2, 6) The court expects that, had the parties meaningfully met and conferred, Defendant's moving submission would have anticipated and addressed Plaintiff's position that Dr. Thisted's reply report responds to allegedly "new" opinions in Dr. Channick's rebuttal report.

7. The briefing on this motion to strike suggests a breakdown in the meet and confer process. The joint motion for a discovery dispute teleconference represents that the parties met and conferred on March 6, 2025, and they have had ample time since that filing to engage in further meet and confer efforts. (D.I. 276) The court's ability to resolve the dispute is hampered where, as here, the parties talk past each other in their letter briefs. On this incomplete record, Defendant has not shown that the extreme sanction of excluding certain of Dr. Thisted's opinions is justified. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). Consequently, Defendant's motion to strike Dr. Thisted's allegedly untimely opinions in his reply expert report is DENIED.

8. Defendant also moves to strike the following paragraphs of Dr. Thisted's reply report as duplicative of opinions raised in Dr. Nathan's opening expert report on infringement: paragraphs 110-112, 145, 163, 179, 218, 240-248, 253, 255, 256, 259, 260, 262, 263, 266, 267, 269, 271, 272, 275, 277, 278, 282, 283, 286, 288, 291, 292, 294, 296, 297, 300-303, 305, 306, 309, 311-313, 316, 319, 321-332 and 334. In Defendant's *Daubert* motion to exclude Dr. Thisted's infringement opinions, Defendant indicated its intention "to file a motion *in limine* to exclude portions of Dr. Thisted's Reply Report that are needlessly cumulative of Dr. Nathan's Opening and Reply Reports under Rule 403."[1] (D.I. 279 at 15 & n.5) As previously stated, it is a waste of judicial resources to seek relief from two judicial officers on the same issue. The court declines to consider Defendant's motion to strike the allegedly duplicative content in Dr. Thisted's reply expert report because Defendant has confirmed its intention to raise this issue with the District Judge in a motion *in limine*.

9. Defendant alternatively requests limiting Dr. Thisted to (a) testifying as a rebuttal witness on the invalidity opinions disclosed in his rebuttal report, after Defendant's case-in-chief regarding invalidity has been presented, and (b) testifying as a reply witness on infringement opinions disclosed in his reply report, after Defendant's case on non-infringement has been presented. (D.I. 296 at 4) Defendant's alternative request for relief is DENIED without prejudice. Decisions regarding the scope of an expert's testimony at trial as briefed in the parties' respective *Daubert* motions are properly pending resolution by the District Judge.

---

[1] Defendant raises an "alternative" request to strike Dr. Thisted's duplicative opinions under Federal Rule of Evidence 403 in its opening discovery dispute letter submission. (D.I. 296 at 4) Defendant's letter does not address the propriety of asking the court to determine admissibility under the Federal Rules of Evidence in the context of a discovery dispute. As stated in Defendant's *Daubert* motion, this issue is better addressed in a motion *in limine*. (D.I. 279 at 15 n.5)

5

**10. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

(i) Plaintiff's motion to strike portions of the reply expert report of Dr. Nicholas Hill is DENIED without prejudice;

(ii) Plaintiff's conditional motion to strike portions of the reply expert report of Stephan Ogenstad, Ph.D., is DENIED without prejudice;

(iii) Defendant's motion to strike portions of the reply expert report of Dr. Ronald A. Thisted is DENIED without prejudice;

(iv) Defendant's alternative request to limit the scope of Dr. Thisted's testimony at trial is DENIED without prejudice; and

(v) Going forward, the court will not entertain any discovery disputes in this matter absent a certification by counsel in the Joint Motion for a Teleconference to Resolve Discovery Disputes that the issues raised are not duplicative of other matters pending before the District Judge.

IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for April 30, 2025 at 3:00 p.m. is CANCELLED.

**11.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 6, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting

6

*Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**12.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**13.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge