IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LIQUIDIA TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 23-975-RGA |

MEMORANDUM ORDER

Plaintiff says Defendant was conducting "litigation by ambush." (D.I. 258-1 at 7 of 27). Defendant says Plaintiff "sandbagged us." (*Id*. at 10 of 27). Who doesn't love a discovery dispute?

Plaintiff moved to strike invalidity contentions. (D.I. 234). The motion was briefed. (D.I. 241; D.I. 242). The magistrate judge held oral argument. (D.I. 258-1, Ex. 2). The magistrate judge ruled against Plaintiff. (D.I. 248). Plaintiff filed objections (D.I. 258), to which Defendant responded (D.I. 260).

I now review the objections. Plaintiff argues that the magistrate judge committed legal error. (D.I. 258). Plaintiff implicitly argues for a *de novo* standard of review. Defendant does really address the standard of review, and, in any event, does not disagree. (D.I. 260 at 3).

Plaintiff argues that the magistrate judge erroneously did not hold Defendant to the good cause standard of Federal Rule of Civil Procedure 16(b)(4) when she did not strike "Final Invalidity Contentions" that were filed about 35 days after the scheduling order's deadline for doing so. Defendant filed them without leave of court.

The parties agree that Defendant filed invalidity contentions on October 30, 2024, the date on which it was required to file final invalidity contentions. Defendant titled this document as "Second Amended Invalidity Contentions." (D.I. 173).

Plaintiff states that the "Final Invalidity Contentions" had six new theories, not just citations to additional evidence mostly obtained during discovery in November 2024. Plaintiff says it wants to exclude the theories, not the newly cited evidence. (D.I. 258 at 2).

Here is the way Plaintiff described the theories to the magistrate judge.

> [Liquidia asserts], for the first time, entirely new theories:
> 1. Improper inventorship (Ex. A, § II.C);
> 2. Anticipation by 2020 Press Release (*Id*., § II.B.1.);
> 3. Anticipation by prior public use (*Id*., § III);
> 4. Anticipation by Faria-Urbina 2018 (*Id*., § VI.E);
> 5. Obviousness in view of Faria-Urbina 2018 (*Id*., § VII.D);
> 6. Obviousness in view of a combination of a 2017 INCREASE Study Description in combination with Faria-Urbina 2018 or Agarwal 2015 and Saggar 2014 (Id., § VII.G).

(D.I. 241 at 2).

The magistrate judge, in her order, cites where, according to Defendant, these theories were disclosed on or before October 30, 2024. (D.I. 248 at 3-4). Plaintiff does not challenge the magistrate judge's "assessment of the record." (*Id*. at 3). Nevertheless, Defendant overstates its case. The magistrate judge's assessment was that Defendant disclosed the six theories in the invalidity contentions submitted October 30, 2024 (and had also disclosed some of them in its earlier contentions on June 4, 2024). (*Id*. at 4). I have reviewed the magistrate judge's assessment. Items 1 and 2 were literally disclosed by the October 30, 2024 deadline. Item 6 was disclosed in part. The theories involving prior public use and Faria-Urban 2018 were not disclosed. More specifically, Item 1 is disclosed, albeit as a sound bite, at D.I. 242-2 at 6 of 30. Item 2 is disclosed at *id*. at 6 & 7 of 30. Item 3's "prior public use" is disclosed at *id*. at 8-11 of

30, but it is not said to anticipate. Item 4's Faria-Urbina 2018 is disclosed at *id*. at 12-14 of 30, but it is not said to anticipate. Item 5's Faria-Urbina 2018 is discussed as part of various obviousness combinations, *id*. at 15-28 of 30, but it is not said to be the basis for obviousness by itself. Item 6's combination, minus Faria-Urbina 2018, is disclosed, *see id*. at 4 of 30.

I have also looked at the table of contents for the Final Infringement Contentions. (D.I. 241-2 at 3-9 of 156). The six theories are described in about four pages (improper inventorship), three pages (press release anticipation), eight pages (public use), seven pages (Faria-Urbina anticipation), four pages (Faria-Urbina obviousness), and four pages (Faria-Urbina as part of an obviousness combination). That's about thirty pages out of a total of 223 pages. By my count, conservatively, Defendant has at least twenty different invalidity theories.[1]

In the end, if the only question was, did Defendant disclose all its theories by October 30, 2024, I think the answer would have to be, "No." But maybe that is the only question.

I referred this case's discovery disputes to the magistrate judge on March 14, 2024. The parties had suggested the referral. They have been litigating this case and its predecessor for five years; they likely had a bad feeling about what was coming. The parties noticed discovery disputes on October 4, 2024 (D.I. 131), October 17, 2024 (D.I. 151), November 8, 2024 (D.I. 189), November 18, 2024 (D.I. 204), December 4, 2024 (D.I. 223), and December 18, 2024 (D.I. 234).[2] In other words, this dispute, which was noticed on December 18th, was the sixth noticed dispute in two and one-half months, which is an extraordinary amount of argumentativeness.

---

[1] Very recently, following case narrowing, Defendant reduced its invalidity arguments. (See D.I. 340). The only ones still at issue are item 1 (improper inventorship) and item 4 (Fabia-Urbina 2018 anticipation).

[2] They noticed two more disputes after December 6th. (*See* D.I. 270 (March 21, 2025) & D.I. 276 (April 1, 2025)).

The magistrate judge was undoubtedly thoroughly familiar with the parties and their lawyers by the time of the sixth dispute.

I think the key for the magistrate judge was that Defendant proposed extending the deadline for the final contentions on October 23rd, and Plaintiff provided no response for ten days, until November 2nd when it refused to agree to the extension. (*See* D.I. 258 at 13 of 27; *id*. at 9 of 27 ("Isn't that pulling the rug out from under them in some respect? . . . [I]f you were going to reject that request for an extension, you would have been up front with them.")).[3] Of course, November 2nd was after the deadline for Final Invalidity Contentions.

Defendant's position before the magistrate judge was, "the 'good cause' standard does not apply." (D.I. 242 at 1). I think Defendant is wrong.[4] When a court order states that "final contentions" are due by a certain date, a party's contentions filed by that date are going to be its "final contentions" no matter what title the party puts on them.[5] Here, Defendant filed contentions on October 30th including multiple theories of anticipation and obviousness. It did not put forth an anticipation theory for Fabia-Urbina 2018. Other than writing the words "improper inventorship," there were no contentions is support of that theory either. Defendant had no justification at all for not identifying Fabia-Urbina 2018 as an anticipatory reference and explaining how it anticipated. Defendant might have had more justification for not having a full theory on improper inventorship, since the depositions of the inventors were scheduled after the

---

[3] The magistrate judge concluded her order with a footnote, which I read as suggesting that, should the same circumstances reoccur, she might reach a different result. (D.I. 248 at 7 n.2).

[4] Defendant has subsequently argued that it met the good cause standard. (D.I. 260 at 3-4). I do not agree, and, in any event, Defendant did not seek leave for its filing in contravention of the scheduling order.

[5] Thus, I agree with the magistrate judge that Defendant met the October 30th deadline with its Second Amended Invalidity Contentions. Where I part ways with the magistrate judge is that compliance with the October 30th deadline does not mean that Defendant's December 3rd filing either complied with Rule 16(b)(4) or was exempt from Rule 16(b)(4).

deadline. (D.I. 242 at 1). Yet, even assuming (as appears to be the case) that Plaintiff's counsel's behavior was beneath the civility standards expected of lawyers appearing in this Court, Defendant took no meaningful steps to protect its position. Principally, Defendant did not seek leave to amend its contentions. Thus, I am compelled to strike the two late-disclosed theories. *See Chervon (HK) Ltd. v. One World Technologies, Inc*., 2023 WL 2372938, *3 (D. Del. Mar. 6, 2023).

Defendant is given leave to replace the two stricken theories with two of its many other theories. Defendant must file a letter identifying the two replacement theories by 6 p.m. May 29, 2025.

IT IS SO ORDERED this 28th day of May 2025.

/s/ Richard G. Andrews
United States District Judge