IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No. 23-975 (RGA) (SRF) |
| v. | ) ) |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO
FILE A SUR-REPLY BRIEF REGARDING DEFENDANT'S MOTION TO STRIKE**

Liquidia s Opposition to UTC's Motion for Leave to File a Sur-Reply (D.I. 450, "Opp.") gets the facts and law backwards. Not only is UTC's proposed sur-reply proper, but Liquidia distorts the trial record and mischaracterizes the documents cited in UTC's sur-reply.

**UTC's sur-reply is proper.** Liquidia argues—apparently lacking any appreciation for the irony of its argument—that UTC's sur-reply is "nothing more than post-trial attempts to provide new documentary evidence." Opp. at 1. But as UTC noted, "the trial record is closed" and need not be reopened. D.I. 449, Ex. A at 2. Rather, it is *Liquidia* that has offered new argument and attempted to rely on documents from outside the record, after trial—thus necessitating a sur-reply.[1]

UTC's sur-reply properly responds to a never-disclosed, never-argued, and repeatedly waived new argument that lacks any evidentiary support, *i.e.*, that UTC somehow did not own both the '327 and '793 patents when they were filed. Contrary to Liquidia's suggestion (at 1, 2, 3), the documentary evidence cited in UTC's sur-reply is not "critical" to the merits of UTC's position. The documents confirm UTC is correct on the merits, and are only critical to correcting the false and incomplete narrative in Liquidia's reply. D.I. 449, Ex. A (UTC Proposed Sur-Reply) at 2; D.I. 448 (Liquidia Reply). UTC filed its proposed sur-reply in response to Liquidia's new argument and new evidence and its specious accusations of "callous" misconduct and "disregard" for "honesty." D.I. 448 at 6. To be clear, Liquidia has conceded UTC's ownership of both the '793 and '327 patents throughout this case, including in Liquidia's Answer, and the trial record on common ownership is unrebutted. D.I. 447 at 2-4, 11. The Court should not entertain Liquidia's motion to strike, its new argument, or its new "evidence." However, as UTC made clear, if the Court were inclined to consider the merits of Liquidia's belated motion, it should have a full picture

---

[1] Even in its opposition to UTC's motion for a sur-reply, Liquidia improperly offers new substantive argument rather than simply stating its reasons for opposing UTC's motion.

1

of the information that Liquidia specifically sought and received during discovery.[2] D.I. 449, Ex. A at 2-4; *see also id.* at Exs. 18-21. Liquidia's unreported cases are factually distinct and non-binding. UTC's sur-reply properly provides views on newly cited evidence and will "allow the Court to more fully and fairly evaluate" the pending motion. *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013).

**Liquidia misstates the facts and law on common ownership.** Liquidia's argument that "UTC failed to meet its burden of production at trial" is backwards. Opp. at 1. Liquidia's flagrant attempt to rewrite the trial evidence and assign its own failure of proof to UTC turns the uncontested trial testimony and burdens of proof on their head. It is blackletter law that *Liquidia* bears the ultimate burden of proving that the '793 patent is prior art. *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996) (defendant bears "the burden of persuasion by clear and convincing evidence on all issues relating to the status of the [asserted reference] as prior art."). Liquidia never contested UTC's common ownership at any point before or during trial, and in fact repeatedly conceded it. Liquidia misreads interrogatory 1 and never propounded ownership interrogatories (Opp. at 2-3), which makes sense because ownership was conceded to support its obviousness-type double patenting invalidity theory and foreclosed by documents UTC produced. To the extent UTC still had any burden of production to prove a point that Liquidia had failed to dispute, UTC met that burden through Dr. Byrd's testimony that UTC owned both the '793 and '327 patents at all relevant times as well as the contents of the documents, including the patents themselves. *See* Tr. 36:13-24; 37 C.F.R. § 3.73(a); JTX-0001; DTX0002; DTX0375; D.I. 431 at

---

[2] UTC's exhibits are not hearsay, as Liquidia contends. *See United States v. Saada*, 212 F.3d 210, 218 n.8 (3d Cir. 2000) (citing FRE 801(c)); *see also Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992) ("A contract, for example, is a form of verbal act to which the law attaches duties and liabilities and therefore is not hearsay."). But if they are, so is Liquidia's Exhibit F.

2

5-12, D.I. 432 ¶¶ 24-25. Liquidia did not present any evidence to the contrary and thus failed to prove that the '793 patent is prior art. Put simply, especially where Liquidia failed to raise any timely objections to Dr. Byrd's personal knowledge or qualifications, there is no reasonable basis to conclude that UTC did *not* own both the '793 and '327 patents on April 17, 2020.

**Liquidia misconstrues the inventors' employment agreements.** Contrary to Liquidia's protestations, the highlighted paragraphs of Leigh Peterson's employment agreement are not "internally inconsistent." Opp. at 3-4. UTC disagrees that section 5(d) of the agreement is an "agreement to later assign patent rights" (*id.*), but in any event, Liquidia attempts to make the exact argument that the Federal Circuit rejected in *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 n.3 (Fed. Cir. 2008). That there might be "an additional act of assignment" in section 5(d) of Leigh Peterson's employment agreement does not "conflict[] with the clear language of the present, automatic assignment provision in [section 5(a) of] the agreement." *Id.* (finding employment agreement language reflecting a present, automatic assignment of rights in future inventions not contradicted by other agreement language reflecting an "agree[ment] to execute specific assignments"). The same is true for the employment agreement executed by CQ Deng and Peter Smith.

\*   \*   \*

For all the above reasons, the Court should grant UTC's motion for leave to file a sur-reply.

|  |  |
|---|---|
| OF COUNSEL | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Michael J. Flynn* |
| William C. Jackson | Michael J. Flynn (#5333) |
| Katherine Cheng | 1201 North Market Street |
| Eric Levi | P.O. Box 1347 |
| GOODWIN PROCTER LLP | Wilmington, DE 19899 |
| 1900 N St. NW | (302) 658-9200 |
| Washington, DC 20036 | mflynn@morrisnichols.com |
| (202) 346-4000 | |
|  | *Attorneys for Plaintiff United Therapeutics Corporation* |

Eric T. Romeo
Louis L. Lobel
Harrison Gunn
Jonathan E. Rankin
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Douglas Carsten
Art Dykhuis
Katherine Pappas
MCDERMOTT WILL & SCHULTE LLP
12636 High Bluff Drive, Suite 325
San Diego, CA 92130-7025
(619) 467-1801

Adam W. Burrowbridge
Ian B. Brooks
Courtney Seams
Lillian Spetrino
Jake B. Vallen
MCDERMOTT WILL & SCHULTE LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

Benjamin N. Ediger
Kyle Sorenson
MCDERMOTT WILL & SCHULTE LLP
300 Colorado Street, Suite 2200
Austin, TX 78701
(512) 726-2600

4

Adam J. Horowitz
Gabriel B. Ferrante
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

August 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 14, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Adam Pivovar, Esquire<br>Rachel Preston, Esquire<br>Rosalynd D. Upton, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Kyung Taeck Minn, Esquire<br>Lauren Strosnick, Esquire<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)