**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

UNITED THERAPEUTICS
CORPORATION,

    Plaintiff,

  v.

LIQUIDIA TECHNOLOGIES, INC.,

    Defendant.

:
:
:
:
:
:
:
:
:
:

Civil Action No. 23-975-RGA

ORDER

I am considering a motion to strike. (D.I. 436). In the relevant papers, Defendant points out the difference between Plaintiff's two responses to interrogatory no. 1, an original response on July 5, 2024 (D.I. 437-1 at 7 & 9 of 10) and a first supplemental response on November 13, 2024 (D.I. 437-3 at 7 & 10 of 11). The original response was, I would guess, about 8,500 words in total, of which four pages containing about 1000 words were filed with the motion to strike. (D.I. 437-1 at 4 to 7 of 10). The supplemental response appears to repeat the original response in total, helpfully identifying it as such by putting the date "(6/5/2024)"[1] after the heading "Response to Interrogatory No. 1." Thirty-three pages later, there appears the heading, "First Supplemental Response to Interrogatory No. 1 (11/13/2024)," which consists of about 250 words.

All of this seems pretty normal (including the typo). There was, however, at least one (and, so far as I know, only one) teeny-weeny change to the cut-and-paste copying of "Response to Interrogatory No. 1" into the First Supplemental Response (besides for the helpful

---

[1] The 6/5/2024 date appears to be a typo since the original response is dated July 5, 2024. (D.I. 437-1 at 9 of 10).

identification of "(6/5/2024)"), which was to change "*See* 35 U.S.C. § 102(a), (b) (post-AIA)" in the original to "*See* 35 U.S.C. § 102(b)(2)(C) (post-AIA)" in the apparent copy.

The first paragraph of Defendant's motion emphasized this change. "[Plaintiff] obscured [its theory] by editing its **original** July 2024 response without disclosing its change." (D.I. 437 at 1). I wondered what Plaintiff's response would be. It appears Plaintiff is a disciple of the phrase Vince Lombardi made famous: "The best defense is a good offense." Plaintiff does not say that it disclosed that it had changed the response. Instead, it says it should be "credit[ed]" with "providing additional clarity" and, at the same time, saying there was "no meaningful difference" between the original and the change. (D.I. 447 at 12-13). Plaintiff does not explain how changing about ten keystrokes in an 8,500-word original while representing the original is unchanged is anything other than deceptive and, as Defendant states in its reply brief, "backdated." (D.I. 448 at 1).

I request that Plaintiff provide a declaration under oath identifying the lawyer who, in the supplemental response, altered the original interrogatory response and added the date "(6/5/2024)." I further request that any other lawyers for Plaintiff who approved these two changes should be identified by Plaintiff. The lawyer who made the changes, and any lawyer who approved the changes, should submit a declaration explaining what their thinking was as to why changing a document that purported to be a copy of a previously-filed document was honest, and, if the lawyer thought this was a helpful change, why the lawyer did not put it in the supplemental response or, at least, point this out to someone on Defendant's side.

Plaintiffs' declarations are due in two weeks. I will advise if I want any further submissions from anyone after I have reviewed those declarations.

IT IS SO ORDERED this 21st day of July 2026.

United States District Judge