IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) | C.A. No. 23-975 (RGA) |
| v. | ) ) | |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**DECLARATION OF MICHAEL J. FLYNN IN
RESPONSE TO COURT'S JULY 22, 2026 ORDER (D.I. 465)**

I, Michael J. Flynn, declare as follows:

1.      I am a partner at Morris, Nichols, Arsht & Tunnell LLP in Wilmington, Delaware and one of the lawyers representing Plaintiff United Therapeutics Corporation in connection with the above action.  This declaration is made on my personal knowledge and belief, and I could and would testify competently as to the contents if called as a witness.

2.      At approximately 1:12 pm ET on the afternoon of July 5, 2024, I received by email from Art Dykhuis of McDermott Will & Emery a draft of UTC's Responses and Objections to Liquidia's First Set of Interrogatories (Nos. 1-6).

3.      A true and correct copy of excerpts from that draft of the responses sent by Mr. Dykhuis at 1:12 pm on July 5, 2024, is attached as **Exhibit 1**.  As relevant to the issue before the Court now, the draft of the responses from Mr. Dykhuis included the citation to "35 U.S.C. § 102(b)(2)(C) (post-AIA)", as shown below:

> **A.  Liquidia fails to establish anticipation by the '793 patent**
>
> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(b)(2)(C) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation argument and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

Ex. 1 at 11.[1]

4.  At approximately 4:46 pm ET on July 5, 2024, I received an email attaching the revised final version of the interrogatory responses from Kathy Pappas of McDermott Will & Emery LLP for service to Liquidia.  A true and correct copy of excerpts from the revised interrogatory responses attached to that message is attached as **Exhibit 2**.

5.  As relevant to the issue currently before the Court, the final draft of the responses I received from Ms. Pappas had been revised to change the citation on page 11 from "35 U.S.C. § 102(b)(2)(C) (post-AIA)" to "35 U.S.C. § 102(a), (b) (post-AIA)" as shown below:

---

[1]    All highlighting in the images was added for purposes of this declaration.

> **A. Liquidia fails to establish anticipation by the '793 patent**
>
> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(a), (b) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation arguments and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

Ex. 2 at 11.  This final revised version of the interrogatory responses was served upon Liquidia on July 5, 2024.

6.    In addition to the change to the citation at issue on page 11 noted above, there were other non-substantive edits between the original draft interrogatory responses I received from Mr. Dykhuis on July 5 at 1:12 pm and the final revised responses that were served on Liquidia on July 5, 2024.  For example, on page 10 of the 1:12 pm draft responses there is a reference to "the '327 patent" as shown below:

> **I.    The Asserted Claims are not anticipated**
>
> The Asserted Claims are not anticipated because no single, enabling reference identified by Liquidia discloses each and every element of the claimed invention. *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 545 F.3d 1312, 1314 (Fed. Cir. 2008) ("In order to anticipate a claimed invention, a prior art reference must enable one of ordinary skill in the art to make the invention without undue experimentation.") (citing *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1336 (Fed. Cir. 2008)). None of the references cited in the Invalidity Contentions anticipate the '327 patent.[2]

Ex. 1 (7/5 1:12 pm draft responses) at 10.  In the final version served on Liquidia, that text was changed to "the Asserted Claims" as shown below:

3

> **I.   The Asserted Claims are not anticipated**
>
> The Asserted Claims are not anticipated because no single, enabling reference identified by Liquidia discloses each and every element of the claimed invention. *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 545 F.3d 1312, 1314 (Fed. Cir. 2008) ("In order to anticipate a claimed invention, a prior art reference must enable one of ordinary skill in the art to make the invention without undue experimentation.") (citing *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1336 (Fed. Cir. 2008)). None of the references cited in the Invalidity Contentions anticipate the Asserted Claims.[2]

Ex. 2 (final revised 7/5 responses) at 10. As another example, the 1:12 pm draft responses references "Liquidia's anticipation argument" (singular) in the paragraph on page 11 currently at issue, whereas the final served responses reference "Liquidia's anticipation arguments" (plural), as shown below:

> **A.   Liquidia fails to establish anticipation by the '793 patent**
>
> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(b)(2)(C) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation argument and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

Ex. 1 (original 7/5 1:12 pm draft responses) at 11.

> **A. Liquidia fails to establish anticipation by the '793 patent**
>
> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(a), (b) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation arguments and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

Ex. 2 (final revised 7/5 responses) at 11.

7.      In response to the Court's July 22, 2026 Order (D.I. 465), I ran a comparison between the original draft interrogatory responses I received from Mr. Dykhuis at 1:12 pm on July 5 against the final revised version received later that day from Ms. Pappas that was served on Liquidia.  Attached as **Exhibit 3** is a true and correct copy of excerpts from that comparison (pages 1-20) for the same pages of **Exhibit 1** (original 7/5 1:12 pm draft responses) and **Exhibit 2** (final revised 7/5 responses).  The comparison identifies changes between the two drafts in purple text, as shown on pages 1-4, 6-7, 9-12, and 15-20. Ex. 3.

8.      On November 13, 2024, at approximately 4:45 pm, I received an email from Jake Vallen of McDermott Will & Emery LLP attaching UTC's Supplemental Responses and Objections to Liquidia's Interrogatories (Nos. 1-6).  A true and correct copy of excerpts of the supplemental responses (pages 1-20, 42, 49, 52, 54, 56) I received from Mr. Vallen is attached as **Exhibit 4**.  These supplemental responses were served on Liquidia at approximately 5:00 pm that same day.  *See* D.I. 437, Ex. C.

9.      In preparing this response to the Court's July 22, 2026 Order (D.I. 465), I compared the original draft interrogatory responses I received from Mr. Dykhuis at 1:12 pm on July 5, 2024,

(Ex. 1) to the version of the supplemental responses I received from Mr. Vallen on November 13, 2024 (Ex. 4), that were served on Liquidia.  A true and correct copy of excerpts of that comparison (pages 1-20) is attached as **Exhibit 5**.  With the exception of the addition of "(6/5/2024)" [*sic*] after "Response to Interrogatory No. 1" on page 8 and an edit on page 20 (*see* Dykhuis Decl., ¶ 5), the text of the original response to Interrogatory No. 1 is the same as the text of the draft version of the response I received from Mr. Dykhuis at 1:12 pm on July 5, 2024.

10.      I further compared the final revised interrogatory responses I received at 4:46 pm on July 5 from Ms. Pappas (Ex. 2) to the November 13 supplemental responses from Mr. Vallen (Ex. 4).  A true and correct copy of excerpts of that comparison (pages 1-20) is attached as **Exhibit 6**.  The comparison in Exhibit 6 shows changes between the November 13 supplemental responses and the July 5 final revised responses.

11.      Exhibit 6 shows that edits made between the original draft responses I received from Mr. Dykhuis at 1:12 pm on July 5 and the final revised version of the responses I received later from Ms. Pappas at 4:46 pm on July 5 were not present in the November 13 supplemental responses.  For example:

    a. On page 7, the final revised July 5 responses corrected capitalizations of "instructions" under "Objections to Instructions" that are not present in the supplemental responses:

> **OBJECTIONS TO INSTRUCTIONS**
>
> 1.    UTC objects to the Instructions accompanying Liquidia's Interrogatories to the extent that such Instructions are not consistent with the provisions of the Federal Rules of Civil Procedure, and the extent to which these Instructions purport to require UTC to take actions or provide information not required by, or exceeding the scope of that required by, or otherwise imposing discovery obligations on UTC that are broader than the Federal Rules of Civil Procedure, the Default Standard for Discovery, or other applicable local rules and rules of the Court.

Ex. 2 (final revised 7/5 responses) at 7.

> **OBJECTIONS TO INSTRUCTIONS**
>
> 1.    UTC objects to the instructions accompanying Liquidia's Interrogatories to the extent that such instructions are not consistent with the provisions of the Federal Rules of Civil Procedure, and the extent to which these instructions purport to require UTC to take actions or provide information not required by, or exceeding the scope of that required by, or otherwise imposing discovery obligations on UTC that are broader than the Federal Rules of Civil Procedure, the Default Standard for Discovery, or other applicable local rules and rules of the Court.

Ex. 4 (November 13 supplemental responses) at 7.

b.  On page 9, the final revised July 5 responses correct "UTC" to "UTC's" and added "Liquidia's" in the next sentence, which are not present in the supplemental responses:

> UTC further objects to this Interrogatory to the extent it attempts to shift the burden of proof to UTC. Liquidia has the burden of proving invalidity by clear and convincing evidence, and that burden does not ever shift to UTC. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Nothing in this response should be construed as UTC voluntarily taking on any burden that is allocated by law to Liquidia. UTC's response is limited in scope to responding to Liquidia's Initial Invalidity Contentions dated June 3, 2024 ("Invalidity Contentions"). Liquidia's Invalidity Contentions are deficient in multiple respects and do not provide UTC with sufficient information to fully understand the bases for Liquidia's invalidity allegations. UTC reserves the right to

Ex. 2 (final revised 7/5 responses) at 9.

> UTC further objects to this Interrogatory to the extent it attempts to shift the burden of proof to UTC. Liquidia has the burden of proving invalidity by clear and convincing evidence, and that burden does not ever shift to UTC. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Nothing in this response should be construed as UTC's voluntarily taking on any burden that is allocated by law to Liquidia. UTC's response is limited in scope to responding to Liquidia's Initial Invalidity Contentions dated June 3, 2024 ("Invalidity Contentions"). Liquidia's Invalidity Contentions are deficient in multiple respects and do not provide UTC with sufficient information to fully understand the bases for invalidity allegations. UTC reserves the right to supplement,

Ex. 4 (November 13 supplemental responses) at 9.

c.  The changes discussed above in Paragraph 6 of this declaration are not present in the "6/5/2024" response to Interrogatory No. 1 of the supplemental responses:

> **I.    The Asserted Claims are not anticipated**
>
> The Asserted Claims are not anticipated because no single, enabling reference identified by Liquidia discloses each and every element of the claimed invention. *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 545 F.3d 1312, 1314 (Fed. Cir. 2008) ("In order to anticipate a claimed invention, a prior art reference must enable one of ordinary skill in the art to make the invention without undue experimentation.") (citing *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1336 (Fed. Cir. 2008)). None of the references cited in the Invalidity Contentions anticipate the Asserted Claims.[2]

Ex. 2 (final revised 7/5 responses) at 10.

> **I.    The Asserted Claims are not anticipated**
>
> The Asserted Claims are not anticipated because no single, enabling reference identified by Liquidia discloses each and every element of the claimed invention. *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 545 F.3d 1312, 1314 (Fed. Cir. 2008) ("In order to anticipate a claimed invention, a prior art reference must enable one of ordinary skill in the art to make the invention without undue experimentation.") (citing *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1336 (Fed. Cir. 2008)). None of the references cited in the Invalidity Contentions anticipate the '327 patent.[3]

Ex. 4 (November 13 supplemental responses) at 10-11.

> **A.  Liquidia fails to establish anticipation by the '793 patent**
>
> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(a), (b) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation arguments and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

Ex. 2 (final revised 7/5 responses) at 11.

> **A.  Liquidia fails to establish anticipation by the '793 patent**
>
> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(b)(2)(C) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation argument and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

9

Ex. 4 (November 13 supplemental responses) at 11.

12.     Based on the foregoing comparisons, it appears that the attorney preparing the November 13 supplemental responses inadvertently prepared those responses starting from a version of the draft responses that did not include edits made after the draft I received from Mr. Dykhuis at 1:12 pm on July 5, rather than the final revised version I received from Ms. Pappas later that day.

13.     When preparing the November 13 supplemental responses for service to Liquidia, I did not realize that the original response to Interrogatory No. 1 (marked "6/5/2024") was different from the final revised response to Interrogatory No. 1 that was served on July 5.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 24th day of July, 2026, in Wilmington, Delaware.

Michael J. Flynn (#5333)

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 24, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Rachel Preston, Esquire<br>John A. Habibi, Esquire<br>NORTON ROSE FULBRIGHT US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Adam Pivovar, Esquire<br>Phillip E. Morton, Esquire<br>Rosalynd D. Upton, Esquire<br>Jordan Landers, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC  20004-2400<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Daniel Knauss, Esquire<br>Lauren Strosnick, Esquire<br>Kyung Taeck Minn, Esquire<br>Andrew Lau, Esquire<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304-1130<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

Thomas Touchie, Esquire
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

*VIA ELECTRONIC MAIL*

Annie Beveridge, Esquire
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
(858) 550-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)

2