IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) | C.A. No. 23-975 (RGA) |
| v. | ) ) | |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**DECLARATION OF ERIC T. ROMEO IN RESPONSE TO
THE COURT'S JULY 22, 2026 ORDER (D.I. 465)**

I, Eric T. Romeo, declare as follows:

1.      I am a Partner at Goodwin Procter LLP ("Goodwin") in Boston, Massachusetts, where I have worked since 2014.

2.      I am licensed to practice in Massachusetts and am one of the lawyers representing Plaintiff United Therapeutics Corporation ("UTC") in connection with the above action. UTC is represented in this action by outside counsel from three law firms:  Morris Nichols Arsht & Tunnell LLP ("Morris Nichols"), McDermott Will & Schulte LLP ("McDermott"), and Goodwin.

3.      This declaration is made on my personal knowledge and belief, and I would and could testify competently as to the contents of this declaration if called as a witness.

4.      I submit this declaration in response to the Court's Order, D.I. 465.

5.      UTC's July 5, 2024 Interrogatory Responses ("Initial Responses") and November 13, 2024 Supplemental Interrogatory Responses ("Supplemental Responses") were prepared by a team of lawyers comprised of partners and associates from McDermott and Goodwin.  I supervised the Goodwin portion of those teams with respect to both the Initial Responses and the Supplemental Responses.

1

6.      Below, I will discuss two of the issues raised in the Court's order, namely: (A) the differences in text between UTC's Initial Responses and the Supplemental Responses, particularly as it relates to a citation of 35 U.S.C. § 102; and (B) the inclusion of the label "6/5/2024" in the Supplemental Responses.  Based on my memory and my review of the relevant documents, these issues reflect separate, unintentional drafting errors that occurred during the preparation of the Supplemental Responses.  Both errors were honest mistakes and do not reflect an attempt to mislead Liquidia or its counsel.

**A.      Differences in Text Between UTC's Initial and Supplemental Responses**

7.      The presence of the text "*See* 35 U.S.C. § 102(b)(2)(C) (pre-AIA)" in the Supplemental Responses is the result of an unintentional version control error that occurred during the drafting of this document.  As discussed in detail below, there were multiple versions of the Initial Responses: (1) a 1:07 PM ET draft; (2) a 1:12 PM ET draft; and (3) a 4:46 PM ET draft (all July 5, 2024). The error occurred because another attorney inadvertently used the wrong version of the Initial Responses, the widely circulated 1:07 PM ET draft, as a starting point to prepare the Supplemental Responses.  I have no reason to believe that either UTC's Initial Responses or its Supplemental Responses were drafted with deceptive intent, and I certainly had no intent to mislead or deceive the Court or Liquidia.

8.      UTC's Responses to Liquidia's First Set of Interrogatories were due on July 5, 2024.

9.      At 1:07 PM ET on July 5, 2024, my co-counsel Arthur Dykhuis circulated a draft of UTC's Initial Responses amongst a broad group of UTC's outside counsel.  An excerpt of the 1:07 PM draft of UTC's Initial Responses is reproduced in **Exhibit A** to the declaration of Arthur Dykhuis.  In connection with the issues identified by the Court in D.I. 465, page 11 of this draft

(UTC's response to Liquidia's Interrogatory No. 1), contains an explicit citation to "35 U.S.C. § 102(b)(2)(C) (post-AIA)":

> **A.  Liquidia fails to establish anticipation by the '793 patent**
>
> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(b)(2)(C) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation argument and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

Dykhuis Decl. **Exhibit A** at 11 (highlight added).

10.     At 1:12 PM ET that day, Mr. Dykhuis sent a slightly modified version of the Initial Responses to Michael Flynn at Morris Nichols, copying me and Katherine Pappas.  An excerpt of this document is attached as **Exhibit 1** to the declaration of Michael Flynn.  I understand that this 1:12 PM version differs from the 1:07 PM version discussed above in only four words and one comma, all of which appear on page 20 of the document.  No modification was made to the "35 U.S.C. § 102(b)(2)(C) (post-AIA)" citation on page 11.

11.     At 2:22 PM ET that day, Ms. Pappas sent an email to me, Mr. Dykhuis and Mr. Flynn indicating, that she and Mr. Dykhuis intended to perform a final pass of the document to correct any nits and other typographical errors prior to service.  At 4:46 PM ET, Ms. Pappas sent a revised, final version of to Michael Flynn at Morris Nichols for purposes of service. An excerpt of the 4:46 PM draft of UTC's Initial Responses is attached as **Exhibit 2** to the declaration of Michael Flynn.  Ms. Pappas' email did not provide any redline comparison between this revised draft and the prior 1:07 PM or 1:12 PM versions of the document.

12.     For the Court's convenience, I understand Michael Flynn has prepared an excerpted redline comparison between the 1:12 PM and 4:46 PM versions of UTC's Initial Contentions, which is attached to Mr. Flynn's Declaration as **Exhibit 3**.  This redline comparison was created for the purpose of the Declaration.

13.     Flynn Decl. **Exhibit 3** depicts edits made to UTC's Initial Responses between 1:12 PM and 4:46 PM.  These edits include, but are not limited to, the aforementioned citation on page 11 from "*See* 35 U.S.C. § 102(b)(2)(C) (post-AIA)" to "*See* 35 U.S.C. § 102(a), (b) (post-AIA)":

> The '793 patent does not anticipate the Asserted Claims. The examiner considered the '793 patent during prosecution of the '327 patent and allowed issuance of the Asserted Claims. UTC_PH-ILD_011016 at UTC_PH-ILD_013088 (considering the '793 patent on February 27, 2023), UTC_PH-ILD_013123-UTC_PH-ILD_013128 (Notice of Allowance and Notice of Allowability). And that assumes that the '793 patent is prior art, which Liquidia has not proven. *See* 35 U.S.C. § 102(a), (b)(2)(C) (post-AIA). Likewise, in connection with UTC's motion for a preliminary injunction, the Court considered Liquidia's anticipation argumentarguments and concluded that the '793 patent failed to raise a substantial question of validity. D.I. 96 at 12.

Flynn Decl. **Exhibit 3** at 11.

14.     At the time, I was not aware of any particular changes between the documents.

15.     Several months later on November 8, 2024, I asked my colleague Gabriel Ferrante to prepare a "shell" document from which we could draft supplemental responses to Liquidia's Interrogatories, using the substance of our July 5 Initial Responses as the starting point for this "shell."  Mr. Ferrante subsequently prepared the requested "shell", and our team used it to draft the Supplemental Responses that were eventually served on Liquidia.

16.     Upon review, it appears that Mr. Ferrante used Dykhuis Decl. **Exhibit A** (the unserved 1:07 PM draft of the Initial Responses) to generate the "shell" rather than Flynn Decl.

4

**Exhibit 2** (the as-served 4:46 PM version).  I understand that this mistake occurred because: (1) Mr. Ferrante was not aware of Ms. Pappas's July 5, 2024 pre-service email containing Flynn Decl. **Exhibit 2**; (2) Dykhuis Decl. **Exhibit A** was the last draft of UTC's Initial Responses that had been widely circulated among the case team in Microsoft Word format; and (3) Mr. Ferrante was unaware of changes having been made to Dykhuis Decl. **Exhibit A** prior to service.  In short, I understand that Mr. Ferrante believed Dykhuis Decl. **Exhibit A** was the operative Microsoft Word version of the UTC's Initial Responses.

17.    The practical consequence of this version control error was that the text of all drafts of the Supplemental Responses thereafter used the versions of the prior interrogatory responses contained in Dykhuis Decl. **Exhibit A** (1:07 PM) and not those contained in Flynn Decl. **Exhibit 2** (4:46 PM).  In other words, none of the changes made to the Initial Responses after 1:07 PM on July 5, 2024—including but not limited to the change from "*See* 35 U.S.C. § 102(b)(2)(C)" to "*See* 35 U.S.C. § 102(a), (b)"—were ever transferred to the Supplemental Responses.

18.    I never spotted this issue during the process of preparing the Supplemental Responses in November 2024.  Once the "shell" for the Supplemental Responses had been assembled, I am not aware of any UTC counsel making changes to the parts of the document that purported to recite UTC's prior interrogatory responses.  Any discrepancies between UTC's Initial and Supplemental Responses therefore originated from the copied-and-pasted "shell" text used to prepare the Supplemental Responses, not from subsequent edits by UTC counsel.  We similarly did not report the issue to Liquidia or its counsel because we did not know that these discrepancies existed at the time.

19.    I am unaware of any evidence that UTC counsel attempted to deceive Liquidia by making backdated edits to UTC's prior interrogatory responses.  Rather, the discrepancies between

UTC's Initial and Supplemental Responses are the result of an unintentional version control error that myself and other UTC counsel did not recognize, and as a result, did not edit. I sincerely regret that these errors occurred and apologize for any confusion they may have caused.

**B.        Use of "(6/5/2024)" Label in Supplemental Responses**

20.        The inclusion of the text "(6/5/2024)" in Supplemental Responses was an inadvertent typographical error made by me on November 8, 2024 during the preparation of the "shell" from which that document was prepared.

21.        I added this text consistent with my typical practice of ensuring that any prior interrogatory response recited in a supplement is dated (because litigants often supplement multiple times).  This edit, which can be seen on pages 8, 42, 49, 52, 54, and 56 (internal pagination) of the as-served Supplemental Responses (Excerpted in Flynn Decl. **Ex. 4**), was an attempt to add clarity to the document, not to conceal anything from Liquidia.  As discussed above, I believed that the document I was editing at the time contained a true and correct recitation of UTC's Initial Responses as served on Liquidia, so I proposed adding dates to every recitation of a prior interrogatory response. My intention was to report the service date of the Initial Responses, *i.e.*, July 5, 2024, however I incorrectly typed "(**6**/5/2024)" instead of "(**7**/5/2024)."  This error was not unique to UTC's response to Interrogatory No. 1, and was carried over to each of the five other interrogatory responses in the document.

22.        Despite being introduced at the very beginning of the drafting process, neither I nor the rest of the team caught this mistake before the document was served on Liquidia.

23.        At no time have I had any intention of deceiving either the Court or Liquidia.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 24th day of July, 2026 in Boston, Massachusetts

_____

Eric T. Romeo

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 24, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Sanya Sukduang, Esquire<br>Jonathan Davies, Esquire<br>Rachel Preston, Esquire<br>John A. Habibi, Esquire<br>NORTON ROSE FULBRIGHT US LLP<br>799 9th Street NW, Suite 1000<br>Washington, DC 20001<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Adam Pivovar, Esquire<br>Phillip E. Morton, Esquire<br>Rosalynd D. Upton, Esquire<br>Jordan Landers, Esquire<br>COOLEY LLP<br>1299 Pennsylvania Avenue, NW, Suite 700<br>Washington, DC 20004-2400<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Daniel Knauss, Esquire<br>Lauren Strosnick, Esquire<br>Kyung Taeck Minn, Esquire<br>Andrew Lau, Esquire<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>*Attorneys for Defendant Liquidia Technologies, Inc.* | *VIA ELECTRONIC MAIL* |

Thomas Touchie, Esquire
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

*VIA ELECTRONIC MAIL*

Annie Beveridge, Esquire
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
(858) 550-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)

2