IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION, <br><br> Plaintiff <br><br> v. <br><br> LIQUIDIA TECHNOLOGIES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )   C.A. No. 23-975 (RGA) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF KATHERINE M. PAPPAS**

I, Katherine M. Pappas, declare as follows:

1.      I am an attorney at McDermott, Will & Schulte in San Diego, California and one of the lawyers representing Plaintiff United Therapeutics Corporation in connection with the above action.

2.      I submit this declaration in response to the Court's Order, D.I. 465.

3.      This declaration is made on my personal knowledge and belief, and I could and would testify competently as to the contents if called as a witness.

4.      UTC's Initial Responses to Liquidia's First Set of Interrogatories (the "Initial Interrogatory Responses") were due on July 5, 2024.

5.      At 1:07 pm ET[1] on July 5, 2024, my co-counsel Art Dykhuis circulated a draft of the Initial Interrogatory Responses, cc'ing me on the email thread. I was tasked with providing local counsel the final version of the responses for service, which included first reviewing for any nits or corrections to be made.

---

[1] Mr. Dykhuis, Mr. Carsten and I are located in California, and therefore on Pacific Time. I have converted time references in my declaration to Eastern Time for the Court's convenience.

6.  Relevant to the Court's Order, D.I. 465, the draft circulated at 1:07 pm ET included a statement that UTC's U.S. Patent No. 10,716,793 ("'793 patent") was not prior art. Liquidia had identified the '793 patent as prior art in its initial invalidity contentions, and Interrogatory No. 1 asked for "the basis for any disagreement with Liquidia's invalidity contentions, including any disagreement as to whether any of the cited references do not constitute prior art[.]" One of the then-outstanding questions in the Initial Interrogatory Responses was what statutory section(s) to cite in the response to Interrogatory No. 1, when explaining UTC's contention that Liquidia had not proven that the '793 patent was prior art to the asserted post-AIA patent. The draft of the Initial Interrogatory Responses that Mr. Dykhuis had circulated at 1:07 pm ET included the citation to "§ 102(b)(2)(C) (post-AIA)."

7.  In determining whether it made sense to cite to "§ 102(b)(2)(C) (post-AIA)" in the Initial Interrogatory Responses, I reviewed § 102 (post-AIA), the face of the '793 patent, and the asserted '327 patent.

8.  My recollection of my reading of post-AIA § 102(a) was that it identifies what constitutes invalidating prior art under the AIA. Because § 102(a) identified what qualifies as prior art, I believed that the interrogatory response should include that provision in the citation when stating our support for the contention that Liquidia had not proven the '793 patent to be post-AIA prior art.

9.  My recollection of my reading of post-AIA § 102(b) was that it identifies what constitutes exceptions to the general definition of prior art under the AIA, so I further considered the scope of each of the exceptions identified under § 102(b) (post-AIA).

10.  The last § 102(b) exception is the common-ownership exception of § 102(b)(2)(C), the provision that was cited in the 1:07 pm ET draft that I was evaluating. Based on my review, I understood § 102(b)(2)(C) to be the only applicable exception articulated by § 102(b) (post-AIA),

2

and therefore the same material disclosure of our contention as citing to "§ 102(a), (b) (post-AIA)" because the other § 102(b) exceptions appeared facially nonviable.

11.    On balance, I understood that citing to "§ 102(a), (b) (post-AIA)" was more accurate for including "§ 102(a)", appropriately specific by including "(post-AIA)" to clarify UTC's position that the '327 patent is post-AIA, and necessarily included the § 102(b)(2)(C) exception.

12.    I revised the draft response to Interrogatory No. 1 in our Initial Interrogatory Responses to cite to "§ 102(a), (b) (post-AIA)" on July 5, 2024, prior to sending the final version to local counsel for service.

13.    To the best of my recollection, I was not directly involved in the preparation of the supplemental interrogatory responses in November.  It appears from reviewing the as-served original and supplemental responses that the supplemental responses served in November used the version that Mr. Dykhuis circulated at 1:07 pm ET as the starting point rather than using the final version that I sent to local counsel later in the day on July 5, 2024.  I was not aware of any discrepancy between UTC's Initial Interrogatory Responses and UTC's Supplemental Interrogatory Responses at the time.

14.    At no time have I had any intention of deceiving either the Court or Liquidia.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 24th day of July, 2026, in San Diego, California

Katherine M. Pappas

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 24, 2026, upon the following in the manner indicated:

Karen E. Keller, Esquire                                          *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant Liquidia Technologies, Inc.*

Sanya Sukduang, Esquire                                       *VIA ELECTRONIC MAIL*
Jonathan Davies, Esquire
Rachel Preston, Esquire
John A. Habibi, Esquire
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
*Attorneys for Defendant Liquidia Technologies, Inc.*

Adam Pivovar, Esquire                                          *VIA ELECTRONIC MAIL*
Phillip E. Morton, Esquire
Rosalynd D. Upton, Esquire
Jordan Landers, Esquire
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
*Attorneys for Defendant Liquidia Technologies, Inc.*

Daniel Knauss, Esquire                                         *VIA ELECTRONIC MAIL*
Lauren Strosnick, Esquire
Kyung Taeck Minn, Esquire
Andrew Lau, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
*Attorneys for Defendant Liquidia Technologies, Inc.*

Thomas Touchie, Esquire                                          *VIA ELECTRONIC MAIL*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

Annie Beveridge, Esquire                                         *VIA ELECTRONIC MAIL*
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
(858) 550-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*


                                        */s/ Michael J. Flynn*
                                        _____
                                        Michael J. Flynn (#5333)


2