IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED THERAPEUTICS
CORPORATION,

     Plaintiff

     v.

LIQUIDIA TECHNOLOGIES, INC.,

     Defendant.

)
)
)
)
) C.A. No. 23-975 (RGA)
)
)
)
)
)

**DECLARATION OF GABRIEL B. FERRANTE
IN RESPONSE TO THE COURT'S ORDER D.I. 465**

I, Gabriel B. Ferrante, declare as follows:

1.  I am an attorney licensed to practice in New York and have been an associate at the law firm of Goodwin Procter LLP since 2022.

2.  I submit this declaration in response to the Court's Order, D.I. 465.

3.  This declaration is made on my personal knowledge and belief, and I could and would testify competently as to the contents if called as a witness.

4.  Under the supervision of partners on the matter, I assisted with drafting and editing Plaintiff United Therapeutics Corporation's ("UTC") Responses & Objections to Defendant Liquidia Technologies Inc.'s ("Liquidia") First Set of Interrogatories (No. 1–6) before UTC's Responses were due.

5.  UTC's Responses to Liquidia's First Set of Interrogatories were due on July 5, 2024.

6.  On July 5, 2024 at 1:07 PM Eastern Time, I was copied on an email from Art Dykhuis, an attorney at McDermott Will & Emery LLP ("McDermott")[1] enclosing a draft of

---

[1] Now McDermott Will & Shulte LLP.  D.I. 439.

UTC's Responses.  The email addressees included "DG-ILD@goodwinlaw.com," which is a Goodwin Procter email distribution group of which I am a member. An excerpt of the Microsoft Word document attached to Mr. Dykhuis' 1:07 PM email is attached to his Declaration as Dykhuis Decl. **Exhibit A**.

7.      In connection with the issues identified by the Court in D.I. 465, Dykhuis Decl. **Exhibit A**, the word document attached to Mr. Dykhuis' 1:07 PM email contained the text "§ 102(b)(2)(C) (post-AIA)."

8.      At that time, I understood the Responses to be final.  I received no further Microsoft Word document versions of the Interrogatory Responses on July 5, 2024.

9.      At 5:21 PM Eastern Time on July 5, 2024, I received an email from Rebecca Hoy, Administrative Assistant at Delaware Counsel, Morris, Nichols, Arsht & Tunnell LLP attaching a PDF service copy of UTC's Responses.

10.     At that time, I did not know that the service copy contained any changes from the last Microsoft Word version of the document I had received, Dykhuis Decl. **Exhibit A**.

11.      I was unaware of any later Microsoft Word versions because I was not copied on the later emails to Mr. Flynn.

12.     On November 8, 2024, a partner under whose supervision I was working, Eric Romeo, asked me to prepare a "shell" of a draft of the Supplemental Interrogatory Responses to be served before the close of fact discovery.  At that time, I was unaware that any changes had been made to Dykhuis Decl. **Exhibit A** before it was served on July 5, 2024.  Instead, I mistakenly understood Dykhuis Decl. **Exhibit A** (*i.e.*, the last Microsoft Word version I had received) and the PDF service version, to contain the same text.

13.     Accordingly, in response to Mr. Romeo's request, I used the Microsoft Word document I had received at 1:07 PM Eastern Time on July 5, 2024 (Dykhuis Decl. **Exhibit A**), as

2

the starting point for the draft of the Supplemental Responses.  My intention was to start the draft of the Supplemental Response from a Microsoft Word version of UTC's Responses containing the same text as had been served on Liquidia on July 5, 2024.

14.    Later on November 8, 2024, I sent Mr. Romeo the requested "shell" for UTC's Supplemental Interrogatory Responses.  In connection with the issues identified by the Court in D.I. 465, that draft contained the text "§ 102(b)(2)(C) (post-AIA)" because I had not edited that text, which also appeared in Dykhuis Decl. **Exhibit A**, which I had used as a starting point.

15.    The draft also did not contain the changes appearing in Flynn Decl. **Exhibits 1** or **2**, because I was not aware those changes had been made or that later Microsoft Word versions of the document—including Flynn Decl. **Exhibits 1** and **2**—existed.

16.    I subsequently worked on additional versions of the Supplemental Interrogatory Responses, but at no point edited the text "§ 102(b)(2)(C) (post-AIA)."  I did not edit that text because I mistakenly believed it to match the text of UTC's Interrogatory Responses served on July 5, 2024.

17.    At no point was my intention for UTC's Supplemental Interrogatory Responses to incorporate any unidentified changes.

18.    At 5:02 PM Eastern Time on November 13, 2024, I received an email, again from Ms. Hoy, attaching a service copy of UTC's First Supplemental Interrogatory Responses.

19.    At that time, I was unaware that there were differences between UTC's Responses served on July 5, 2024 and the recitation of those responses contained in UTC's Supplemental Responses served on November 13, 2024.

20.    At no time have I had any intention of deceiving either the Court or Liquidia.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

3

Signed this 24th day of July, 2026 in New York, NY

Gabriel B. Ferrante

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 24, 2026, upon the following in the manner indicated:

Karen E. Keller, Esquire                                    *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant Liquidia Technologies, Inc.*

Sanya Sukduang, Esquire                                    *VIA ELECTRONIC MAIL*
Jonathan Davies, Esquire
Rachel Preston, Esquire
John A. Habibi, Esquire
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
*Attorneys for Defendant Liquidia Technologies, Inc.*

Adam Pivovar, Esquire                                      *VIA ELECTRONIC MAIL*
Phillip E. Morton, Esquire
Rosalynd D. Upton, Esquire
Jordan Landers, Esquire
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
*Attorneys for Defendant Liquidia Technologies, Inc.*

Daniel Knauss, Esquire                                     *VIA ELECTRONIC MAIL*
Lauren Strosnick, Esquire
Kyung Taeck Minn, Esquire
Andrew Lau, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
*Attorneys for Defendant Liquidia Technologies, Inc.*

Thomas Touchie, Esquire                                                         *VIA ELECTRONIC MAIL*
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

Annie Beveridge, Esquire                                                        *VIA ELECTRONIC MAIL*
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
(858) 550-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

                                                        */s/ Michael J. Flynn*

                                                        Michael J. Flynn (#5333)

2