IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED THERAPEUTICS CORPORATION, | ) ) ) | |
| Plaintiff | ) ) ) | C.A. No. 23-975 (RGA) |
| v. | ) ) | |
| LIQUIDIA TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

### DECLARATION OF WILLIAM C. JACKSON
### IN RESPONSE TO THE COURT'S ORDER D.I. 465

I, William C. Jackson, declare as follows:

1.      I am an attorney licensed to practice in the District of Columbia, Massachusetts, and New York and have been a partner at the law firm of Goodwin Procter LLP since 2021.

2.      I submit this declaration in response to the Court's Order, D.I. 465.

3.      This declaration is made on my personal knowledge and belief, and I could and would testify competently as to the contents if called as a witness.

4.      I am lead counsel on this matter for Plaintiff United Therapeutics Corporation ("UTC").

5.      On matters where I serve as lead counsel, it is my practice to review documents before they are filed with the Court or served on opposing counsel. It is also my practice to remind litigation teams acting under my supervision to ensure that I am kept updated regarding the status of litigation.

6.      At 12:06 AM Eastern Time on November 9, 2024, I received an email from my partner, Eric Romeo, attaching a draft of UTC's Supplemental Responses to Defendant Liquidia Technologies, Inc.'s ("Liquidia") First Set of Interrogatories (Nos. 1–6).

7.    At that time, I did not review the material in the attachment to Mr. Romeo's email labeled "(6/5/2024)" because I did not know that those Responses contained any differences from the Responses served on Liquidia on July 5, 2024.

8.    At 6:32 AM Eastern Time on November 9, 2024, I signed off on UTC's Supplemental Responses to Defendant Liquidia's First Set of Interrogatories (Nos. 1–6). Pursuant to my approval, the litigation team proceeded to finalize and serve UTC's Supplemental Interrogatory Responses on November 13, 2024. The final version contained the same "(6/5/2024)" and "§ 102(b)(2)(C)" discrepancies as the version I approved on November 9, 2024.

9.    I was not aware of any discrepancy between UTC's Initial Interrogatory Responses and UTC's Supplemental Interrogatory Responses at the time.

10.    In my role as lead counsel, I reviewed and approved the filing of UTC's Opposition to Liquidia's Motion to Strike. DI 447.

11.    In light of concerns about the possibility of waiving work product privilege with respect to the drafting process, the Opposition to the Motion to Strike did not address the details of the version control error, as detailed in the declarations filed by co-counsel. Instead, the Opposition asserted that the text "§ 102(a), (b)" and the text "§ 102(b)(2)(C)" to provide substantively the same disclosure. In addition, the Opposition sought to emphasize that even to the extent Liquidia viewed the discrepancy between "§ 102(a), (b)" and "§ 102(b)(2)(C)" to be substantive (which we did not), Liquidia was not prejudiced.

12.    I recognize, in retrospect, that the discussion of this discrepancy in UTC's Opposition to Liquidia's Motion to Strike could be read as suggesting that change from the text "§ 102(a), (b)" and the text "§ 102(b)(2)(C)" was intentional, rather than the result of an

2

unintentional version control error. To the degree the Court or Liquidia read it as such, I regret that characterization.

13.    At no time have I had any intention of deceiving either the Court or Liquidia.

Signed this 24th day of July, 2026 in Washington, D.C.

_____
William C. Jackson

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 24, 2026, upon the following in the manner indicated:

Karen E. Keller, Esquire                          *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant Liquidia Technologies, Inc.*

Sanya Sukduang, Esquire                          *VIA ELECTRONIC MAIL*
Jonathan Davies, Esquire
Rachel Preston, Esquire
John A. Habibi, Esquire
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
*Attorneys for Defendant Liquidia Technologies, Inc.*

Adam Pivovar, Esquire                          *VIA ELECTRONIC MAIL*
Phillip E. Morton, Esquire
Rosalynd D. Upton, Esquire
Jordan Landers, Esquire
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
*Attorneys for Defendant Liquidia Technologies, Inc.*

Daniel Knauss, Esquire                          *VIA ELECTRONIC MAIL*
Lauren Strosnick, Esquire
Kyung Taeck Minn, Esquire
Andrew Lau, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
*Attorneys for Defendant Liquidia Technologies, Inc.*

Thomas Touchie, Esquire
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
(212) 479-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

*VIA ELECTRONIC MAIL*

Annie Beveridge, Esquire
COOLEY LLP
10265 Science Center Drive
San Diego, CA 92121
(858) 550-6000
*Attorneys for Defendant Liquidia Technologies, Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)

2