**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

United Therapeutics Corporation,

Plaintiff,

v.

Liquidia Technologies, Inc.,

Defendant.

Civil Action No. 23-975-RGA

MEMORANDUM ORDER

Before me is Defendant's Motion to Strike. (D.I. 436). I have considered the parties' briefing. (D.I. 437, 447, 448). For the reasons set forth below, this motion is DENIED.

Defendant's motion seeks to strike Plaintiff's challenge to the prior art status of the '793 Patent based on 35 U.S.C. § 102(b)(2)(C) (the common ownership exception). (D.I. 436). Plaintiff moves to strike under Federal Rule of Civil Procedure 37(c)(1) and Federal Rules of Evidence 801 and 802. (D.I. 437).

Defendant's main argument in favor of its motion to strike can be summarized thus:

> [Defendant] timely served an interrogatory seeking the basis for any claim that any invalidity reference did not qualify as prior art, and specifically requesting identification of any relevant documents or persons with knowledge. [Plaintiff] failed to provide that information. . . . By failing to identify its common ownership theory, and never identifying the evidence it relied on at trial, [Plaintiff] deprived [Defendant] of the opportunity to take discovery, including by deposing Dr. Byrd (or others) about the basis for his alleged knowledge of [Plaintiff's] patents, and seeking additional 30(b)(6) depositions about the assignment history of the '793 and '327 Patents. Because this failure was not substantially justified or harmless, [Plaintiff] forfeited the right to present its § 102(b)(2)(C) theory or evidence.

D.I. 437 at 1.

As a preliminary matter, the parties disagree about whether Defendant's motion is timely. (D.I. 437 at 6; D.I. 447 at 8-10). Since I conclude the motion should be denied on the merits, I do not need to consider whether it should also be denied as untimely.

First, Defendant asserts that Plaintiff failed to disclose the common ownership theory in discovery. Defendant's argument is essentially that, in response to Defendant's interrogatory requesting that Plaintiff identify "any disagreement as to whether any of the cited references do not constitute prior art," all Plaintiff wrote in its response on July 5, 2024, was that Defendant "assume[s] that the '793 patent is prior art, which [Defendant] has not proven. *See* 35 U.S.C. § 102(a), (b) (post-AIA)." (D.I. 437 at 2, citing D.I. 437-1 at 11). Defendant argues Plaintiff "first mentioned its [common ownership] theory in a 'supplement' to Interrogatory No. 1[,] . . . served on November 13, 2024—the last day of fact discovery and after the depositions of Dr. Byrd [and other witnesses]." (D.I. 437 at 3). Nevertheless, Plaintiff's "revision, the only reference to [common ownership] during discovery, still failed to disclose any actual common ownership theory [or] provide any factual basis for [Plaintiff's] contention." (*Id.* at 4).

I don't think Defendant's argument is a good one. Section 102(a) recites the general requirement that only art "before the effective filing date of the claimed invention" constitutes prior art. Section 102(b) contains five enumerated exceptions to when something could be considered prior art, denominated as (b)(1)(A), (b)(1)(B), (b)(2)(A), (b)(2)(B), and (b)(2)(C). The last of these five is the common ownership exception. Defendant can thus hardly complain that a citation to 35 U.S.C. § 102(b) put them on no notice or constituted no disclosure whatsoever of Plaintiff's potential common ownership theory. To the extent Defendant was confused by the citation to section 102(b), it had various avenues to seek further clarification; it concedes that it did not in fact do so. (D.I. 448 at 2). I find that Plaintiff adequately disclosed its

common ownership theory in discovery. Plaintiff three times disclosed the common ownership theory in its portions of the proposed pretrial order. Plaintiff stated the following as a "contested fact."

> As of April 17, 2020, both the '793 patent and the '327 patent were assigned to Plaintiff, and were thus commonly owned by Plaintiff. Thus, the '793 patent does not qualify as prior art to the '327 patent under 35 U.S.C. § 102(a)(2) because it meets all the requirements of the exception listed under 35 U.S.C. § 102(b)(2)(C).

(D.I. 334-1, Ex. 2 at ¶ 859). Plaintiff stated as a "contested issue of law," "Whether Plaintiff has met its burden of production to show that the '793 patent meets the requirements of the prior art exception set forth in 35 U.S.C. § 102(b)(2)(C)." (D.I. 334-1, Ex. 4 at ¶ 279). Plaintiff stated as a "statement of intended proof,"

> Plaintiff will meet its burden of producing evidence that U.S. Patent No. 10,716,793 ("the '793 patent") meets the requirements of the prior [art] exception set forth in 35 U.S.C. § 102(b)(2)(C) with respect to at least claims 1-2, 6-11, and 14-16 of the Patent-in-Suit. Once Plaintiff meets this burden of production, the burden then shifts back to Defendant to prove by clear and convincing evidence that the '793 patent is prior art to at least claims 1-2, 6-11, and 14-16 of the Patent-in-Suit.

(D.I. 335-1, Ex. 17 at ¶ 17). The "contested fact," the "contested issue of law," and "the statement of intended proof" were all filed on the docket on May 23, 2025. The pretrial conference was held on May 30, 2025, and trial did not begin until June 23, 2025. Defendant (which was represented by at least twelve lawyers when trial began, D.I. 442 at 2) does not claim to have raised any issue about this during the month between the filing of the proposed pretrial order and the beginning of trial. Any claim that Defendant did not have plenty of notice of the common ownership theory is belied by the record.

Second, Defendant argues, "[Plaintiff's] initial disclosures also failed to disclose Dr. Byrd as a witness with knowledge relevant to [common ownership]." (D.I. 437 at 3). Plaintiff's First Amended Disclosures, to which Defendant cites, identifies Dr. Byrd as being Plaintiff's

"Senior Director, Regulatory Affairs," and identifies him as having subject matter knowledge of "[various NDAs], research, development, regulatory approval, and launch of TYVASO® and TYVASO DPI®" (D.I. 437-2 at 3). "Consistent with [Plaintiff's] disclosure, [Defendant] deposed Dr. Byrd . . . about regulatory issues, not about [Plaintiff's] patent portfolio." (D.I. 437 at 3). Plaintiff counters, "Managing [Plaintiff's] Orange Book patents—the subject of Dr. Byrd's trial testimony—is plainly a regulatory function, and Defendant had every opportunity to ask Dr. Byrd about it at his deposition." (D.I. 447 at 14). I agree with Plaintiff. Dr. Byrd specifically testified that he was aware of Plaintiff's patent portfolio as listed in the Orange Book because "as part of our regulatory function, we also assist the patents to marketing[,] applications[,] and supplements." (D.I. 442 at 35:20-22).

More importantly, I think Defendant's arguments against Dr. Byrd's testimony are legally untenable. "During trial, the court and opposing parties are justified in expecting litigants to raise their objections at the procedurally correct moment, and in assuming that objections not so raised have been waived." *Gov't of Virgin Islands v. Forte*, 806 F.2d 73, 76 (3d Cir. 1986) (cleaned up). Defendant characterizes Plaintiff's questioning of Dr. Byrd as follows: "[Plaintiff] asked a series of leading questions to Dr. Byrd, its fact witness on the NDA and FDA regulatory matters, none directed to ownership as of the effective filing date." (D.I. 437 at 5). Defendant takes particular umbrage at the following exchange:

> Q. Does [Plaintiff] currently own all the patents listed on the slide?
> A. Yes.
> Q. Has [Plaintiff] always owned the issued patents listed on the slide from the date each one was first filed?
> A. Yes.

(D.I. 442 at 36:19-24).

Defendant raised no evidentiary or other objection to this line of testimony as it was being given. Having failed to do so then, Defendant has waived its objections to this testimony.

Rule 37(c)(1) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Defendant has not shown that Plaintiff failed to provide evidence regarding Plaintiff's common ownership defense or failed to identify that Dr. Byrd might testify on Plaintiff's ownership of the patents in question. As such, I decline to strike Plaintiff's common ownership argument.

Third, Defendant argues that Plaintiff should not be allowed to use the '810 Application to prove common ownership.

> [Defendant] attempted to move the '810 Application . . . into evidence during the cross-examination of [Plaintiff's] expert Dr. Nathan. [Plaintiff] objected, and the parties argued about the relevance of the application to various issues. . . . The Court ultimately admitted the exhibit for the limited purpose of "cross-examining Dr. Nathan about it" and "whatever purposes [Defendant's counsel] can make here," which consisted solely of demonstrating that certain Examples were absent from the '810 Application.

D.I. 437 at 5.

Defendant's motion is not well-taken since it was Defendant who sought to have the '810 provisional application moved into evidence. Plaintiff objected, but I overruled the objection. (D.I. 445 at 912:20-916:17). In response to Plaintiff's relevance objection, I said, "All right. So why don't we do this. I'm going to let [Defendant] admit it for cross-examining Dr. Nathan about it." (*Id.* at 916:18-20). Notably, I did not limit the uses to which Plaintiff could put this exhibit.

"Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States*, 529 U.S. 753, 755 (2000). Defendant argues that the '810 Application, which Defendant itself entered into evidence, cannot be used by Plaintiff to prove common ownership, because doing so renders "its intended use . . . inadmissible hearsay." (D.I. 448 at 10). Federal Rule of Evidence 802 states, "Hearsay is not admissible," absent some exception. But Defendant admitted the '810 Application as evidence over Plaintiff's objection. In so doing, Defendant waived any argument as to admissibility on hearsay grounds, and Defendant identifies no plausible reason as to why Federal Rules of Evidence 801 or 802 should now bar Plaintiff from using the '810 Application to prove common ownership.

Defendant's Motion to Strike (D.I. 436) is DENIED.

IT IS SO ORDERED.

Entered this 30th day of September, 2026

Richard G. Andrews
United States District Judge